1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    DERRICK SATCHELL, et al.                    No. C 03-02659 SI
9                    Plaintiffs,                 ORDER PARTIALLY GRANTING AND
                                                 PARTIALLY DENYING PLAINTIFFS'
10      v.                                       MOTION TO COMPEL DOCUMENTS
                                                 AND DEPOSITIONS
11   FEDEX CORPORATION,
12                    Defendant.
                                          /
13

14          By letter briefs,[1] the parties seek resolution of two discovery disputes.  First, plaintiffs seek to compel

15   FedEx to produce documents related to "non-African-American and Latino employees' return to work after

16   disability leave," as required by this Court's March 21, 2005 Order.  Second, plaintiffs request that the Court

17   grant leave to reopen the depositions of three FedEx employees.

18          The Court PARTIALLY GRANTS and PARTIALLY DENIES plaintiffs' motion for the reasons set

19   forth below.

20

21   **1.     Motion to Compel Production of Documents**

22          On March 21, 2005, this Court partially granted and partially denied plaintiffs' motion to compel

23   production of documents and responses to interrogatories.  Among other things, the Court ordered defendant

24   to produce  "documents relating to non-African-American and Latino employees' return to work after disability

25   leave" on or before April 4, 2005.   On April 1, 2005, FedEx informed plaintiffs that, due to the volume of

26   records and the short time the company had to comply with the Court's Order, documents in the Foster City

27

28          [1] Letter briefs filed as docket entries #337 (plus declarations at ##339 and 340), and #341.

*United States District Court*
*For the Northern District of California*

**United States District Court**

For the Northern District of California

and Irvine offices would be made available to plaintiffs for inspection as they were kept in the usual course of business.  Defendant informed plaintiffs that the files were not maintained by race/national origin and that the documents filled 290 filing cabinet drawers.

On April 21, 2005, plaintiffs' counsel and a paralegal inspected the documents in the Foster City office for three and a half hours.  Plaintiffs contend that defendants' bulk in-house production of documents does not satisfy Rule 34(b) or this Court's March 21, 2005 Order because the files were not organized in any discernible way by name or time period.  Plaintiffs also assert, based on conversations with the document custodian in Foster City, that 95-98% of the documents made available for inspection do not relate to long term disability claims, but rather to "in and out" claims for employees on leave for short periods of time, and are therefore irrelevant.  Plaintiffs ask that the Court compel defendant to identify specific documents that are responsive to the request and require defendant to organize and label them.

Defendant maintains that the production of documents as they are kept in the usual course of business satisfies both Federal Rule 34(b) and this Court's order, and that plaintiffs' request for files organized by race and length of leave is unreasonable.  FedEx submits a declaration from Ramona McMaster, the document manager for FedEx's Foster City office, stating that the files in her office are kept alphabetically by employee name and fiscal year.  Def.'s brief #341, Ex. A.  Defendant also asserts that plaintiffs did not review a large enough sample of the files to draw reasonable conclusions about the usefulness of the information contained in the files.

## A.    Organization of files

Under Federal Rule of Civil Procedure 34(b), "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize them and label them to correspond with the categories in the request."  In general, if a responding party produces documents as they are kept in the usual course of business, there is no obligation to organize them in correspondence with the categories contained in the document requests. W.L. Gore & Assoc. v. Tetratec Corp., 1989 U.S. Dist. LEXIS 14245 at *5 (E.D. Pa. Nov. 28, 1989).  Some courts have ordered parties to organize documents to correspond to each request, but generally only where the court had reason to believe that there was an effort

United States District Court

For the Northern District of California

1  to obscure relevant documents or that the documents were not being produced as they are kept in the usual

2  course of business.  See, e.g., Board of Educ. of Evanston Township v. Admiral Heating & Ventilating, Inc.,

3  104 F.R.D. 23, 36 (N.D. Ill. 1984) ("plaintiffs can legitimately fear defendants' unwillingness to segregate the

4  documents masks a hope to obscure"); T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D.

5  449, 456 (W.D.N.C. 1991) ("The Court doubts very much whether Defendant complied with the command

6  of Rule 34(b) that documents be produced as kept in the usual course of business.").  However, while parties

7  may produce records as they are kept in the ordinary course of business, "the producing party does have a

8  burden to select and produce the items requested rather than simply dumping large quantities of unrequested

9  materials onto the discovering party along with the items actually sought under Rule 34."  8A Charles Alan

10  Wright & Arthur R. Miller, Federal Practice and Procedure § 2213 (2d ed. 1994).  In addition, an unwieldy

11  record keeping system may not be used to prohibit a party from reviewing relevant documents.  See Wagner

12  v. Dryvit Sys., Inc., 208 F.D.R. 606, 611 (D. Neb. 2001) (holding that producing large numbers of documents

13  in no apparent order does not comply with a party's discovery obligations); In re Brand Name Prescription

14  Drugs, 1995 WL 3603526 at *2 (N.D. Ill. June 15, 1995).

15       FedEx has submitted a declaration from the document manager for FedEx's Foster City office stating

16  that the files in question are kept alphabetically by employee name and fiscal year.  Document #341, McMaster

17  Decl. ¶ 5.  This assertion directly contradicts plaintiffs' claim that the documents were "not kept in any order at

18  all."  Pls.' brief #337 at 3.  The Court assumes that defendant has correctly presented the nature of the filing

19  system and ORDERS FedEx to produce all disability related documents from the Foster City office in the

20  manner described in the McMaster declaration.  Specifically, all disability related files from the Foster City office

21  must be made available to plaintiffs in order by year and alphabetically within each year.  Defendant must also

22  provide plaintiffs with affidavits signed both by the FedEx record custodians and by FedEx counsel attesting to

23  the specific nature of the filing systems used in all other offices housing relevant disability documents.  If the Court

24  is not satisfied that there is a discernable organization of disability files in other offices, FedEx will be ordered

25  to produce all documents in the manner that documents are kept in Foster City.

26

27       **B.     Race related information**

28

3

United States District Court

For the Northern District of California

1      Plaintiffs seek an order compelling defendant to produce information organized by race and specifically

2  identifying all non-African-American and Latino employees who returned to work after disability leave.

3  Defendant maintains that this request is unreasonable because race is not relevant to the administration of a leave

4  of absence, and therefore FedEx has not identified employee race in the files as they are kept in the usual course

5  of business.

6      The Court finds defendant's explanation for the absence of race related information in its disability files

7  to be reasonable.  Defendant is not required to do the extra work of sorting files by race to meet plaintiffs'

8  discovery request and may produce the files as kept in the ordinary course of business.  However, defendant

9  may not obscure information that would enable plaintiffs to identify individual employees' files by race on their

10  own.  Therefore, the Court orders defendant to produce information that will enable plaintiffs to determine the

11  race of employees on disability leave.  Specifically, defendant is ORDERED to produce: (1) a list that identifies

12  each employee by name and number, if FedEx has not already done so; and (2) a list of the names of all

13  employees who have taken disability leave in the time period relevant to the litigation.  Plaintiffs can then  match

14  these lists with the information previously provided by FedEx identifying the race/nationality of all FedEx

15  employees.

16

17      **C.      Long-term versus short-term disability**

18      Plaintiffs assert that 95-98% of the documents made available for inspection were irrelevant to plaintiffs'

19  claims because they did not relate to long-term disability claims, but rather to "in and out" claims for leave for

20  short periods of time.  Defendant contends that, because FedEx does not separate long-term and short-term

21  disability files in the normal course of business, it is not required to do so to meet plaintiffs' request.

22      In neither their original discovery request nor in papers submitted in support of this motion did plaintiffs

23  request that production of documents be limited to those employees on disability leave for a specific length of

24  time, distinguish between "in and out" and long-term files, or define "long-term disability."  This Court's March

25  21, 2005 Order compels defendant to produce only documents related to "non-African-American and Latino

26  employees' return to work after disability leave."

27      The parties are ORDERED to confer with each other to define long-term disability leave.  Once they

28

4

have agreed upon a definition, defendant is ORDERED to identify the employees who qualify under the agreed-upon definition of long-term disability leave and to then provide plaintiff with a list that includes: (1) the name of all qualifying employees, (2) the date each employee began leave, and (3) the date the employee returned to work. This will enable plaintiffs to reasonably access defendant's filing system.  Defendant must then make the files available in accordance with the filing systems described by the record manager for each individual office and as kept in the usual course of business.

In summary, the Court hereby PARTIALLY GRANTS and PARTIALLY DENIES this motion to compel and ORDERS discovery as follows:

- defendant must make available for inspection all disability related files from the Foster City office in order by year and alphabetically within each year;

- defendant must provide affidavits signed both by the FedEx record custodians and by FedEx counsel attesting in detail to the specific nature of the filing systems used in all other offices housing relevant disability documents to be submitted the Court;

- defendant must provide a list of employees by name and employee number, if it has not already done so;

- defendant must provide a list containing the name of all employees who have taken disability leave in a time period relevant to the litigation;

- the parties are ordered to confer with each other to define long-term disability;

- defendant must identify the names of employees who qualify under the definition of long-term disability leave and provide plaintiff with a list that includes: (1) the name of all qualifying employees, (2) the date each employee began leave, and (3) the date each employee returned to work; after plaintiffs have determined which employees on this list are relevant to the litigation, defendant must make all relevant files available to plaintiff.

Defendant must produce all responsive documents on or before **September 30, 2005.**

**2.    Motion to Compel Further Depositions**

Plaintiffs ask to depose John Six for three additional hours, Chris Matthews for an additional full seven-hour day, and Angela Suazo for four additional hours.  Plaintiffs contend that the depositions of these three witnesses did not last for a full seven-hour day as required by Federal Rule 30(d)(2).  Plaintiffs also assert that more time is necessary for full and fair depositions of these witnesses and that there is good cause to request additional time to depose these witnesses because: (1) the range of subjects and claims is broad, (2) FedEx produced additional documents relating to the witnesses after the deposition, and (3) two of the witnesses, Mr.

1    Matthews and Ms. Suazo, managed several of the named plaintiffs at issue in the pending summary judgment

2    motions.

3         All three witnesses have previously been deposed by plaintiffs.  John Six resides in Hawaii, and his

4    deposition commenced at 9:38 a.m. on December 6, 2004, and adjourned at 1:19 p.m., for approximately a

5    total of four hours and thirty minutes.  During the deposition, the parties argued about documents that defendant

6    had failed to produce.  Plaintiffs maintain that these documents were directly relevant to Mr. Six's deposition.

7    These documents were ultimately produced in response to this Court's March 21, 2004 Order.  Defendant

8    asserts that plaintiffs' counsel had other relevant information on hand which they failed to use to refresh the

9    witness's memory, and that Six's deposition was adjourned voluntarily by plaintiffs' counsel. Chris Matthews'

10   deposition commenced at 9:39 a.m. on December 7, 2004, and adjourned  at 5:32 p.m., for a total of

11   approximately eight hours.  Angela Suazo's deposition commenced at 9:42 a.m. on April 15, 2005,  and

12   adjourned  at 5:54 p.m., for a total of just over eight hours.[2]

13        Rule 30(d)(2) states that "unless otherwise authorized by the court or stipulated by the parties, a

14   deposition is limited to one day of seven hours."  However, the court must allow additional time "if needed for

15   a fair examination of the deponent or if the deponent or another person, or other circumstances, impedes or

16   delays the examination. " Fed. R. Civ. P. 30(d)(2).  Additional time may be awarded for good cause shown,

17   and the Court has discretion to determine how much time is reasonable and whether a deposition may extend

18   over more than one day.  See Fed. R. Civ. P. 30(d)(2) Advisory Committee Notes (2000 amend.).  Grounds

19   for granting an extension include: whether a witness requires an interpreter, whether the deposition covers expert

20   testimony; whether the examination covers events occurring over a long period of time, extensive documents,

21   or multiple complex claims; or whether the witness did not read documents sent to him/her by the examining

22   party in advance of the deposition. See id.  In addition, multi-party cases may warrant additional time.  Id.

23        Because multiple plaintiffs and issues are at stake in this litigation and defendant failed to produce

24   documents related to interview notes, ASPIRE records, ASTRA SOPS, disciplinary records, and other

25   documents until the March 21, 2005 Order, the Court finds that plaintiffs have good cause to extend each of

26

27   _____

28        [2] The parties do not calculate the exact time of the depositions. However, all parties took an approximately one hour lunch break and occasional shorter breaks.

6

these deposition beyond the seven-hour limit.  The Court ORDERS defendant to produce Mr. Six in his offices in Hawaii for three additional hours and Ms. Suazo and Mr. Matthews for four hours each.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby PARTIALLY GRANTS and PARTIALLY DENIES plaintiffs' motion to compel documents and depositions.

**IT IS SO ORDERED.**

Dated: September 6, 2005

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

7