IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK SATCHELL, et al.,

   Plaintiffs,

 v.

FEDEX CORPORATION,

   Defendant.

No. C 03-02659 SI

**ORDER RE: DISCOVERY**

  By letter briefs,[1] the parties seek resolution of a discovery dispute regarding defendant's compliance with this Court's March 21, 2005 Order. That order compelled production of "personnel files for the remaining 12 of the 33 comparators, and complete files for all comparators, including performance reviews," "ASPIRE records for comparators," and "answers to interrogatories seeking the reasons why plaintiffs were not hired for specific jobs," among other discovery. March 21, 2005 Order at 5. According to plaintiffs, defendant has failed to produce complete personnel files for all of the comparators now identified, and has supplied only "boilerplate" responses to plaintiffs' interrogatories regarding the reasons plaintiffs were not hired for certain positions. Defendant contends that the "electronic personnel files" it has produced for many comparators are sufficient for the Court's order, that it has produced all responsive documents in its possession, and that its interrogatory responses are adequate.[2]

---

[1] Letter briefs filed as docket entries #313, #314, #315 (plus declarations at #316 and #317, with exhibits ##318-333), #334 and #335.

[2] Initially, the parties disputed the correct number of comparators whose personnel files must be produced. Defendant maintained that the Court's order called for only the remaining 12 of 33 comparators, while plaintiffs sought production of files for 21 additional comparators and ultimately for 180 individuals. Defendant objected that this request was burdensome but produced electronic personnel files for 110 individuals who received promotions to positions for which one of the five named plaintiffs at issue applied.

**Production of documents**

In its final letter brief, docket entry #334, defendant states that its current document production fully complies with this Court's March 21, 2005 Order and consists of all available files in FedEx's possession. To the extent that the personnel files are in electronic format, and do not contain performance reviews, interview notes, and ASPIRE records, it is because FedEx no longer retains those records. Plaintiffs argue that they remain entitled to complete performance reviews, ASPIRE management training materials, complete ASPIRE job packets, descriptive postings of the positions for which plaintiffs applied, and interview notes of panelists for job interviews. In fact, FedEx has produced records "of the exact type sought" by plaintiffs for two comparators, Tim Becker and Mike Aroz. Pls.' brief #315 at 8; see #317, Willson Decl., and ##321-323, Exs. D, E, and F. In plaintiffs' view, defendant's statement that it no longer possesses such documents for other comparators is a departure from FedEx's prior promises to produce these materials. Consequently, plaintiffs ask the Court to order defendant to produce these documents and submit a sworn statement regarding its efforts at production, or be subject to an inference that the documents would have supported plaintiffs' claims.

The Court agrees with plaintiffs that the electronic versions of personnel files are not sufficient to allow comparisons of job applicants, and that it appears that FedEx did maintain paper personnel records, with ASPIRE materials, at least in some cases. See ##321-323, Willson Decl., Exs. D, E, and F. Therefore, defendant's current production is either incomplete, if those documents indeed exist for other comparators, or complete, if those documents once existed but are no longer in FedEx's possession. The Court hereby ORDERS that defendant either produce the following documents or provide a sworn statement regarding the reasons these documents are unavailable: (1) complete performance reviews for plaintiffs and the comparators; (2) complete ASPIRE management training materials for plaintiffs and the comparators; (3) complete ASPIRE job packets for plaintiffs and the comparators for lower management positions; (4) descriptive postings of the positions for which plaintiffs applied; and (5) interview notes of panelists for the jobs at issue. To the extent that this production does not include responsive documents because they no longer exist in either paper or

---

While plaintiffs maintain their right to all 180 files, they now state that they are seeking only the production of materials relating to plaintiff Kenneth Stevenson's applications for lower management positions. See Pls.' brief #315 at 7. Accordingly, the Court considers only the sufficiency of defendant's production of these materials.

electronic format, defendant's declaration must state when it destroyed or ceased to retain these documents, and the policies or reasons for their destruction.

Defendant must submit this declaration to the Court **on or before September 23, 2005**.

**Responses to interrogatories**

Plaintiffs are dissatisfied with defendant's response to their interrogatories seeking the reasons for promotion decisions. The response explains that applicants are ranked according to Credit Equivalency Value (CEV) points, lists four general reasons why employees were not promoted, and states that "[a]part from CEV scores and class ranking, it is not practical to provide a narrative because no less than twelve (12) different hiring managers made selections from CEV scores and rankings for positions applied for by Plaintiff Stevenson." Pls.' brief #313, Ex. C. Defendant contends that no further response is available or required, because positions are awarded based on CEV points.

As plaintiffs point out, however, CEV scores are not used in all promotions, and they do not determine which applicant is hired in all cases. Plaintiffs are entitled to specific answers regarding the promotions for which they applied, and the Court considers defendant's response inadequate. Accordingly, defendant is hereby ORDERED to supply the reasons why plaintiffs were not hired for specific jobs. If defendant is unable to retrieve this information or to identify the individuals with that information, it must so state.

Defendant's supplemental response must be provided to plaintiffs **on or before September 23, 2005**.

**IT IS SO ORDERED.**

Dated: September 6, 2005

SUSAN ILLSTON
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK SATCHELL, et al.,

        Plaintiffs,

  v.

FEDEX CORPORATION,

        Defendant.

No. C 03-02659 SI

**ORDER RE: DISCOVERY**

By letter briefs,[1] the parties seek resolution of a discovery dispute regarding defendant's compliance with this Court's March 21, 2005 Order. That order compelled production of "personnel files for the remaining 12 of the 33 comparators, and complete files for all comparators, including performance reviews," "ASPIRE records for comparators," and "answers to interrogatories seeking the reasons why plaintiffs were not hired for specific jobs," among other discovery. March 21, 2005 Order at 5. According to plaintiffs, defendant has failed to produce complete personnel files for all of the comparators now identified, and has supplied only "boilerplate" responses to plaintiffs' interrogatories regarding the reasons plaintiffs were not hired for certain positions. Defendant contends that the "electronic personnel files" it has produced for many comparators are sufficient for the Court's order, that it has produced all responsive documents in its possession, and that its interrogatory responses are adequate.[2]

---

[1] Letter briefs filed as docket entries #313, #314, #315 (plus declarations at #316 and #317, with exhibits ##318-333), #334 and #335.

[2] Initially, the parties disputed the correct number of comparators whose personnel files must be produced. Defendant maintained that the Court's order called for only the remaining 12 of 33 comparators, while plaintiffs sought production of files for 21 additional comparators and ultimately for 180 individuals. Defendant objected that this request was burdensome but produced electronic personnel files for 110 individuals who received promotions to positions for which one of the five named plaintiffs at issue applied.

**Production of documents**

In its final letter brief, docket entry #334, defendant states that its current document production fully complies with this Court's March 21, 2005 Order and consists of all available files in FedEx's possession. To the extent that the personnel files are in electronic format, and do not contain performance reviews, interview notes, and ASPIRE records, it is because FedEx no longer retains those records. Plaintiffs argue that they remain entitled to complete performance reviews, ASPIRE management training materials, complete ASPIRE job packets, descriptive postings of the positions for which plaintiffs applied, and interview notes of panelists for job interviews. In fact, FedEx has produced records "of the exact type sought" by plaintiffs for two comparators, Tim Becker and Mike Aroz. Pls.' brief #315 at 8; see #317, Willson Decl., and ##321-323, Exs. D, E, and F. In plaintiffs' view, defendant's statement that it no longer possesses such documents for other comparators is a departure from FedEx's prior promises to produce these materials. Consequently, plaintiffs ask the Court to order defendant to produce these documents and submit a sworn statement regarding its efforts at production, or be subject to an inference that the documents would have supported plaintiffs' claims.

The Court agrees with plaintiffs that the electronic versions of personnel files are not sufficient to allow comparisons of job applicants, and that it appears that FedEx did maintain paper personnel records, with ASPIRE materials, at least in some cases. See ##321-323, Willson Decl., Exs. D, E, and F. Therefore, defendant's current production is either incomplete, if those documents indeed exist for other comparators, or complete, if those documents once existed but are no longer in FedEx's possession. The Court hereby ORDERS that defendant either produce the following documents or provide a sworn statement regarding the reasons these documents are unavailable: (1) complete performance reviews for plaintiffs and the comparators; (2) complete ASPIRE management training materials for plaintiffs and the comparators; (3) complete ASPIRE job packets for plaintiffs and the comparators for lower management positions; (4) descriptive postings of the positions for which plaintiffs applied; and (5) interview notes of panelists for the jobs at issue. To the extent that this production does not include responsive documents because they no longer exist in either paper or

---

While plaintiffs maintain their right to all 180 files, they now state that they are seeking only the production of materials relating to plaintiff Kenneth Stevenson's applications for lower management positions. See Pls.' brief #315 at 7. Accordingly, the Court considers only the sufficiency of defendant's production of these materials.

2

electronic format, defendant's declaration must state when it destroyed or ceased to retain these documents, and the policies or reasons for their destruction.

Defendant must submit this declaration to the Court **on or before September 23, 2005**.

**Responses to interrogatories**

Plaintiffs are dissatisfied with defendant's response to their interrogatories seeking the reasons for promotion decisions. The response explains that applicants are ranked according to Credit Equivalency Value (CEV) points, lists four general reasons why employees were not promoted, and states that "[a]part from CEV scores and class ranking, it is not practical to provide a narrative because no less than twelve (12) different hiring managers made selections from CEV scores and rankings for positions applied for by Plaintiff Stevenson." Pls.' brief #313, Ex. C. Defendant contends that no further response is available or required, because positions are awarded based on CEV points.

As plaintiffs point out, however, CEV scores are not used in all promotions, and they do not determine which applicant is hired in all cases. Plaintiffs are entitled to specific answers regarding the promotions for which they applied, and the Court considers defendant's response inadequate. Accordingly, defendant is hereby ORDERED to supply the reasons why plaintiffs were not hired for specific jobs. If defendant is unable to retrieve this information or to identify the individuals with that information, it must so state.

Defendant's supplemental response must be provided to plaintiffs **on or before September 23, 2005**.

**IT IS SO ORDERED.**

Dated: September 6, 2005

SUSAN ILLSTON
United States District Judge

3