E-Filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK SATCHELL, et al.,

       Plaintiffs,

  v.

FEDEX CORPORATION,

       Defendant.

No. C 03-02659 SI; C 03-2878 SI

**ORDER RE: DISCOVERY**

By letter briefs, the parties seek resolution of two discovery disputes that have arisen in light of the Court's class certification order.[1]

First, plaintiffs seek complete computer-readable personnel and payroll data for employees in FedEx's Western Region from January 1, 1997 to December 31, 1998, regardless of the employees' termination date. Plaintiffs contend that this information is relevant as circumstantial evidence of a pattern and practice of discrimination resulting from FedEx's decision making processes. Plaintiffs also contend that this data is necessary because FedEx has challenged the analysis of plaintiffs' statistician on the ground that his analysis of 1997 and 1998 data was incomplete because it only examined data regarding class members.

The Court agrees that such data is discoverable. In the Court's December 20, 2004 order, the Court found that data from 1997 and 1998 about individuals who were not employed during the class period was not discoverable prior to the certification decision because such data was not necessary to determining class certification issues such as typicality and commonality. Now that the class has been

---

[1] The letter briefs are located at Docket Nos. 374, 375, 376 and 377.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   certified, the Court agrees that data from 1997 and 1998 are relevant to the merits of plaintiffs' claims.

2   Accordingly, the Court GRANTS plaintiffs' motion. Defendant shall produce complete computer-

3   readable personnel and payroll data for employees in FedEx's Western Region from January 1, 1997 to

4   December 31, 1998, regardless of the employees' termination date, by **December 22, 2005.**

5   Second, plaintiffs seek the production of the deposition transcripts of Michael J. Snyder in two

6   unrelated cases, *Rosalinda Pettaway-Vint v. Federal Express Corp.*, and *Cindy Simonian v. Federal*

7   *Express Corp.* Plaintiffs contend that because the Court has certified the class, the Snyder deposition

8   transcripts are relevant because the managers discussed in that deposition are alleged to be decision

9   makers with respect to some of the class members. FedEx argues that the certification of the class does

10  not make the Snyder deposition relevant.

11  The Court agrees that in light of the certification of the class, plaintiffs are entitled to the Snyder

12  deposition transcripts in both cases referenced above. The Court makes no ruling at this time about the

13  admissibility of the transcripts in this action. The Court has previously entered a protective order with

14  respect to the Snyder deposition transcript in *Alvarado v. FedEx*, C 04-0098 SI and *White v. FedEx*, 04-

15  0099 SI. The Court will enter a similar protective order in this case. Dissemination of the Snyder

16  deposition transcripts, or any portion thereof, shall be limited to plaintiffs' attorneys, staff and expert

17  witnesses as necessary for the prosecution of this litigation (03-2659 SI and 03-2878 SI). Any portions

18  of the Snyder deposition transcripts filed with the Court shall be done under seal.

19  **IT IS SO ORDERED.**

22  Dated: November 19, 2005

SUSAN ILLSTON
United States District Judge

2