IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK SATCHELL, et al.,

    Plaintiffs,

v.

FEDEX CORPORATION,

    Defendant.

No. C 03-02659 SI; C 03-2878 SI

Related Cases: No. C 04-0098 SI
                    No. C 04-0099 SI

**ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING DISPOSITION OF RULE 23(F) MOTION**

        Defendant has filed a motion to stay proceedings pending the disposition of defendant's Rule 23(f) petition to the Ninth Circuit Court of Appeals. Having considered the parties' papers, the Court hereby enters the following order.

        The decision whether to stay proceedings is committed to the discretion of the Court. *See Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). FedEx contends that a stay is warranted because, if this Court's class certification order is reversed or modified on appeal, the parties will have wasted time and effort devising the terms of class notice, distributing the class notice, and engaging in discovery. FedEx also contends that if this Court's certification order is reversed or modified, a second class notice would need to be distributed, thus resulting in confusion to the class.

        The Court is not persuaded by FedEx's arguments. The parties have already largely agreed on the terms of the class notice, and at this stage plaintiffs bear the cost of distributing the class notice. With respect to discovery and the pretrial schedule in this case, the Court finds that a stay would not be in the interest of managing this litigation, which has been pending since 2003, particularly given the fact that the Ninth Circuit has stated that Rule 23(f) review shall be a "rare occurrence." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 955 (9th Cir. 2005). Similarly, given the limited circumstances under which the Ninth Circuit will accept a Rule

1  23(f) petition, *see id.* at 959, the Court is not persuaded that there is a significant risk that issuing the class
2  notice now will lead to any confusion among the class.

3  Finally, plaintiffs contend that a stay will prejudice their ability to prosecute this case because witnesses'
4  memories are likely to fade, witnesses and class members are more likely to misplace supporting documents
5  with the passage of time, and delay will make it more difficult to locate class members who are no longer
6  current employees. Particularly in light of the fact that the class period extends back to October 1999, the
7  Court concludes that plaintiffs' concerns about the effects of a stay are legitimate.

8  Accordingly, for the foregoing reasons, the Court hereby DENIES defendant's motion for a stay.
9  [Docket No. 362].

10  **IT IS SO ORDERED.**

13  Dated: November 18, 2005

15  _____
16  SUSAN ILLSTON
    United States District Judge