James M. Finberg (SBN 114850)
Bill Lann Lee (SBN 108452)
Lexi J. Hazam (SBN 224457)
Chimène I. Keitner (SBN 226948)
Nirej S. Sekhon (SBN 213358)
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

JOHN BURRIS (SBN 69888)
7677 Oakport Bldg., Suite 1120
Oakland, CA 94612
Telephone: (510) 839-5210
Facsimile: (510) 839-3882

KAY MCKENZIE PARKER (SBN 143140)
703 Market Street, Suite 1401
San Francisco, CA 94103
Telephone: (415) 227-9622
Facsimile: (415) 227-4522

WAUKEEN Q. MCCOY (SBN 168228)
703 Market Street, Suite 1407
San Francisco, CA 94103
Telephone: (415) 675-7705
Facsimile: (415) 675-2530

Todd M. Schneider (SBN 158253)
Guy B. Wallace (SBN 176151)
Joshua Konecky (SBN 182897)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

MICHAEL S. DAVIS (SBN 160045)
345 Hill Street
San Francisco, CA 94109
Telephone: (415) 282-4315
Facsimile: (415) 358-5576

*Class Counsel and Counsel for the Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, KALINI BOYKIN, VALERIE BROWN, RICK GONZALES, CYNTHIA GUERRERO, RACHEL HUTCHINS, TYRONE MERRITT, KELVIN SMITH, SR., and KEN STEVENSON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX EXPRESS, a Delaware corporation, Defendant. | Case No. C 03-2659 SI; C 03-2878 SI <br><br> CLASS ACTION <br><br> **JOINT STATEMENT AND [PROPOSED] ORDER RE: CLASS NOTICE** |

478827.2 — - 1 - — JOINT STATEMENT AND [PROPOSED] ORDER
C 03-2659 SI and C 03 3278 SI

Pursuant to this Court's Order Re: Plaintiffs' Motion of Class Certification of September 28, 2005 ("Class Certification Order"), the parties met and conferred concerning a form of class notice and a plan for providing same to the class members.

**JOINT STATEMENT**

The parties agreed on a notice plan and all but one sentence in the proposed notice attached hereto as Exhibit A ("Class Notice").

Plaintiffs believe that page 2, line 22 of the Class Notice should read:

(1) Claims concerning promotions.

Plaintiffs believe that Defendant's proposal incorrectly interprets the Class Certification Order.

Defendant believes that page 2, line 22 of the Class Notice should read:

(1) Claims concerning promotions to Checker/Sorter, Courier and other driving positions, and Operations Manager.

Defendant takes this position based on the language on page 16, lines 10-11 of the Class Certification Order.

**Defendant's Position and Reasoning**

Defendant contends that Page 2, Line 22, of the Class Notice should read:

(1) Claims concerning promotions to Checker/Sorter, Courier and other driving positions, and Operations Manager.

Contrary to Plaintiffs' argument, this language is not based on an "interpretation" of the Court's certification order. It uses the exact language used by the Court in its Rule 23(c)(1)(B) specification of the issues being certified. (Order at 16:10-11.) What Plaintiffs are seeking is a dramatic expansion of the certification order to cover any and all promotion claims of any kind that any member of the class may seek to assert – a result not supported by their motion papers or the record before the Court.

What Plaintiffs essentially are doing in an untimely and inappropriate manner is seeking reconsideration of the Court's class certification rulings, and a modification of its Order, without following the procedures established for such motions. They seem to be arguing that the Court could not possibly have meant what it wrote, because they *asked* that a much broader set of issues be certified. They ignore Defendant's demonstration in its opposition papers that

478827.2 - 2 - JOINT STATEMENT AND [PROPOSED] ORDER
C 03-2659 SI and C 03 3278 SI

(a) Plaintiffs had presented no proof at all of discrimination in promotions to the vast majority of hourly positions; (b) in many positions minorities were *more likely* to receive positions than whites, even under Plaintiffs' own analyses; (c) with respect to the Material Handler position, Plaintiffs' own study showed, for example, that Latinos were *more likely* than whites to be promoted to the position (Drogin Dep. 123-25 and Ex. 10 to the Deposition: Douglas Decl. Ex. H), and JCATS availability data demonstrated no significant differences in African-American and white promotion rates to the position (Baker Report, Table 2.1); (d) Plaintiffs had cherry-picked only a few jobs (those identified by the Court in its issue specification) in presenting their promotion analyses, and even had used stale data to get "significance" as to some of them; and (e) any certification had to be limited to specific issues on which Plaintiffs had made an evidentiary showing. Plaintiffs also ignore the fact that Defendant argued that *no* promotion issues should be certified because the data before the Court conclusively demonstrated the absence of any pattern of discrimination in promotion across all jobs. Apparently, the Court rejected Plaintiffs' request for a blanket certification of any type of promotion claim on which the Plaintiffs might choose to focus in the future, rejected Defendant's argument that no promotion claim should be certified because of the undisputed evidence showing the absence of discrimination as to most hourly positions in the Western Region, and instead certified a class based on the specific evidence Plaintiffs had presented. Plaintiffs' argument that the Court should have done more simply rehashes the arguments they unsuccessfully presented in their moving papers.

It also is worth noting that FedEx, too, has several concerns about the scope of the Court's certification of promotion issues. Those concerns include, *inter alia*, the issue of promotions of the minority hourly class to Operations Manager, when Plaintiffs *conceded in* their moving papers the absence of such discrimination against African-American hourly employees, and their experts' own reports showed the absence of any statistically significant results against Hispanic hourly employees during the liability period the Court ruled applies to the claim (2002 forward). Defendant's concerns also include the Court's certification of a promotion claim with respect to promotions from casual and permanent hourly positions to Checker/Sorter and Courier

1   and other driving positions despite the fact that there is *no* named plaintiff asserting such a claim.
2   Defendant is not contesting the inclusion of such claims in the class notice, however, because doing
3   so is not a proper means of raising the point.
4       The Court's order is the Court's order. Arguments over the language of the
5   notice to the class simply are not a proper means of modifying it. The notice should accurately
6   reflect the Court's rulings, not alter or modify them, and not mislead the class as to the scope and
7   breadth of the issues certified.
8       Defendant's proposed language is taken verbatim from the Court's certification
9   order. Plaintiffs' proposed language is far more expansive than the Court's, and it inaccurately
10  informs the class of the nature of the promotion claims the Court has certified for class
11  adjudication. It is Defendant's proposed language (indeed, the *Court's* language) that should be
12  adopted, not Plaintiffs'.

13  **Plaintiffs' Position and Reasoning**

14      Plaintiffs believe that page 2, line 22 of the Class Notice should read:
15      (1) Claims concerning promotions.
16  Plaintiffs believe that Defendant's proposal incorrectly interprets the Class Certification Order.
17      In describing Plaintiffs' claims, the Class Certification Order states that "the
18  representation of minorities drops at each step up the promotions ladder" (Order at 2:16); that
19  "promotions to permanent positions allegedly take place through a 'tap-on-the-shoulder' process"
20  (*id.* at 2:24-25); and that FedEx "uses a discriminatory performance evaluation system that causes
21  under-promotion of minority employees" (*id.* at 3:12-13).
22      Plaintiffs supported their allegations regarding discrimination in promotions by
23  offering, among other evidence, an expert report by Dr. Richard Drogin showing statistically
24  significant adverse impact in promotions including, but not limited to, with respect to African-
25  Americans, the move from Handler into the higher-paid Material Handler job, which FedEx
26  identifies as a promotion. (Drogin Rpt. ¶ 28, finding -11.34 standard deviations based on data
27  from 1999-2003.) Dr. Drogin's analysis of the JCATS system for applications to hourly positions
28  indicated statistically significant differences in overall approval rates (*id.* ¶¶ 45 & 47, finding -

478827.2                                - 4 -                    JOINT STATEMENT AND [PROPOSED] ORDER
                                                                        C 03-2659 SI and C 03 3278 SI

27.79 standard deviations for African Americans and -13.24 standard deviations for Latinos); overall selection rates (*id.* ¶¶ 46 & 48, finding -7.19 standard deviations for African Americans and -4.74 standard deviations for Latinos); approval rates for minority employees with deficiency circumstances (*id.* ¶ 39 & n.15); job ranking category pass overs (*id.* ¶¶ 40-41); and CEV pass overs (*id.* ¶ 43). Dr. Drogin also found that the BST has statistically significant adverse impact on minority applicants for Customer Service Agent positions, in addition to Courier and RTD positions. (Drogin Rpt. tbl. 18, finding -39.22 standard deviations for African Americans and -30.40 standard deviations for Latinos; *see also* tbl. 19 (similar findings for first-time test takers).)

The Court found that common questions exist regarding promotions, including "whether FedEx's promotions … policies and practices in the Western Region are arbitrary, subjective and discretionary and thus susceptible to discriminatory application by predominantly non-minority managers," "whether the Basic Skills Test [which is required for promotions to Courier, Ramp Transport Driver, and Customer Service Agent] has been properly validated," and "whether FedEx denies minorities equal promotional opportunities." (Order at 7:1-4; *see also id.* at 16-17 (finding that "Plaintiffs' performance evaluation, discipline, promotion, and compensation claims present common questions of law and fact".) Responding to FedEx's argument that, for example, Plaintiff Rachel Hutchins only sought a promotion to a Customer Service Agent position, the Court found that "[w]ith respect to Plaintiffs' promotion claims, there is no requirement that Plaintiffs have a class representative for every job category." (*Id.* at 10:17-18; *see also id.* at 12:12-20 (enumerating policies and practices common to all promotions decisions).) The Court also found that Plaintiffs seek injunctive relief with respect to all promotions, for example by "permitting casual employees to apply for and view the posting of jobs on the JCATS system" and by eliminating the BST requirement. (*Id.* at 12:24-25.) Finally, in discussing the applicable statutes of limitations for class members' promotions claims, the Court indicated that the promotion from any casual to any permanent position would form a "new and distinct" relationship with FedEx (*id.* at 14:23-25), whereas promotions "from one hourly permanent position to another" would not. (*Id.* at 15:2-3, indicating illustrative rather than exhaustive nature of three possible hourly promotions by using the term "such as".)

478827.2 - 5 - JOINT STATEMENT AND [PROPOSED] ORDER
C 03-2659 SI and C 03 3278 SI

1         For these reasons, Plaintiffs do not believe the Class Certification Order can be properly construed as certifying only claims for the specific promotions identified by Defendants, and the Class Notice should not be so limited.

## **STIPULATION AND [PROPOSED] ORDER**

The parties propose and stipulate as follows:

1. By November 30 or the earliest practicable date thereafter, FedEx will provide Class Counsel with a computer-readable list of the full names, employee ID number(s), most current known addresses, and Social Security numbers of all members of the Minority Employee Class and the African-American Lower-Level Manager Class ("Class List").

2. Class Counsel may use the social security numbers included in the Class List to (1) match class member names with the personnel and payroll data provided by FedEx; and (2) find the current addresses of class members for whom the Class List contains an outdated or incorrect address. In the course of so doing, Class Counsel may provide the Social Security numbers to a claims administrator or a statistician. Other than these uses, Class Counsel and the claims administrator and statistician shall agree to treat the social security numbers as confidential information, and not share them with third parties.

3. Within 7 days of receiving the Class List, Class Counsel, or a claims administrator to be retained by Class Counsel, will cause to be sent by first-class mail a notice substantially in the form of Exhibit A ("Class Notice"), as approved by this Court.

4. Within 3 days of this Order, Class Counsel will post the Class Notice and a Spanish translation of the Class Notice online at www.racecaseagainstfedex.com.

Dated: October 31, 2005         LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

        By:   */s/ James M. Finberg*
              James M. Finberg

*Attorneys for Representative Plaintiffs and the Classes*

| | | |
|---|---|---|
| 1 | Dated: October 31, 2005 | SEYFARTH & SHAW LLP |
| 2 | | |
| 3 | | By: __/s/ Gilmore F. Diekmann, Jr.__<br>Gilmore F. Diekmann, Jr. |
| 4 | | Gilmore F. Diekmann, Jr. (SBN 050400)<br>560 Mission Street, Suite 3100 |
| 5 | | San Francisco, CA 94105<br>Telephone: (415) 397-2823 |
| 6 | | Facsimile: (415) 397-8549 |
| 7 | | *Attorneys for Defendant FEDEX EXPRESS* |

### ORDER

The foregoing is stipulated and approved and is so **ORDERED**.

Dated: _____

THE HONORABLE SUSAN ILLSTON
United States District Court for the
Northern District of California

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]*
*[Stamp: IT IS SO ORDERED /s/ Susan Illston, Judge Susan Illston]*

478827.2 — - 7 - — JOINT STATEMENT AND [PROPOSED] ORDER
C 03-2659 SI and C 03 3278 SI