1   James M. Finberg (SBN 114850)
    Bill Lann Lee (SBN 108452)
2   Lexi J. Hazam (SBN 224457)
    Chimène I. Keitner (SBN 226948)
3   Nirej S. Sekhon (SBN 213358)
    LIEFF, CABRASER, HEIMANN &
4     BERNSTEIN, LLP
    275 Battery Street, 30th Floor
5   San Francisco, CA  94111-3339
    Telephone:  (415) 956-1000              Todd M. Schneider (SBN 158253)
6   Facsimile:  (415) 956-1008              Guy B. Wallace (SBN 176151)
                                            Joshua Konecky (SBN 182897)
7   JOHN BURRIS (SBN 69888)                 SCHNEIDER & WALLACE
    7677 Oakport Bldg., Suite 1120          180 Montgomery Street, Suite 2000
8   Oakland, CA  94612                      San Francisco, CA  94104
    Telephone:  (510) 839-5210              Telephone: (415) 421-7100
9   Facsimile:   (510) 839-3882             Facsimile: (415) 421-7105

10  KAY MCKENZIE PARKER (SBN 143140)        MICHAEL S. DAVIS (SBN 160045)
    703 Market Street, Suite 1401           345 Hill Street
11  San Francisco, CA 94103                 San Francisco, CA 94109
    Telephone:  (415) 227-9622              Telephone:  (415) 282-4315
12  Facsimile:   (415) 227-4522             Facsimile:   (415) 358-5576

13  WAUKEEN Q. MCCOY (SBN 168228)
    703 Market Street, Suite 1407
14  San Francisco, CA  94103
    Telephone:  (415) 675-7705
15  Facsimile:   (415) 675-2530

16  *Class Counsel and Counsel for the Plaintiffs*

17

18                  UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20

21  DERRICK SATCHELL, KALINI BOYKIN,        Case No.  C 03-2659 SI; C 03-2878 SI
    VALERIE BROWN, RICK GONZALES,
22  CYNTHIA GUERRERO, RACHEL                CLASS ACTION
    HUTCHINS, TYRONE MERRITT, KELVIN
23  SMITH, SR., and KEN STEVENSON, on       **JOINT STATEMENT AND [PROPOSED]
    behalf of themselves and all others similarly   ORDER RE: CLASS NOTICE**
24  situated,

25          Plaintiffs,

26  v.

27  FEDEX EXPRESS, a Delaware corporation,
    Defendant.

28

1    Pursuant to this Court's Order Re: Plaintiffs' Motion of Class Certification of

2    September 28, 2005 ("Class Certification Order"), the parties met and conferred concerning a

3    form of class notice and a plan for providing same to the class members.

4    **JOINT STATEMENT**

5    The parties agreed on a notice plan and all but one sentence in the proposed notice

6    attached hereto as Exhibit A ("Class Notice").

7    Plaintiffs believe that page 2, line 22 of the Class Notice should read:

8    (1) Claims concerning promotions.

9    Plaintiffs believe that Defendant's proposal incorrectly interprets the Class Certification Order.

10   Defendant believes that page 2, line 22 of the Class Notice should read:

11   (1) Claims concerning promotions to Checker/Sorter, Courier and
     other driving positions, and Operations Manager.

12   Defendant takes this position based on the language on page 16, lines 10-11 of the Class

13   Certification Order.

14   **Defendant's Position and Reasoning**

15   Defendant contends that Page 2, Line 22, of the Class Notice should read:

16

17   (1) Claims concerning promotions to Checker/Sorter, Courier and
     other driving positions, and Operations Manager.

18   Contrary to Plaintiffs' argument, this language is not based on an "interpretation" of the Court's

19   certification order.  It uses the exact language used by the Court in its Rule 23(c)(1)(B)

20   specification of the issues being certified.  (Order at 16:10-11.)  What Plaintiffs are seeking is a

21   dramatic expansion of the certification order to cover any and all promotion claims of any kind that

22   any member of the class may seek to assert – a result not supported by their motion papers or the

23   record before the Court.

24   What Plaintiffs essentially are doing in an untimely and inappropriate manner is

25   seeking reconsideration of the Court's class certification rulings, and a modification of its Order,

26   without following the procedures established for such motions.  They seem to be arguing that the

27   Court could not possibly have meant what it wrote, because they *asked* that a much broader set of

28   issues be certified.  They ignore Defendant's demonstration in its opposition papers that

478827.2                                    - 2 -                    JOINT STATEMENT AND [PROPOSED] ORDER
                                                                          C 03-2659 SI and C 03 3278 SI

1    (a) Plaintiffs had presented no proof at all of discrimination in promotions to the vast majority of

2    hourly positions; (b) in many positions minorities were *more likely* to receive positions than

3    whites, even under Plaintiffs' own analyses; (c) with respect to the Material Handler position,

4    Plaintiffs' own study showed, for example, that Latinos were *more likely* than whites to be

5    promoted to the position (Drogin Dep. 123-25 and Ex. 10 to the Deposition: Douglas Decl.

6    Ex. H), and JCATS availability data demonstrated no significant differences in African-American

7    and white promotion rates to the position (Baker Report, Table 2.1); (d) Plaintiffs had cherry-

8    picked only a few jobs (those identified by the Court in its issue specification) in presenting their

9    promotion analyses, and even had used stale data to get "significance" as to some of them; and

10   (e) any certification had to be limited to specific issues on which Plaintiffs had made an

11   evidentiary showing.  Plaintiffs also ignore the fact that Defendant argued that *no* promotion

12   issues should be certified because the data before the Court conclusively demonstrated the

13   absence of any pattern of discrimination in promotion across all jobs.  Apparently, the Court

14   rejected Plaintiffs' request for a blanket certification of any type of promotion claim on which the

15   Plaintiffs might choose to focus in the future, rejected Defendant's argument that no promotion

16   claim should be certified because of the undisputed evidence showing the absence of

17   discrimination as to most hourly positions in the Western Region, and instead certified a class

18   based on the specific evidence Plaintiffs had presented.  Plaintiffs' argument that the Court should

19   have done more simply rehashes the arguments they unsuccessfully presented in their moving

20   papers.

21           It also is worth noting that FedEx, too, has several concerns about the scope of the

22   Court's certification of promotion issues.  Those concerns include, *inter alia*, the issue of

23   promotions of the minority hourly class to Operations Manager, when Plaintiffs *conceded in* their

24   moving papers the absence of such discrimination against African-American hourly employees,

25   and their experts' own reports showed the absence of any statistically significant results against

26   Hispanic hourly employees during the liability period the Court ruled applies to the claim (2002

27   forward).  Defendant's concerns also include the Court's certification of a promotion claim with

28   respect to promotions from casual and permanent hourly positions to Checker/Sorter and Courier

478827.2                                    - 3 -          JOINT STATEMENT AND [PROPOSED] ORDER
                                                                    C 03-2659 SI and C 03 3278 SI

1    and other driving positions despite the fact that there is *no* named plaintiff asserting such a claim.

2    Defendant is not contesting the inclusion of such claims in the class notice, however, because doing

3    so is not a proper means of raising the point.

4              The Court's order is the Court's order.  Arguments over the language of the

5    notice to the class simply are not a proper means of modifying it.  The notice should accurately

6    reflect the Court's rulings, not alter or modify them, and not mislead the class as to the scope and

7    breadth of the issues certified.

8              Defendant's proposed language is taken verbatim from the Court's certification

9    order.  Plaintiffs' proposed language is far more expansive than the Court's, and it inaccurately

10   informs the class of the nature of the promotion claims the Court has certified for class

11   adjudication.  It is Defendant's proposed language (indeed, the *Court's* language) that should be

12   adopted, not Plaintiffs'.

13   **Plaintiffs' Position and Reasoning**

14             Plaintiffs believe that page 2, line 22 of the Class Notice should read:

15             (1) Claims concerning promotions.

16   Plaintiffs believe that Defendant's proposal incorrectly interprets the Class Certification Order.

17             In describing Plaintiffs' claims, the Class Certification Order states that "the

18   representation of minorities drops at each step up the promotions ladder" (Order at 2:16); that

19   "promotions to permanent positions allegedly take place through a 'tap-on-the-shoulder' process"

20   (*id.* at 2:24-25); and that FedEx "uses a discriminatory performance evaluation system that causes

21   under-promotion of minority employees" (*id.* at 3:12-13).

22             Plaintiffs supported their allegations regarding discrimination in promotions by

23   offering, among other evidence, an expert report by Dr. Richard Drogin showing statistically

24   significant adverse impact in promotions including, but not limited to, with respect to African-

25   Americans, the move from Handler into the higher-paid Material Handler job, which FedEx

26   identifies as a promotion.  (Drogin Rpt. ¶ 28, finding -11.34 standard deviations based on data

27   from 1999-2003.)  Dr. Drogin's analysis of the JCATS system for applications to hourly positions

28   indicated statistically significant differences in overall approval rates (*id.* ¶¶ 45 & 47, finding -

478827.2                                              - 4 -                    JOINT STATEMENT AND [PROPOSED] ORDER
                                                                              C 03-2659 SI and C 03 3278 SI

27.79 standard deviations for African Americans and -13.24 standard deviations for Latinos);

overall selection rates (*id.* ¶¶ 46 & 48, finding -7.19 standard deviations for African Americans

and -4.74 standard deviations for Latinos); approval rates for minority employees with deficiency

circumstances (*id.* ¶ 39 & n.15); job ranking category pass overs (*id.* ¶¶ 40-41); and CEV pass

overs (*id.* ¶ 43). Dr. Drogin also found that the BST has statistically significant adverse impact

on minority applicants for Customer Service Agent positions, in addition to Courier and RTD

positions. (Drogin Rpt. tbl. 18, finding -39.22 standard deviations for African Americans and -

30.40 standard deviations for Latinos; *see also* tbl. 19 (similar findings for first-time test takers).)

The Court found that common questions exist regarding promotions, including

"whether FedEx's promotions … policies and practices in the Western Region are arbitrary,

subjective and discretionary and thus susceptible to discriminatory application by predominantly

non-minority managers," "whether the Basic Skills Test [which is required for promotions to

Courier, Ramp Transport Driver, and Customer Service Agent] has been properly validated," and

"whether FedEx denies minorities equal promotional opportunities." (Order at 7:1-4; *see also id.*

at 16-17 (finding that "Plaintiffs' performance evaluation, discipline, promotion, and

compensation claims present common questions of law and fact".) Responding to FedEx's

argument that, for example, Plaintiff Rachel Hutchins only sought a promotion to a Customer

Service Agent position, the Court found that "[w]ith respect to Plaintiffs' promotion claims, there

is no requirement that Plaintiffs have a class representative for every job category." (*Id.* at 10:17-

18; *see also id.* at 12:12-20 (enumerating policies and practices common to all promotions

decisions).) The Court also found that Plaintiffs seek injunctive relief with respect to all

promotions, for example by "permitting casual employees to apply for and view the posting of

jobs on the JCATS system" and by eliminating the BST requirement. (*Id.* at 12:24-25.) Finally,

in discussing the applicable statutes of limitations for class members' promotions claims, the

Court indicated that the promotion from any casual to any permanent position would form a "new

and distinct" relationship with FedEx (*id.* at 14:23-25), whereas promotions "from one hourly

permanent position to another" would not. (*Id.* at 15:2-3, indicating illustrative rather than

exhaustive nature of three possible hourly promotions by using the term "such as".)

1    For these reasons, Plaintiffs do not believe the Class Certification Order can be

2  properly construed as certifying only claims for the specific promotions identified by Defendants,

3  and the Class Notice should not be so limited.

4              **STIPULATION AND [PROPOSED] ORDER**

5    The parties propose and stipulate as follows:

6    1.    By November 30 or the earliest practicable date thereafter, FedEx will

7  provide Class Counsel with a computer-readable list of the full names, employee ID number(s),

8  most current known addresses, and Social Security numbers of all members of the Minority

9  Employee Class and the African-American Lower-Level Manager Class ("Class List").

10   2.    Class Counsel may use the social security numbers included in the Class

11  List to (1) match class member names with the personnel and payroll data provided by FedEx;

12  and (2) find the current addresses of class members for whom the Class List contains an outdated

13  or incorrect address.  In the course of so doing, Class Counsel may provide the Social Security

14  numbers to a claims administrator or a statistician.  Other than these uses, Class Counsel and the

15  claims administrator and statistician shall agree to treat the social security numbers as confidential

16  information, and not share them with third parties.

17   3.    Within 7 days of receiving the Class List, Class Counsel, or a claims

18  administrator to be retained by Class Counsel, will cause to be sent by first-class mail a notice

19  substantially in the form of Exhibit A ("Class Notice"), as approved by this Court.

20   4.    Within 3 days of this Order, Class Counsel will post the Class Notice and a

21  Spanish translation of the Class Notice online at www.racecaseagainstfedex.com.

22

23  Dated:  October 31, 2005          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

24

25  By:   _/s/ James M. Finberg_____
                James M. Finberg

26                          *Attorneys for Representative Plaintiffs and the Classes*

27

28

478827.2                    - 6 -          JOINT STATEMENT AND [PROPOSED] ORDER
                                           C 03-2659 SI and C 03 3278 SI

1    Dated: October 31, 2005          SEYFARTH & SHAW LLP

2

3                                      By:  ___/s/ Gilmore F. Diekmann, Jr._____
                                            Gilmore F. Diekmann, Jr.

4                                      Gilmore F. Diekmann, Jr. (SBN 050400)
                                       560 Mission Street, Suite 3100
5                                      San Francisco, CA  94105
                                       Telephone:  (415) 397-2823
6                                      Facsimile:   (415) 397-8549

7                                      *Attorneys for Defendant FEDEX EXPRESS*

8

9                                      **ORDER**

10

11         The foregoing is stipulated and approved and is so **ORDERED**.

12

13   Dated: _____        _____

14                                      THE HONORABLE SUSAN ILLSTON
                                        United States District Judge for the
15                                      Northern District of California

IT IS SO ORDERED

Judge Susan Illston

16

17

18

19

20

21

22

23

24

25

26

27

28