IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, et. al., | No. C 03-02659 SI; C 03-2878 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY** |
| v. | |
| FEDEX CORPORATION, | |
| Defendant. | |

By letter briefs, the parties seek resolution of a discovery dispute regarding the production of the names of non-class member employees, whose personnel and payroll data has already been produced by defendant FedEx Corporation ("FedEx").[1]

By order filed on November 21, 2005, this Court ordered FedEx to produce "complete computer-readable personnel and payroll data for employees in FedEx's Western Region from January 1, 1997 to December 31, 1998, regardless of the employees' termination date, by December 22, 2005." Order Re: Discovery at 2:2-4 (Docket No. 378). In doing so, the Court agreed with plaintiffs' assertion that such information could be relevant as circumstantial evidence of a pattern and practice of discrimination by FedEx, and was also needed to respond to FedEx's challenge to plaintiffs' statistician on the basis that his analysis was incomplete because it only examined data concerning class members. *Id*. at 1:18-22.

The data produced by FedEx in response to this order contains employee identification numbers, but does not contain employee names. Plaintiffs assert that FedEx should have to produce the names

---

[1] The letter briefs are found at Docket Nos. 399 and 400.

as well since the order refers to "complete" personnel and payroll data, and that this information is necessary for them to be able to identify specific white comparators to show individual cases of disparate treatment to supplement their statistical analysis. Defendant responds that the word "complete" was not intended by the Court to include names, that this information is private, and that plaintiffs can trace the employment histories of non-class member employees and determine which are true comparators without knowing their names. FedEx asserts that it will accept employee identification numbers in any requests to depose non-class member employees, and that plaintiffs are in any case able to interview class members regarding the identities of non-class members believed by the class members to have been treated more favorably because of race.

The Court agrees with plaintiffs that any reasonable interpretation of the words "complete computer-readable personnel and payroll data for employees" encompasses employee names. Furthermore, when plaintiffs' counsel interviews class members regarding potential comparators, class members will be responding with names, not employee identification numbers. If the personnel data does not include names, plaintiffs will be unable to efficiently determine whether the employees suggested by class members are appropriate comparators. FedEx has the complete database, giving it an advantage in vetting the claims of particular class members. Accordingly, the Court GRANTS plaintiffs' request. Defendant shall produce a list, in computer-readable form, of employee names and corresponding employee identification numbers for all non-class member employees referenced in the personnel and payroll data previously produced by FedEx in response to this Court's November 21, 2005 discovery order by **March 20, 2006**.

**IT IS SO ORDERED.**

Dated: March 13, 2006

SUSAN ILLSTON
United States District Judge