IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL et al., | No. C 03-02659 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' REQUEST FOR PROTECTIVE ORDER** |
| v. | |
| FEDEX EXPRESS, | |
| Defendant. | |

Plaintiffs have filed a request for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(5) excluding FedEx managers from attending the depositions of class members who are current employees.[1] Plaintiffs contend that the presence of the managers is intimidating to the deponents. Plaintiffs have submitted an excerpt from the deposition transcript of Shirley Q. Naylor, a current FedEx employee. During that deposition, Ms. Naylor testified that she felt "intimidated" and "uncomfortable" because her former manager was at her deposition. Naylor Depo. at 6-7. Ms. Naylor also testified that, notwithstanding the presence of her manager, she had testified truthfully during her deposition and that her manager's presence did not affect the substance of her testimony in any way. *Id.* at 74-75.

The Court concludes that plaintiffs have not demonstrated that a protective order is warranted. Plaintiffs must make a "strong showing of annoyance or embarrassment to the deponent" to justify prohibiting FedEx from having the corporate representatives of its choice attend the class member depositions. *See* Hon. William W. Schwarzer, *et al.*, Federal Civil Procedure Before Trial § 11:1532 (2006). Here, plaintiffs do not contend that the managers have engaged in any harassing or improper

---

[1] The parties' letter briefs are found at Docket Nos. 411 and 413.

1  behavior at the depositions; instead, the request is based solely on the fact of the managers' presence.
2  The Court concludes that this fact alone is not sufficient to require a protective order. Accordingly, the
3  Court DENIES plaintiffs' request.
4  **IT IS SO ORDERED.**

6  Dated: July 6, 2006

SUSAN ILLSTON
United States District Judge