United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, et al., <br><br>        Plaintiffs, <br><br>  v. <br><br> FEDEX EXPRESS, <br><br>        Defendant. <br> _____/ | No. C 03-2659 SI <br> Related Case No. C 03-2878 SI <br><br> **ORDER DENYING DEFENDANT'S MOTION TO COMPEL** |

By letter briefs, the parties have submitted a discovery dispute to the Court concerning plaintiffs' responses to defendant's Requests for Admission.[1] Defendant contends that certain of plaintiffs' responses are inadequate, and seeks an order compelling plaintiffs to provide further responses. Alternatively, defendant seeks an order deeming the subject Requests for Admission admitted. Plaintiffs oppose the motion.

**1.    Requests for Admission 14-17**

Defendant's Requests for Admission 14 through 17 request that plaintiffs either admit or deny "that an important aspect of Courier job performance" is reading (RFA 14), map reading (RFA 15), listening (RFA 16), and sorting (RFA 17). Plaintiffs' amended response to RFA 14, which is virtually identical to the responses for Requests 15 through 17, states:

> Plaintiffs understand the term "important" to mean the same as the term means under Title VII and the Uniform Guidelines [on Employee Selection Procedures (1978), 29 C.F.R. § 1607.1 *et seq.*]. Plaintiffs cannot admit or deny Request No. 14 because the

---

[1] The letter briefs are found at Docket Nos. 415 and 418. Plaintiffs submitted an errata with missing exhibits, found at Docket No. 419.

> Uniform Guidelines and Title VII require (1) a job analysis that meets the standards established under the Uniform Guidelines and Title VII; and (2) an operational definition of the knowledge, skill or ability measured. Because FedEx has not conducted a proper job analysis (*see* Response No. 9), and because this Request does not provide an operational definition of "reading," Plaintiffs lack sufficient information to admit or deny the Request.
>
> If the term "important" in this Request does not mean the same as the term means under Title VII and the Uniform Guidelines, then Plaintiffs cannot admit or deny this Request because FedEx does not provide a definition of "important" or "aspect" or "job performance," or an operational definition of "reading" that specifies the requisite level or application of this skill or ability.
>
> Plaintiffs admit that according to the job analysis that FedEx conducted in order to develop the BST, which Plaintiffs deny meets the standards established under the Uniform Guidelines and Title VII, "reading" was identified as an "important" aspect of the Courier job.

Plaintiff's July 10, 2006 letter brief, Ex. A at 2-3.

The Court concludes that plaintiffs' amended responses are sufficient because defendant's Requests are unanswerable. The Requests do not define "important" or "reading," or any of the other skills identified in the Requests. Without any such definitions, defendant's Requests call for entirely subjective (and meaningless) determinations about the "importance" of undefined skills to "job performance." As plaintiffs note, there is a broad spectrum of "reading" ability, yet defendant's Requests do not specify a reading level, nor do they identify what skills are encompassed in "reading." The other skills listed are similarly open to some degree of interpretation. Accordingly, the Court DENIES defendant's motion to compel further responses to Requests 14 through 17.

**2.     Requests for Admission 28-33**

Requests for Admission 28-33 involve discipline issued by FedEx managers. Requests 28, 30 and 32 request plaintiffs to admit or deny that "there is no statistically significant difference in the frequency with which" African-American Operations Managers, Hispanic Operations Managers, and Caucasian Operations Managers impose discipline on African-American or Hispanic employees "under their supervision." Requests 29, 31 and 33 request plaintiffs to admit or deny that "there is no statistically significant difference in the level or severity of discipline" imposed by these three groups of managers on African-American or Hispanic employees "under their supervision."

Plaintiffs assert, *inter alia*, that they are unable to answer Requests 28, 30 and 32 because

although there is information about the race of the disciplining manager, other evidence raises doubt about the accuracy of these data. Plaintiffs cite the deposition testimony of Janet Haynes, an African-American manager; Ms. Haynes testified that FedEx had her issue discipline letters to minority employees who were not in her group, and whom she did not observe committing any infraction, because FedEx thought it would aid the company if the discipline was subsequently challenged as discriminatory in an EEO proceeding. *See* Haynes Depo. at 151-52, 196-206. Ms. Haynes also testified she was aware that other minority managers were similarly directed to issue disciplinary reports to minority employees they did not supervise. *See id.*

Plaintiffs contend that they are unable to answer Requests 29, 31 and 33 because the data available do not permit reliable statistical analyses of the severity of discipline. Plaintiffs assert that it is not possible to compare verbal warnings to warning letters or written performance reminders because not all oral comments are recorded in the FedEx database. Due to the nature of the data, plaintiffs state that neither side's experts performed statistical analyses regarding severity of discipline.

In light of the above-described issues, the Court concludes that plaintiffs' answers to Requests 28 through 33 are adequate.[2] The Court is persuaded that plaintiffs cannot admit or deny questions regarding the frequency of discipline imposed by different groups of managers if there is evidence that suggests that the data available are inaccurate or inflated in some respects. Similarly, defendant cannot fairly expect plaintiffs to admit or deny questions regarding severity of discipline if the extant data are incomplete. Accordingly, the Court DENIES defendant's motion to compel further responses to Requests 28 through 33.

**IT IS SO ORDERED.**

Dated: July 18, 2006

SUSAN ILLSTON
United States District Judge

---

[2] The Court notes that defendant's letter brief does not address plaintiffs' arguments regarding the data, and instead only addresses plaintiffs' objections that the Requests sought information that was irrelevant and not limited by geographic scope or time period. It is unclear from the parties' papers whether the parties discussed plaintiffs' objections with respect to the data during the meet and confer process.

3