**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK SATCHELL et al.,

    Plaintiffs,

  v.

FEDEX EXPRESS,

    Defendant.

No. C 03-2659 SI

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS**

By letter briefs, the parties seek resolution of a dispute concerning twenty depositions plaintiffs have recently noticed.[1] Defendant objects to the depositions on several grounds. First, defendant contends that the notices are too general and that defendant will be unable to determine which individuals are the "persons most knowledgeable" about the subject matters described. The Court has reviewed the deposition notices and disagrees. The notices request deponents who are "most knowledgeable" about particular decisions and events, and many specify a time period. For the most part, the depositions sought are fairly limited in nature; for example, one notice seeks the person most knowledgeable about "any allegation by FedEx that Richard Lopez stole and box and any video of same."

Defendants also object to the depositions on the ground that they seek "anecdotal" information inappropriate in a class action. However, "anecdotal" information is relevant to proving – or disproving – allegations in a class action. *See Segar v. Smith*, 738 F.2d 1249, 1277 (D.C. Cir. 1984) (noting in class context that "[a]necdotal testimony recounting personal experiences of discrimination plays an

---

[1] The letter briefs are found at Docket Nos. 429, 433 and 434.

important role in Title VII litigation."). Moreover, presumably both sides intend to present "anecdotal" testimony at trial from class members regarding their experiences working at FedEx.

Finally, FedEx complains about the timing of plaintiffs' deposition notices. Plaintiffs' notices were issued on July 25 and July 26, 2006, and discovery is set to close August 11, 2006. The parties dispute the reasons for the timing of plaintiffs' deposition notices, with each side blaming the other. Although plaintiffs assert that the relative lateness of the deposition notices is due, at least in part, to the fact that defendant produced personnel records on June 6, 2006, the Court is not persuaded that this production fully explains the timing of plaintiffs' deposition notices. In addition, defendant states that by the close of discovery, plaintiffs have noticed and are scheduled to take 86 depositions, and that a number of employees have been deposed on multiple occasions. In light of this record, the Court is sensitive to defendant's concerns and concludes it is appropriate to limit the depositions.

Accordingly, plaintiffs may select **10** of the noticed Rule 30(b)(6) depositions. The depositions shall be completed no later than **August 21, 2005**, unless the parties agree to a different date by stipulation. The parties shall meet and confer regarding the scheduling of the 10 depositions, and if there is a dispute as to who the "person most knowledgeable" is for a deposition, FedEx shall produce the supervising manager for the employee in question during the relevant time period.

**IT IS SO ORDERED.**

Dated: August 7, 2006

SUSAN ILLSTON
United States District Judge