IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, et al.,<br><br>  Plaintiffs,<br><br>   v.<br><br>FEDEX EXPRESS,<br><br>  Defendant.<br>_____/ | No. C 03-2659 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO FILE THIRD AMENDED COMPLAINT** |

Plaintiffs have filed a motion to file a third amended complaint, which is currently scheduled for a hearing on November 17, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs the amendment of complaints. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be very liberal in granting leave to amend a complaint. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Under Rule 15(b), the party opposing amendment has the burden of showing that amendment would be prejudicial to that party's defense. *See* Fed. R. Civ. P. 15(b). There are several accepted reasons why leave to amend should not be granted, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Properties*, 866 F.2d at 1160; *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988).

## DISCUSSION

Plaintiffs seek leave to amend the complaint primarily in order to "streamline and simplify" their trial presentation and eliminate any confusion as to who the trier of fact is as to particular claims. Plaintiffs' proposed third amended complaint deletes the class claim under FEHA, divides the Title VII claim into separate claims for disparate impact and disparate treatment, corrects some "factual and editing errors," and adds to the Prayer for Relief "an order expunging disciplinary records" that relate to FedEx's allegedly discriminatory practices. Defendant opposes the amendment on the ground that plaintiffs have delayed in seeking leave to amend, and defendant will be prejudiced by any amendment.

The Court concludes that plaintiffs should be granted leave to amend. Even if defendant is correct that plaintiffs could and should have sought leave to amend earlier, defendant has not demonstrated that it would be prejudiced by the proposed amendments. Defendant has not articulated any reason why plaintiffs should not be permitted to reorganize their Title VII claims to more clearly separate disparate impact from disparate treatment claims. By allowing the proposed amendment, the Court expresses no view on how those claims are tried to the Court versus to the jury. The deletion of plaintiffs' FEHA class claim cannot prejudice defendant, and indeed defendant does not address that proposed change in its opposition.

Defendant also contends that plaintiffs have "extensively expanded" their disparate impact allegations and theories. A comparison of the second amended complaint and the proposed third amended complaint belies that assertion, however. For the most part, plaintiffs have reorganized existing paragraphs, and thus while the numbering has changed, the substance of the paragraphs has not. *Compare e.g.*, Second Amended Complaint ¶¶ 31, 34, 43, 44, 177 & 178, *with* Proposed Third Amended

Complaint ¶¶ 31-33, 38, 46-49, 190-92. To the extent plaintiffs have elaborated on their disparate impact allegations, such as by providing examples of alleged discrimination, those additional allegations do not introduce any new issues into this case.

Similarly, defendant has failed to establish that it would be prejudiced from the correction of "factual and editing errors." For example, the second amended complaint states that plaintiff Tyrone Merritt's job title is "handler," while the proposed third amended complaint states that his job title is "material handler." Defendant fails to demonstrate how any prejudice flows from this factual correction, particularly when the information has always been within FedEx's possession and indeed where FedEx deposed Merritt about his job history. The same holds true for the proposed correction regarding Gonzales; that correction states that FedEx would not allow Gonzales to participate in FedEx's management program, ASPIRE, rather than that FedEx would not allow him to apply for management positions. Defendant also incorrectly asserts that the proposed complaint asserts a new claims for plaintiff Smith. *See* Second Amended Complaint ¶¶ 117 (compensation claim); 118-22 (termination and retaliation).

To the extent the proposed complaint raises new factual issues or new claims on behalf of particular plaintiffs, the Court finds there is no prejudice because defendant has questioned plaintiffs about the issues in their depositions, and/or because the factual allegations underlying the claims were contained in the second amended complaint. For example, defendant is correct that the proposed complaint adds two new paragraphs of factual allegations regarding plaintiff Satchell and ASTRA scanning procedures.[1] However, plaintiff has provided excerpts from Satchell's deposition showing that FedEx deposed Satchell about these very issues. Thus, defendant cannot credibly claim to be prejudiced by the addition of these factual allegations.

Similarly, defendant asserts that plaintiffs have added retaliation claims for plaintiffs Guerrero, Hutchins and Boykin to the non-class claims for violation of 42 U.S.C. § 1981. The second amended

---

[1] Defendant asserts that proposed paragraphs 152-157 "completely change" the nature and scope of Satchell's claims. However, paragraphs 153-56 are identical to paragraphs contained in the second amended complaint. *Compare* Second Amended Complaint ¶¶ 140-43 *with* Third Amended Complaint ¶¶ 153-56.

3

complaint alleges the factual underpinnings of the individual retaliation claims for all three plaintiffs, *see, e.g.*, Second Amended Complaint ¶¶ 88 (Guerrero); 99 (Hutchins); 167-69 (Boykin), and the non-class claims, § 1981 cause of action incorporated those paragraphs. The Court agrees with plaintiff that it appears to have been a drafting error not to specifically re-allege that FedEx retaliated against Guerrero, Hutchins and Boykin. In order to ensure that FedEx is not prejudiced by the amendment of these claims, the Court will permit FedEx to redepose each of these plaintiffs for one hour.[2] The parties shall meet and confer regarding the scheduling of these depositions.

Finally, although defendant objects to the addition to plaintiffs' Prayer for Relief, defendant has not shown how it is prejudiced by that amendment, particularly since it would be within the Court's equitable power to grant the proposed relief absent amendment in the event plaintiffs prevail at trial.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby GRANTS plaintiffs' motion for leave to file a third amended complaint. (Docket No. 491). The proposed third amended complaint shall be deemed filed, Docket No. 491 Ex. A, and defendant shall file an answer within 20 days of the filing date of this order.

**IT IS SO ORDERED.**

Dated: November 14, 2006

                                                       SUSAN ILLSTON
                                                       United States District Judge

---

[2] The deposition excerpts provided by plaintiffs shows that while plaintiffs were questioned about their terminations, for the most part they were not specifically questioned about their retaliation claims.