IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK SATCHELL et al.,

        Plaintiffs,

  v.

FEDEX EXPRESS,

        Defendant.

No. C 03-2659 SI

**ORDER AWARDING ATTORNEYS' FEES**

      In its October 10, 2006 Order Granting in Part and Denying in Part Plaintiffs' Motions to Compel and Granting Plaintiffs' Motion for Sanctions, the Court ordered that "defendant shall pay for plaintiffs' reasonable attorneys' fees and costs associated with the instant motion to compel (not fees associated with plaintiffs' other motions to compel addressed in this order)," and ordered the parties to meet and confer regarding plaintiffs' fees and costs. The parties have been unable to agree as to the reasonableness of the fees and costs sought, and have submitted letter briefs with supporting declarations to the Court.

      Plaintiffs seek a total of $44,159.20, which represents time spent meeting and conferring over the motion to compel, preparation of the motion to compel, and preparation of the fee motion and reply. This amount also reflect a 10% "billing judgment" deduction made by plaintiffs' counsel.[1] Plaintiffs have submitted detailed billing records in support of the request, along with declarations of counsel.

      Defendant objects that the fee request seeks recovery for work outside the scope of the sanctions order, that numerous entries are too vague, that the Court did not authorize plaintiffs to recover for the

---

[1] It appears that plaintiffs deducted 10% from their lodestar on the motion to compel, and are seeking the full amount of fees incurred in connection with the fee motion.

meet and confer which preceded the motion to compel, and that plaintiffs' counsel spent an excessive amount of time "conferencing" and "reviewing." Defendant does not object to the rates of plaintiffs' counsel. Defendant proposes that a reasonable amount of fees is $5,421.20.

The Court concludes that a reasonable amount of fees is $41,251.30. The Court reaches this number by deducting from the original lodestar ($43,623.00) all time spent exclusively on the deposition portion of the motion to compel ($3,037.00), as well as an entry plaintiffs acknowledge was erroneously included ($194.00), for a total of $40,392.00, then deducting 10% ($4,039.20) from that adjusted figure, and awarding fees for the motion and reply ($4,898.50).[2]  Although plaintiffs moved to compel additional depositions in the same motion to compel document production, the Court understood plaintiffs to be seeking sanctions based on defendant's repeated failures to comply with the Court's orders regarding document production. *See* Docket No. 454 at 7. It was on this ground that the Court awarded sanctions.

However, the Court rejects defendants' contention that mixed entries – those reflecting work performed on both the document and the deposition portions of the motion to compel – should be eliminated. Plaintiffs' counsel states that the majority of time was spent on the document production issues. *See* Wallace Reply Decl. ¶ 5. The Court notes that the issues related to the document production were far more complicated than those related to the depositions, and thus finds it likely that a majority of time contained in the mixed entries is attributable to the document production portion of the motion to compel. Further, the Court finds that plaintiffs' 10% billing judgment deduction sufficiently

---

[2] The erroneously included time entry is 8/28/06 GBW $194 "conf with Davis re preparation of separate motion to compel re Gonzales; review and analysis of same." *See* Wallace Reply Decl. ¶ 4. These excluded deposition time entries are: (1) 8/9/06 GBW $242.50 "conf with TMS re D's failure to produce proper PMK designees re safety, checkrides, performances reviews & responses to same"; (2) 8/10/06 GBW $145.50 "conf with CJB and Douglas re D's failure to produce proper PMK designees"; (3) WHW $590.00 "draft m/c letter re: 30b6 depos"; (4) 8/14/06 $242.50 "conf with TMS re motion to compel adequate Rule 30(b)(6) witnesses re performance reviews"; (5) 8/14/06 GBW $194.00 "conf with Willson and MSD re letter to Douglas re depositions of Koontz and Likong"; (6) 8/14/06 WHW $177 "review of depo transcripts of 30b6 deponents for m/c letter re: failure to produce adequate 30b6 witnesses; (7) 8/14/06 WHW $147.50 "conf w/ MSD and GBW re: depositions still needed for named Ps' claims; possible motion to compel depositions after discovery cutoff"; (8) 8/14/06 WHW $118 "drafting m/c letter to OC re: additional depos needed"; (9) 8/15/06 WHW $885 "draft meet and confer letter to OC re: inadequate witnesses for 30b6 depos; (10) 10/2/06 WHW $236 "drafting reply for MTC re: 30b6 depos, depos of Koontz and Likong"; and (11) 10/2/06 WHW $59 "conf w/ GBW re: MTC re 30b6, Koontz, Likong depos." Wallace Decl. Ex. B. The Court is satisfied that the 10/3/06 entry for Michael Davis relates to the motion to compel. *See* Davis Reply Decl ¶¶ 3-5.

addresses any concern that plaintiffs will recover for work related to the depositions.

Defendant's remaining objections lack merit. Plaintiffs are entitled to recover for time spent on the meet and confer process. As defendant acknowledges, plaintiffs were required by the local rules to meet and confer with defendant prior to filing the motion to compel. Indeed, the meet and confer process is of even greater importance prior to seeking discovery sanctions for failure to comply with Court orders.

The Court also rejects defendant's contention that some time entries are too vague. The billing entries identified by defendant in Table 3 of the opposition are sufficiently detailed to allow the Court to identify the work performed. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Dennis v. Chang*, 611 F.2d 1302, 1308 (9th Cir. 1980). For example, one time entry to which defendant objects states, "Legal research and analysis re D's duty to make up orderly production of documents pursuant to Rule 34(b)." This entry is both specific and relevant to the motion to compel documents, as defendant contended that it had satisfied its obligations by making documents available at various FedEx offices. Similarly, defendant objects that "Drafting reply re: MTC, various charts to append" is too vague. However, as defendant is aware, plaintiffs' reply included an extensive chart detailing what discovery had been provided for the named plaintiffs and the comparators in response to defendant's assertions that its production had been sufficient.

The Court also rejects defendant's contention that plaintiffs' counsel spent too much time "conferencing" and "reviewing" in connection with the motion to compel. Defendant has failed to show that any of the time entries listed in Table 5 were duplicative or unnecessary. Conferences are necessary to allow counsel to coordinate, communicate ideas, and give and receive instructions. Similarly, defendant has not demonstrated that plaintiffs' counsel spent an excessive amount of time reviewing defendant's opposition papers, which raised numerous arguments and were over 100 pages in length. The Court also notes that many of the time entries contained in Table 5 reflect time spent revising the motion to compel papers; again, defendant has not shown that any of this time was expended unnecessarily.

Finally, the Court finds the amount of time plaintiffs' counsel spent on the motion to compel to be reasonable in light of the fact that discovery in this case has been contentious, complicated, and far-

ranging. Preparation of the motion to compel required plaintiffs to reconstruct several years of discovery requests and numerous disparate productions by defendant, and to determine what gaps existed in defendants' production and how defendant had violated the Court's several prior orders.

For the foregoing reasons and good cause shown, the Court hereby ORDERS defendant to pay plaintiffs $41,251.30 in sanctions. Defendant shall pay the sanctions no later than **December 31, 2006**. If defendant is unable to meet this deadline, defendant may request an extension of time stating the good cause for such an extension.

**IT IS SO ORDERED.**

Dated: December 5, 2006

SUSAN ILLSTON
United States District Judge