IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>FEDEX EXPRESS,<br><br>     Defendant.<br>_____ / | No. C 03-2659 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CONFIRM THAT THE LIABILITY PHASE OF THE TRIAL WILL ADDRESS DEFENDANT'S LIABILITY ON CLASS CLAIMS** |

This order addresses plaintiffs' "motion to confirm that the liability phase of the trial will address FedEx's liability on class claims, not individual relief or individual non-class claims." (Docket No. 440). The motion was submitted without oral argument pursuant to Civil Local Rule 7-1(b). As set forth below, the Court GRANTS plaintiffs' motion.

The Court's Class Certification Order bifurcated this case into two phases:

> The first phase will address liability and relief applicable to the class as a whole, including declaratory and injunctive relief, and whether defendant is liable for punitive damages. . . . If liability is established, the second phase of this case will address appropriate individual compensatory and equitable relief, including entitlement to back and front pay.

Class Certification Order p. 17; Sept 28, 2005. The parties dispute whether and to what extent phase one of the trial will address the individual claims of the named plaintiffs, and relatedly, whether plaintiffs are required to put on evidence regarding the named plaintiffs during phase one.

Plaintiffs contend that in phase one, the named plaintiffs need to establish that FedEx has a pattern or practice of discriminating against minorities, or uses an employment practice that has a disparate impact on minorities as a class. Plaintiffs assert that they may choose to prove their phase one liability case in whatever way they deem most persuasive, including relying solely on statistical evidence. In contrast, defendant contends that phase one must address FedEx's liability to the individual

named plaintiffs, and thus in phase one the parties would be required to put on evidence about whether FedEx discriminated against each of the named plaintiffs.

As an initial matter, the Court notes that the parties' discussion of "individual claims" of the named plaintiffs encompasses two types of claims: (1) individual, non-class claims such as claims for retaliation, and (2) individual class claims, which are claims asserted by the named plaintiffs and which have been certified on a class basis, such as claims concerning promotion, compensation and discipline. The Court rejects defendant's contention that the Court should de-certify the class because named plaintiffs also allege non-class claims, thus rendering them non-typical. Defendant does not cite any authority for the proposition that a named plaintiff may not assert additional, non-class claims. To the contrary, "[u]nder [Rule 23's] permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

After review of the parties' papers and the cases cited therein, the Court agrees with plaintiffs that plaintiffs are permitted to prove their *prima facie* case of liability on the class claims through whatever combination of testimony they wish, with or without anecdotal testimony from the named plaintiffs. If plaintiffs prevail in phase one, phase two would focus on the nature of any individual relief to be awarded to the named plaintiffs and class members. *See generally Int'l Broth. of Teamsters v. United States*, 431 U.S. 324 (1977); *see also Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 158-60 (2d Cir. 2001) (explaining division between liability and remedial phases of pattern-and-practice class action, and noting that "[s]tatistics alone can make out a prima facie case of discrimination if the statistics reveal a gross disparity in the treatment of workers based on race.") (internal citation and quotations omitted)[1]; *Craik v. Minnesota State Univ. Bd.*, 731 F.2d 465, 470 (1984); *Sledge v. J.P. Stevens*, 585 F.2d 625, 637-38 (4th Cir. 1978).

---

[1] In *Robinson*, the Second Circuit noted that "[r]eferring to the first phase of a pattern-or-practice disparate treatment suit as the 'liability phase' is something of a misnomer because, as we discuss, the remedial phase also implicates questions of liability, albeit liability to each individual class member rather than to the class as a whole." 267 F.3d at 158 n.4. The Court agrees with this observation, and notes that, at least in part, the instant dispute is a semantic one over whether phase two will address "liability."

The cases relied on by defendant are inapposite or do not stand for the proposition asserted. Defendant misstates the facts and holding of *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395 (1977). *East Texas* does not hold that "individual class representatives' failure to establish their claims at trial precluded their pursuit of claims on behalf of a class of which they were not a member." Opposition at 4. Instead, in *East Texas* the named plaintiffs never moved to certify the class, and the district court denied relief to the plaintiffs after finding they were unqualified for the positions sought, and dismissed the class allegations. The Court of Appeals *sua sponte* certified the class. The Supreme Court reversed, holding that the Court of Appeals erred in certifying the class.[2]

The other cases cited by defendant are similarly unavailing. *See, e.g.*, *Griffin v. Bd. of Regents of Regency Univ.*, 795 F.2d 1281, 1292 (7th Cir. 1986) (affirming district court's holding that plaintiffs' statistical evidence did not prove class-wide disparate treatment; "[e]xamples of individual discrimination are not always required, but we think that the lack of such proof reinforces the doubt arising from the questions about validity of the statistical evidence."); *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 684 (4th Cir. 1986) (noting that "[i]n some cases, statistical evidence alone may be sufficient to establish a *prima facie* case.") (internal citation and quotations omitted).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion confirming that phase one will only involve class claims. (Docket No. 440). The Court DENIES plaintiffs' motion to strike defendant's surrebuttal memorandum. (Docket No. 471).

**IT IS SO ORDERED.**

Dated: December 5, 2006

SUSAN ILLSTON
United States District Judge

---

[2] Indeed, dicta in *East Texas* supports the view that class claims do not rise and fall with defendant's liability to individual named plaintiffs. *See id.* at 406 n.12 ("[I]f the District Court had certified a class and only later had it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives, the class claims would already have been tried, and . . . the claims of the class members would not need to be mooted or destroyed because subsequent events or the proof at trial had undermined the named plaintiffs' individual claims.").