# EXHIBIT ONE

1   James M. Finberg (SBN 114850)
     Bill Lann Lee (SBN 108452)
2   Eve H. Cervantez (SBN 164709)
     Chimène I. Keitner (SBN 226948)
3   LIEFF, CABRASER, HEIMANN &
       BERNSTEIN, LLP
4   275 Battery Street, 30th Floor
     San Francisco, CA  94111-3339
5   Telephone:  (415) 956-1000
     Facsimile:  (415) 956-1008
6

7   Todd M. Schneider (SBN 158253)         MICHAEL S. DAVIS (SBN 160045)
     Guy B. Wallace (SBN 176151)            345 Hill Street
8   Joshua Konecky (SBN 182897)          San Francisco, CA 94109
     SCHNEIDER & WALLACE           Telephone:  (415) 282-4315
     180 Montgomery Street, Suite 2000    Facsimile:  (415) 358-5576
9   San Francisco, CA  94104
     Telephone: (415) 421-7100           KAY MCKENZIE PARKER (SBN 143140)
10  Facsimile: (415) 421-7105            225 Bush Street, 16th Floor
                                  San Francisco, CA 94104
11  JOHN BURRIS (SBN 69888)            Telephone:  (415) 227-9622
     7677 Oakport Bldg., Suite 1120       Facsimile:  (415) 227-4522
12  Oakland, CA  94612
     Telephone: (510) 839-5210           WAUKEEN Q. MCCOY (SBN 168228)
13  Facsimile:  (510) 839-3882           703 Market Street, Suite 1407
                                  San Francisco, CA  94103
14                                 Telephone:  (415) 675-7705
                                  Facsimile:  (415) 675-2530
15

16  *Class Counsel*

17               UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19

20  DERRICK SATCHELL, KALINI        Case No. C 03-2659 SI; C 03-2878 SI
     BOYKIN, VALERIE BROWN, RICK
21  GONZALES, CYNTHIA GUERRERO,   CLASS ACTION
     RACHEL HUTCHINS, TYRONE
22  MERRITT, KELVIN SMITH, SR., and   **PLAINTIFFS' TWENTY-SEVENTH SET**
     KEN STEVENSON, on behalf of       **OF REQUESTS FOR PRODUCTION OF**
23  themselves and all others similarly situated, **DOCUMENTS**

24            Plaintiffs,

25  v.

26  FEDEX EXPRESS, a Delaware
     corporation,
27            Defendant.

28

PROPOUNDING PARTY:     Plaintiffs

RESPONDING PARTY:     Defendant FEDEX EXPRESS

SET NUMBER:     Twenty-Seventh

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE THAT, pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request that FedEx Express produce for inspection and copying the documents described herein, at the offices of LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP, 275 Battery Street, 30th Floor, San Francisco, CA, 94111, on or before August 11, 2006. In accordance with Rule 34(b), FedEx Express shall provide written responses to the following requests within thirty (30) days after service hereof and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

## I. DEFINITIONS

        1.     As used in these requests, the terms "FedEx Express" and "defendant" refer to defendant FedEx Express and include any and all present or former officers, employees, agents and representatives acting or purporting to act on behalf of FedEx Express or its affiliates or merged or acquired predecessors.

        2.     The terms "you" and "your" refer to FedEx Express.

        3.     The terms "document" and "documents" include any written, recorded or graphic matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, including but not limited to any database, data processing card or tape, computerized data, computer diskettes, and other electronically recorded information such as electronic mail ("e-mail"); summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape, record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording which is in your possession, custody, or control or in the possession, custody or control of any servant or

1   agent of you or of your attorneys.  The terms "document" and "documents" also include the file

2   in which the documents are maintained.  A copy or duplicate of a document which has any non-

3   conforming notes, marginal annotations or other markings, and any preliminary version, draft or

4   revision of the foregoing is a separate document within the meaning of this term.

5         4.   The terms "communicate," "communication," and "statement" are used in

6   their broadest possible sense and include every manner or means of disclosure, transfer or

7   exchange of information, whether orally, by document or face-to-face, by telephone, facsimile,

8   mail, personal delivery or otherwise.

9         5.   The term "policy" means any rule, procedure, directive, practice, custom or

10  course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, that

11  was promulgated or recognized by you.

12        6.   The terms "concerning," "relating to," and "pertaining to" mean referring

13  to, describing, discussing, evidencing or constituting, and shall be used interchangeably.

14        7.   The use of the conjunctive includes the use of the disjunctive, and vice

15  versa.

16        8.   The use of the singular form of any word includes the plural, and vice

17  versa.

18             **II.  <u>INSTRUCTIONS</u>**

19        9.   Pursuant to Rule 26 of the Federal Rules of Civil Procedure, if you

20  withhold production of any document that responds to the following requests, on the grounds of

21  any claim of privilege or on any other ground, you are hereby requested to identify the document

22  and to provide the following information in sufficient detail to permit the Court to rule on your

23  claim:

24        a.   The date, author, primary addressee and secondary addressee or

25  person copied, including the relationship of that person to the defendant and/or author of the

26  document;

27        b.   A brief description sufficient to identify the type, subject matter and

28  purpose of the document;

1              c.     All persons to whom the contents of the document have been

2  disclosed;

3              d.     The grounds of the claim for withholding the document and the

4  facts relied upon in support of said claim;

5              e.     The party asserting the privilege, if any;

6              f.     All persons having knowledge of any facts related to the claim;

7              g.     All events, transactions, or occurrences related to the claim.

8        10.     If any request is defined using a term of art or other terms that you believe

9  to be incorrect, but you understand the nature of the document requested, you should produce the

10  document notwithstanding the semantic or definitional error or ambiguity.

11        11.     If any requested document is known by you to have existed, but no longer

12  exists or is no longer in your possession, custody, or control, you are requested to identify the last

13  known custodian thereof and to state the date upon which it was lost or destroyed or otherwise

14  became unavailable.  If the document still exists, you are required to identify its present custodian

15  and location.

16                  **III.  DOCUMENTS TO BE PRODUCED**

17      1.     Complete computer-readable personnel and payroll data for employees in FedEx's

18  Western Region from January 1, 2006 through June 30, 2006 and, when available, complete

19  computer-readable personnel and payroll data for employees in FedEx's Western Region from

20  July 1, 2006 through December 31, 2006.

21      2.     All organization charts/diagrams, lists, and other documents sufficient to show the

22  organizational structure of FedEx Express and its office locations, and job positions, in the

23  Western Region, including lists of all lower and upper management in the Western Region and

24  their respective EEO data, created or located since the date of FedEx's Response to Plaintiffs'

25  First Set of Requests for Production of Documents ("First Response").

26

27

28

3.     All documents containing or referring to personnel files for all named plaintiffs and all other documents concerning the named plaintiffs, including but not limited to any communications regarding job assignment, compensation, schedules, promotions, evaluations, training, discipline, termination, and/or eligibility for rehire, created or located since FedEx's First Response.

4.     All memoranda and other documents which contain or refer to compliance and record-keeping pursuant to Title VII of the Civil Rights Act of 1964 or state discrimination statutes prepared by FedEx Express, including all EEO-1 reports, and all compliance reports, submitted by FedEx Express to the United States Department of Labor and/or any other federal, state or local agency, and all communications to or from such agencies, created or located since the date of FedEx's First Response.

5.     All memoranda and other documents containing or referring to any studies, surveys, reports, or analyses conducted by or for FedEx Express regarding the racial or ethnic composition of FedEx Express's workforce, including but not limited to documents on discrimination, diversity, and any internal or external task force reports or underutilization analyses, created or located since the date of FedEx's First Response.

6.     All civil complaints and administrative Charges of Discrimination, including but not limited to charges filed with the Equal Employment Opportunity Commission and equivalent state agencies, against FedEx Express alleging race discrimination created or located since FedEx's First Response, and all documents pertaining to or reflecting internal complaints or charges by FedEx Express employees or applicants alleging employment discrimination on the basis of race and/or harassment or retaliation related to such discrimination, including but not limited to Guaranteed Fair Treatment ("GFT") requests and internal EEO complaints, Open Door submissions, and documents referring or relating to FedEx Express's investigation, findings,

responses, and actions taken on such complaints or charges, created or located since FedEx's First Response.

7.     Any disparate impact surveys, studies, or inquiries conducted by FedEx with respect to racial disparities in its hiring, promotions, compensation, and discipline, created or located since FedEx's First Response. This includes, without limitation, any such surveys, studies, or inquiries related to the following: CEV scores; BST scores and performance; ASPIRE scores and performance; performance reviews; warning letters; verbal warnings; driver test, check ride and drive-along performance results; promotions from casual to permanent status; promotions from part-time to full-time status; promotion from handler to other hourly positions; promotion to customer service agent; promotion to courier; promotion to ramp agent; promotion to dispatcher; promotion from hourly employee to operations manager; employee turnover; termination.

8.     Any and all documents submitted to the OFCCP in conjunction with any OFCCP audits, investigations, and/or compliance reviews, created or located since FedEx's First Response.

9.     Any and all validation studies conducted by you or at your direction, created or located since FedEx's First Response.

10.    The curriculum vitae of any individuals involved in designing, overseeing, implementing, reviewing, or evaluating any validation studies conducted by you or at your direction.

11.    All documents related to the search for alternative criteria and/or selection procedures for hiring, performance reviews, and promotions, including but not limited to alternatives to: the Basic Skills Test; CEV points and ranking of candidates by CEV points; drive-alongs; check rides; Job Knowledge Tests; the PET; and ASPIRE.

12.       All documents that the Uniform Guidelines on Employee Selection Procedures require test users to maintain that you have not already produced.

13.       All documents related to any modifications to the BST and/or selection procedures and qualifications for Courier, Ramp Transport Driver, Customer Service Agent, and Customer Representative Positions, since FedEx's First Response.

14.       Updated job descriptions for all jobs listed in the Court's Class Certification Order;

15.       All correspondence between John Hater and Phil Krawczyk, and any documents created or generated by Phil Krawczyk regarding training data;

16.       All correspondence between Lynn Slawson and any individuals regarding training, and all documents created or generated by Lynn Slawson regarding training;

17.       All correspondence between Amy M. Black and any individuals regarding performance reviews, and all documents created or generated by Amy M. Black regarding performance reviews;

18.       The "analysis of 28, 146 courier training grades" referenced in John Hater's June 2, 2000 memo to Steve Rutherford; the data this analysis was based on; and all correspondence relating to this analysis.

19.       All documents, including data, relating to the 1997 attempt to correlate BST scores with training outcomes referenced in John Hater's June 2, 2006 memo to Steve Rutherford.

20.       All documents, including data, showing that the BST is a significant predictor of courier leave of absence history, and medical absence pay.

21.       The most up-to-date editions of the JCATS Managers Guide and/or Managers' JCA Guide; Employees' JCA Guide; People Manual; AGFS People Best Practices; DGO People

1  Best Practices;  and performance review forms used to evaluate employee performance for all

2  class member jobs.

3      22.      All documents identified in Defendant's response to Plaintiffs' Third Set of

4  Interrogatories.

5      23.      Complete, computer-readable data showing training grades for courier, customer

6

7  service agent, ramp transport driver, and customer representative training classes, as well as

8  documents indicating the cutoff scores for each class at any point in time, from 1990 to the

9  present.

10

11  Dated:  July 12, 2006                    LIEFF, CABRASER, HEIMANN &
                                            BERNSTEIN, LLP
12

13

14                                          By: _____
                                                Eve H. Cervantez
15
                                            Class Counsel
16

17

18

19

20

21

22

23

24

25

26

27

28