1    James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
2    Rebekah B. Evenson (SBN 207825)
Danielle E. Leonard (SBN 218201)
3    Claire Prestel (SBN 235649)
ALTSHULER BERZON LLP
4    177 Post Street, Suite 300
San Francisco, CA 94108
5    Telephone: (415) 421-7151
Facsimile: (415) 362-8064
6

7    Kelly M. Dermody (SBN 171716)
Daniel E. Barenbaum (SBN 209261)
8    LIEFF, CABRASER, HEIMANN &
     BERNSTEIN, LLP
9    275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
10   Telephone: (415) 956-1000
Facsimile: (415) 956-1008

11   Todd M. Schneider (SBN 158253)
Guy B. Wallace (SBN 176151)
12   SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
13   San Francisco, CA 94104
Telephone: (415) 421-7100
14   Facsimile: (415) 421-7105

15   *Additional class counsel appear*
*on signature page.*
16

17

18            UNITED STATES DISTRICT COURT

        FOR THE NORTHERN DISTRICT OF CALIFORNIA
19

| | |
|---|---|
| 20   DERRICK SATCHELL, KALINI BOYKIN, VALERIE BROWN, RICK GONZALES, CYNTHIA GUERRERO, RACHEL HUTCHINS, TYRONE MERRITT, KELVIN SMITH, SR., and KEN STEVENSON, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>FEDEX EXPRESS, a Delaware Corporation,<br><br>        Defendant. | Case Nos. C03-02659 SI; C03-02878 SI<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' OPPOSITION TO FEDEX'S MOTION *IN LIMINE* NO. 4 (TO EXCLUDE FROM EVIDENCE CORRESPONDENCE FROM THE OFCCP IDENTIFYING ITS CONCERNS REGARDING THE BST, AND RELATED DOCUMENTS CONCERNING THE OFCCP'S INVESTIGATION)<br><br>DATE:       March 2, 2007<br>TIME:       9:00 a.m.<br>PLACE:     Courtroom 10, 19th Floor<br>JUDGE:     Hon. Susan Illston |

1

# TABLE OF CONTENTS

2  TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

3  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6      I.      THE OFCCP DOCUMENTS ARE RELEVANT. . . . . . . . . . . . . . . . . . . . . . . . 4

7              A.      THE OFCCP DOCUMENTS ARE RELEVANT TO
                       REBUTTING FEDEX'S GOOD FAITH DEFENSE. . . . . . . . . . . . . . . . 5
8
9              B.      THE DOCUMENTS ARE RELEVANT TO PLAINTIFFS'
                       DISPARATE IMPACT CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10             C.      THE OFCCP DOCUMENTS ARE RELEVANT
                       TO CHALLENGING DR. CAMPION'S EXPERT
11                     TESTIMONY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12             D.      FEDEX'S IRRELEVANCE ARGUMENTS ARE
                       WITHOUT MERIT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
13
14     II.     THE OFCCP DOCUMENTS ARE NOT INADMISSIBLE
               HEARSAY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15             A.      EACH OFCCP DOCUMENT FITS WITHIN A HEARSAY
                       EXCEPTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
16
17                     1.      THE OFCCP LETTERS ARE ADMISSIBLE
                               PUBLIC RECORDS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18                     2.      MS. CONNORS'S LETTER AND EMAILS ARE
                               ADMISSIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
19
20                     3.      DR. CAMPION'S NOTES AND EMAILS ARE
                               ADMISSIONS         . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

21                     4.      ALL OF THE OFCCP DOCUMENTS ARE
                               ADMISSIBLE PURSUANT TO THE STATE OF MIND
22                             EXCEPTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

23             B.      THE OFCCP DOCUMENTS ARE ADMISSIBLE FOR
                       NON-HEARSAY PURPOSES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
24
25     III.    THE OFCCP DOCUMENTS SATISFY THE AUTHENTICATION
               REQUIREMENT OF FRE 901. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

26     IV.     THE OFCCP DOCUMENTS ARE NOT MORE PREJUDICIAL
               THAN PROBATIVE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
27
28  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

i

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

*In re Aircrash in Bali, Indonesia,*
    871 F.2d 812 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

4

*Albemarle Paper Co. v. Moody,*
    422 U.S. 405 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 14, 15

5

6

*Beck v. Haik,*
    377 F.3d 624 (6th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

7

*Beech Aircraft Corp. v. Rainey,*
    488 U.S. 153 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

8

9

*Cal. State Employees' Association v. State,*
    682 F. Supp. 1044 (N.D. Cal. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14, 15

10

*Castaic Lake Water Agency v. Whittaker Corp.,*
    272 F. Supp. 2d 1053 (C.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

11

12

*Chandler v. Roudebush,*
    425 U.S. 840 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

13

*Clark v. Calbaugh,*
    20 F.3d 1290 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

14

15

*EEOC v. Inland Marine Industries,*
    729 F.2d 1229 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14, 15

16

*Ellis v. International Playtex, Inc.,*
    745 F.2d 292 (4th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17

18

*Freitag v. Ayers,*
    468 F.3d 528 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 11, 18

19

*Fresenius Medical Ctr. Holdings, Inc. v. Baxter International, Inc.,*
    2006 WL 1330003 (N.D. Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

20

21

*Gentile v. County of Suffolk,*
    926 F.2d 142 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

22

*Gilbrook v. City of Westminster,*
    177 F.3d 839 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

23

24

*Green v. Baca,*
    226 F.R.D. 636 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

25

*Johnson v. City of Pleasanton,*
    982 F.2d 350 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

26

27

*Kehm v. Procter & Gamble Manufacturing Co.,*
    724 F.2d 613 (8th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

28

*Livingston v. Isuzu Motors, Ltd.*,
   910 F. Supp. 1473 (D. Mont. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

*Lopez v. United States*,
   962 F. Supp. 1225 (N.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lutz v. Glendale Union High Sch.*,
   403 F.3d 1061 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lyons v. England*,
   307 F.3d 1092 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Maljack Productions, Inc. v. GoodTimes Home Video Corp.*,
   81 F.3d 881 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Metropolitan-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
   454 F. Supp. 2d 966 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Paige v. California*,
   291 F.3d 1141 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Plummer v. Western International Hotels Co.*,
   656 F.2d 502 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Robinson v. Runyon*,
   149 F.3d 507 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Loyola-Dominguez*,
   125 F.3d 1315 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. San Diego Gas & Electric Co.*,
   2006 WL 3913456 (S.D. Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Skillman*,
   922 F.3d 1370 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## FEDERAL STATUTES AND REGULATIONS

41 C.F.R. §60-1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

41 C.F.R. §60-1.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

41 C.F.R. §60-1 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

41 C.F.R. 60-3.15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

41 C.F.R. §60-3.1, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

41 C.F.R. §60-3.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

41 C.F.R. §60-3.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. §2000e-2(k)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

64 Fed. Reg. 17664 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 11

Exec. Order No. 11246 ............................................... 2, 7, 9, 11

**<u>INTRODUCTION</u>**

Defendant FedEx Express ("FedEx") has stated to the Court that it intends to argue at trial that its development and implementation of the Basic Skills Test ("BST") is affirmative evidence of its "good faith" and "non-discriminatory animus."  *See* Def. FedEx's Opp'n to Plfs.' Motion to Bifurcate at 2, 6 (Doc. No. 414), attached as Ex. 1 to the Declaration of Claire Prestel ("Prestel Decl.").  In its brief opposing plaintiffs' motion to bifurcate, FedEx emphasized that this BST-based "good faith" argument would be an "integral part" of its defense to plaintiffs' disparate treatment claim. *Id*. at 2.  Now, with Motion *in Limine* No. 4, FedEx attempts to prevent plaintiffs from introducing highly relevant evidence that disproves the company's "good faith" defense – documents from the U.S. Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP") finding that the BST has an adverse impact on minorities and that FedEx's validity evidence for the BST is insufficient. *See, e.g.*, Mot. Ex. 4 (Nov. 17, 2005 OFCCP letter stating that the BST has an "adverse impact on minority and female" employees and stating the agency's "final assessment" that FedEx's validity evidence "does not meet accepted professional standards").  FedEx makes this motion to exclude plaintiffs' OFCCP exhibits even though it has designated other OFCCP letters that it believes are helpful to its case and intends to introduce those OFCCP documents at trial. *See* Def. FedEx Express Corp.'s Ex. List at 71 (Ex. 3219) (Prestel Decl. Ex. 2).

The OFCCP notified FedEx more than *six years ago* that the BST has a statistically significant adverse impact on minority employees and that FedEx had not yet shown the test to be valid.  Rather than responding to these findings with a prompt and comprehensive effort to reform the BST, FedEx continued to use the test and obstructed the OFCCP's review by failing to provide critical information and by making misleading and erroneous representations in its correspondence with the agency.  The OFCCP documents, which include information about the agency's analysis and FedEx's obstructive response, are probative evidence of FedEx's *bad faith*, not its "non-discriminatory animus."  These documents provide a critical counter-weight to FedEx's "good faith" contentions.

Moreover, as explained below, none of FedEx's objections to the OFCCP documents has

1  merit.  All of the OFCCP documents are relevant to the issues of FedEx's "good faith" defense,

2  plaintiffs' disparate impact claim, and the credibility of FedEx's expert witness, Michael

3  Campion, Ph.D.  Further, the documents are not inadmissible hearsay.  Some are party

4  admissions; others fit within the public records exception; and all of the documents are

5  admissible for the non-hearsay purposes of responding to FedEx's "good faith" defense,

6  demonstrating Dr. Campion's bias, and challenging the credibility of his conclusions.  There is

7  also more than enough evidence in the record to support a finding that the documents are what

8  they purport to be, as required for authentication under Federal Rule of Evidence ("FRE") 901.

9  Finally, the OFCCP documents are not substantially more prejudicial than probative.  To the

10  contrary, it would be unfairly prejudicial to permit FedEx to present an entirely one-sided story

11  about OFCCP reviews of FedEx practices and about the company's purported "good faith" in

12  adopting and implementing the BST.

13                                    **<u>BACKGROUND</u>**

14         The OFCCP is an agency of the Department of Labor charged with enforcing Executive

15  Order No. 11246, which prohibits, *inter alia*, race discrimination in employment by federal

16  contractors.  *See* Exec. Order No. 11246, as amended, available at http://http://www.dol.gov/

17  esa/regs/statutes/ ofccp/eo11246.htm; *see also* 41 C.F.R. §§60-1.1, 60-1.2.  The Department of

18  Labor has issued regulations implementing Executive Order 11246 and joined the EEOC in

19  issuing the Uniform Guidelines on Employee Selection Procedures.  *See* 41 CFR §§60-1.1 *et seq*.

20  As reflected in those Guidelines, the Department of Labor interprets Executive Order 11246 as

21  including the same prohibition against discrimination that is embodied in Title VII.  *See* 41

22  C.F.R. §§60-3.2, 60-3.3.  The EEOC and Department of Labor have also entered into a

23  Memorandum of Understanding which describes the OFCCP's role in enforcing Title VII as

24  applied to federal contractors.  *See* 64 Fed. Reg. 17664(7)(d) (appointing OFCCP as EEOC's

25  agent for enforcement of Title VII).

26         On June 29, 2000, the OFCCP informed FedEx that the BST had a statistically significant

27  adverse impact on minority employees.  *See* Mot. Ex. 1.  The OFCCP's letter also stated that

28  FedEx had submitted a copy of the BST for review and that the agency had not found the test to

2

1   be valid.  *Id*.  The OFCCP repeated this latter point in a letter dated January 21, 2003, which

2   asked FedEx to provide additional information.  *Id*. Exs. 2, 3.  A third letter dated November 17,

3   2005 states the OFCCP's "final assessment" of the data FedEx had submitted.  *Id*.  Ex. 4.

4   According to the OFCCP, FedEx's validity evidence submitted to that point did not meet

5   "accepted professional standards" as stated in the Uniform Guidelines.  *Id*.

6       The November 17 letter also reveals that FedEx failed to provide certain information

7   requested by the agency.  *Id*. (referring to FedEx's "non-responsiveness").  FedEx answered the

8   OFCCP's letter on December 12, 2005.  *Id*. Ex. 7.  Correspondence between FedEx and its

9   consultant Dr. Campion, together with Dr. Campion's notes, demonstrate that FedEx's December

10  12 response was misleading in several key respects.

11      First, FedEx described Dr. Campion inaccurately to the OFCCP as an "independent

12  expert."  *Id*.  In reality, FedEx hired Dr. Campion to help it prepare its response to the OFCCP's

13  concerns and instructed Dr. Campion regarding the information and extent of the opinions he

14  was to provide the agency.  For example, shortly before a meeting to be attended by Dr.

15  Campion, FedEx, and OFCCP representatives, FedEx's counsel Virginia Connors gave Dr.

16  Campion directions regarding the extent of information that he should provide to the OFCCP:

17  "Remember that the issues in this audit are not as flushed out as the criticisms raised in the

18  Satchell lawsuit.  I don't want to confuse the cases!  Basically, the only issues we know that the

19  agency has are those that were raised in the [November 17, 2005] letter . . ."  *Id*. Ex. 14.  In his

20  responsive email, Dr. Campion indicated that he had received the message: "[W]e do not want to

21  give them any ideas they do not already have."  *Id*.  In addition, in response to an email sent by

22  Dr. Campion stating that he had reviewed "another job analysis of courier and service agents

23  performed in 2005," Ms. Connors wrote that the "2005 job analysis was more focused on

24  personality traits than skills" and "I don't think I want to put OFCCP on notice that we are

25  looking at implementing the Hire for Attitude Test . . . ."  *Id*. Ex. 6.  There is also no indication

26  that FedEx informed the OFCCP that it had retained Dr. Campion to consult in the development

27  of the Hire-for-Attitude test and as an expert in this case.

28      Second, FedEx took the position in its December 12 letter that providing requested

3

1    "personnel data" about the BST's adverse impact would be "premature" because no

2    determination on the issue of test validity had been made. *Id.* Ex. 7 at 1.  To the contrary,

3    FedEx's own "independent expert" had already correctly informed the company that the Uniform

4    Guidelines "require an analysis of adverse impact first," *before* an evaluation of validity. *Id.* Ex.

5    12.  Moreover, the Uniform Guidelines make clear that the degree of adverse impact is critical to

6    evaluating the validity or appropriate use of the test since, *e.g.*, the cutoff score and search for

7    reasonable alternatives should be assessed in light of the degree of adverse impact. *See, e.g.*, 41

8    C.F.R. 60-3.15(B)(9), (B)(10).

9          Third, FedEx incorrectly asserted that it had considered "alternative assessments with less

10   adverse impact."  Mot. Ex. 7 at 4.  Dr. Hater, who developed the BST and testified as a company

11   30(b)(6) witness, admitted that he never made "any suggestions with respect to ways the adverse

12   impact could be reduced or eliminated" with respect to African-Americans or Latinos. *See*

13   8/18/04 Hater Dep. 80:16–81:3 (Prestel Decl. Ex. 3).  Although Dr. Hater later tried to back away

14   from this admission in his non-30(b)(6) deposition, he still could not recall any "specific

15   conversations" about possible alternatives to the BST.  7/19/06 Hater Dep. 93:22–94:11

16   ("probably talked" to a Dr. Brooks about alternatives but could not remember any "specific

17   conversations") (Prestel Decl. Ex. 4).

18         Finally, FedEx wrongly informed the OFCCP that "[s]etting the cutting scores to reduce

19   or eliminate adverse impact was an explicit consideration" in the development and

20   implementation of the BST.  Mot. Ex. 7 at 3.  In fact, Dr. Hater admitted that he never

21   "consider[ed] adjusting the cutoff score in order to reduce or eliminate adverse impact."  8/19/04

22   Hater Dep. 262:4–7 (Prestel Decl. Ex. 5).

23                                  **ARGUMENT**

24   **I.      THE OFCCP DOCUMENTS ARE RELEVANT.**

25         The OFCCP documents are relevant for at least three reasons.  First, they are relevant to

26   rebutting FedEx's "good faith" defense.  Second, they are probative on the issue of the BST's

27   validity.  Third, they are relevant to challenging the credibility of Dr. Campion's expert

28   testimony about the validity of the BST.

                                        4

1
2

**A.    THE OFCCP DOCUMENTS ARE RELEVANT TO REBUTTING FEDEX'S GOOD FAITH DEFENSE.**

3       The OFCCP documents provide evidence that FedEx continued to use and defend the

4   BST more than six years after learning of its adverse impact.  Accordingly, the OFCCP

5   documents are relevant to rebutting FedEx's "good faith" defense.

6       In opposing plaintiffs' motion to bifurcate, FedEx made clear that it intends to rely

7   heavily on its development and use of the BST as evidence of its "good faith" and lack of

8   discriminatory intent.  Def. FedEx's Opp'n to Plfs.' Mot. to Bifurcate at 2–3 (Doc. No. 414)

9   (Prestel Decl. Ex. 1).  As explained above, however, the OFCCP documents show that FedEx has

10  *not* demonstrated good faith with respect to the BST.  FedEx was put on notice of the BST's

11  adverse impact more than six years ago, *see* Mot. Ex. 1, yet FedEx has failed to revise or

12  eliminate the test or respond fully to the OFCCP's requests for additional data.  *Id.* Exs. 2–4; *see*

13  *also EEOC v. Inland Marine Industries*, 729 F.2d 1229, 1235–36 (9th Cir. 1984) (intent may be

14  inferred from evidence that an employer failed to correct a particular practice after having been

15  made aware of its discriminatory effect); *Cal. State Employees' Ass'n v. State*, 682 F.Supp. 1044,

16  1053 (N.D. Cal. 1987) (same).

17      FedEx has also made a series of misrepresentations in its correspondence with the agency,

18  including incorrect statements that Dr. Campion acted as an "independent expert," that providing

19  adverse impact data would be "premature," that FedEx had considered alternative practices with

20  less adverse impact, and that adverse impact was an "explicit consideration" in setting the BST's

21  cutoff score.  *See* Background *supra*.  This evidence is directly relevant to rebutting FedEx's

22  "good faith" defense and to plaintiffs' claim for punitive damages.  *See Albemarle Paper Co. v.*

23  *Moody*, 422 U.S. 405, 422 (1975) (employer demonstrates "bad faith" by "maintaining a practice

24  which he knew to be illegal or of highly questionable legality"); Third Consol. Amend. Compl.,

25  Prayer for Relief ¶¶3, 4 (Doc. No. 491).

26      **B.    THE DOCUMENTS ARE RELEVANT TO PLAINTIFFS' DISPARATE IMPACT CLAIM.**

27

28      The OFCCP documents are also relevant to plaintiffs' disparate impact claim.  Once

5

1   plaintiffs demonstrate that the BST has an adverse impact on minority employees, FedEx must

2   prove, *inter alia*, that the test is "job related" – *i.e.*, valid for the positions at issue.  42 U.S.C.

3   §2000e-2(k)(1)(A); *Paige v. California*, 291 F.3d 1141, 1150 (9th Cir. 2002).  The OFCCP

4   documents are relevant both to adverse impact and validity.  In all three of its letters, the OFCCP

5   stated its finding that the evidence submitted by FedEx to date was not sufficient to demonstrate

6   validity under the Uniform Guidelines.  *See* Mot. Exs. 1–4; *Albemarle Paper*, 422 U.S. at 431

7   (Uniform Guidelines entitled to "great deference" when applying Title VII) (internal quotation

8   marks omitted).  In both its June 29, 2000 and November 17, 2005 letters, the OFCCP also stated

9   its findings that the BST has an adverse impact on minority employees.  *Id.* Exs. 1, 4.  Because

10  the OFCCP documents speak directly to elements of plaintiffs' disparate impact claim, they are

11  relevant to that claim and may be considered along with other related evidence.[1]

12  ## C.   THE OFCCP DOCUMENTS ARE RELEVANT TO CHALLENGING DR. CAMPION'S EXPERT TESTIMONY.

13

14      The OFCCP documents are relevant for a third reason – they provide evidence plaintiffs

15  may properly use to challenge the credibility of one of FedEx's key expert witnesses, Dr.

16  Campion.  Dr. Campion's notes and email exchanges with FedEx's counsel show that at the

17  same time he acted as a purportedly independent expert for purposes of this litigation, he also

18  acted as a consultant to FedEx with respect to the OFCCP investigation and acceded to FedEx's

19  direction and control with respect to that matter.  As discussed above, FedEx instructed Dr.

20  Campion regarding the information and extent of the opinions he was to provide the OFCCP, and

21  Dr. Campion clearly understood that he was to toe the party line in his dealings with the agency.

22  Dr. Campion stated that he viewed the January 5, 2006 meeting with the OFCCP as an

23  opportunity to "win [the OFCCP] over" to FedEx's view, Mot. Ex. 14; he repeatedly referred to

24  FedEx as "[w]e," *see, e.g.*, *id.* Ex. 12 (Campion's comments on draft letter to OFCCP); and he

25  accepted Ms. Connors's instructions with respect to the nature and extent of information he

26

27      [1] Plaintiffs note that their disparate impact claim is for equitable relief and must ultimately be decided by the Court, not by a jury.  *See* Mot. to Bifurcate (Doc. No. 412); *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1067–69 (9th Cir. 2005).

28

1   should share with the OFCCP during their January 2006 meeting.  *See, e.g.*, *id*. Ex. 14; *see also*

2   Background *supra*; 12/8/06 Campion Dep. 17 (confirming that meeting with OFCCP took place

3   on January 5, 2006) (Prestel Decl. Ex. 6).

4        This evidence that Dr. Campion acted as FedEx's agent for purposes of responding to the

5   OFCCP undermines his claim to "independent" expert status and is relevant to proving his bias

6   in favor of the company.  Given that Dr. Campion's expert report opines as to validity of the BST

7   and its compliance with the Uniform Guidelines, plaintiffs should also be able to cross-examine

8   Dr. Campion at trial about the OFCCP's contrary analysis and conclusions, which Dr. Campion

9   reviewed in his role as FedEx's OFCCP consultant.  *See* Expert Rep. of Michael A. Campion,

10  Ph.D., Report No. 2: Analysis of the Basic Skills Test, at 9, 12–13 (concluding that the BST "has

11  a strong level of content validity" and that it complies with the Uniform Guidelines) (Prestel

12  Decl. Ex. 7).

13       **D.**    **FEDEX'S IRRELEVANCE ARGUMENTS ARE WITHOUT MERIT.**

14       FedEx's only arguments with respect to relevance are that the OFCCP has no "regulatory

15  authority or jurisdiction to interpret . . . Title VII's requirements" and that the OFCCP letters

16  contain mere allegations and "conclusory assertions."  Mot. at 5.  Neither argument has merit.

17       The Department of Labor and OFCCP are charged with interpreting and implementing

18  Executive Order No. 11246, and the Department interprets the Executive Order as imposing the

19  same prohibitions against discrimination as are embodied in Title VII.  *See* 41 C.F.R. §§60-3.1,

20  60.3-2 (adopting Uniform Guidelines for enforcement of both Title VII and Executive Order No.

21  11246).  The Department has issued regulations pursuant to its authority under the Executive

22  Order, *see* 41 C.F.R. §60-1 *et seq.*, and, together with the EEOC and other agencies, issued the

23  Uniform Guidelines on Employee Selection Procedures.  41 C.F.R. §60-3.1 *et seq.*; *Albemarle*

24  *Paper*, 422 U.S. at 431 (Guidelines entitled to "great deference").  The EEOC has also

25  designated the OFCCP as its agent for enforcing Title VII in appropriate cases.  *See* 64 Fed. Reg.

26  17664(7)(d).  Thus, the OFCCP has legal authority and jurisdiction to interpret and apply the

27  provisions of Title VII and the related provisions of Executive Order No. 11246.  This authority

28  makes the findings and conclusions of the OFCCP similar to those of the EEOC, which have

7

1  been "held to be a highly probative evaluation of an individual's discrimination complaint."

2  *Plummer v. Western Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981).

3        The OFCCP's letters also demonstrate that its statements are not mere allegations or

4  "conclusory assertions."  The June 29, 2000 letter discusses data supporting the OFCCP's

5  adverse impact finding at great length.  *See* Mot. Ex. 1.  The November 17, 2005 letter also

6  discusses FedEx's validity evidence in detail and identifies a series of specific flaws in the BST

7  and in FedEx's evidence.  *Id*. Ex. 4.  Moreover, as discussed in greater detail below, a public

8  agency's opinions and conclusions, in addition to factual findings, are admissible under Federal

9  Rule of Evidence 803(8)(C).  An agency's opinions, conclusions and findings are *presumed* to be

10  trustworthy as a matter of law.  *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 164, 168–69

11  (1988) (opinions and conclusions in public record are admissible pursuant to Rule 803(8)(C));

12  *Freitag v. Ayers*, 468 F.3d 528, 541 n.5 (9th Cir. 2006) (Rule 803(8)(C) creates a "*presumption*

13  *of reliability and trustworthiness*" for public records") (emphasis added).  Agency findings,

14  opinions, and conclusions are also admissible even if the public official who offers them could

15  not satisfy the requirements for expert testimony under Rule 702.  *Clark v. Calbaugh*, 20 F.3d

16  1290, 1294–95 (3d Cir. 1994).

17  **II.       THE OFCCP DOCUMENTS ARE NOT INADMISSIBLE HEARSAY.**

18        There are three categories of relevant OFCCP-related documents:  1) letters from the

19  OFCCP to FedEx, *see* Mot. Exs. 1–4; 2) letters and emails sent by Virginia Connors, a FedEx

20  employee, *id*. Exs. 6–7, 9–10, 12–14; and 3) notes and emails written by Michael Campion, who

21  was hired by FedEx to help prepare its response to the OFCCP's concerns.  *Id*. Exs. 5–6, 8–12,

22  14.  Without addressing these different categories of documents specifically, FedEx asserts that

23  all of the OFCCP-related documents are inadmissible hearsay.  FedEx's hearsay argument fails

24  for two reasons.  First, each of the challenged documents fits within a recognized exception to

25  the hearsay rule.  Second, each of the challenged documents is admissible for a purpose other

26  than the truth of the matters asserted.  *See* FRE 801.

27

28

## A.     EACH OFCCP DOCUMENT FITS WITHIN A HEARSAY EXCEPTION.

### 1.     THE OFCCP LETTERS ARE ADMISSIBLE PUBLIC RECORDS.

Plaintiffs seek to introduce three letters sent by the OFCCP.  *See* Mot. Exs. 1–4.[2]  All three qualify as public records under Federal Rule of Evidence 803(8), which excludes from the hearsay rule:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . ., or (C) in civil actions and proceedings . . ., factual findings resulting from an investigation made pursuant to authority granted by law, unless the source of information or other circumstances indicate lack of trustworthiness.

All three OFCCP letters set forth the "activities of the office or agency," as all three describe the OFCCP's steps to review FedEx's use of the BST.  *See* Mot. Exs. 1–4.  In addition, all three letters contain "matters observed pursuant to duty imposed by law."  *Id*.  The OFCCP has a legal duty to review federal contractors' compliance with Executive Order 11246 and the Uniform Guidelines.  *See* 41 C.F.R. 60-1.1 *et seq*.  As part of that duty, the OFCCP observed and analyzed the operation of the BST in FedEx facilities, and stated its observations in its correspondence with the company.

The OFCCP's letters also fit within the exception stated in FRE 803(8)(C).  The Supreme Court has adopted a "broad approach to admissibility" under that provision of the rule, which permits the introduction of factual findings and related "opinion[s]" and "conclusions."  *Beech Aircraft*, 488 U.S. at 164, 168–69; *see also Chandler v. Roudebush*, 425 U.S. 840, 863 n.39 (1976) ("[A]dministrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo.").  Admission of public records under Rule 803(8)(C) is "generally favored."  *Gentile v. County of Suffolk*, 926 F.2d 142, 148 (2d Cir. 1991).  Public records offered under Rule 803(8)(C) are presumed to be authentic, and no foundational testimony is required.  *Gilbrook v. City of Westminster*, 177 F.3d 839,

---

[2] FedEx states in its motion that plaintiffs only intend to introduce two of the three OFCCP letters.  This is incorrect.  Plaintiffs have included all three on their trial exhibit list.

858–59 (9th Cir. 1999) ("A trial court may presume that public records are authentic and trustworthy."); *United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997) ("the public records exception is one of the few hearsay exceptions that does not require a foundation").

Rule 803(8)(C) creates a "presumption of reliability and trustworthiness" for public records. *Freitag*, 468 F.3d at 541 n.5. FedEx bears the burden of coming forward with specific evidence to rebut that presumption and demonstrate that the agency's records are not trustworthy. *Gilbrook*, 177 F.3d at 858–59; *Johnson v. City of Pleasanton*, 982 F.2d 350, 352–53 (9th Cir. 1992); *In re Aircrash in Bali, Indonesia*, 871 F.2d 812, 816 (9th Cir. 1989). As one court has explained, this presumption "makes considerable practical sense":

> Most government sponsored investigations employ well accepted methodological means of gathering and analyzing data. It is unfair to put the party seeking admission to the test of "re-inventing the wheel" each time a report is offered. Rather than requiring the moving party to spend considerable time and money to ensure that the experts who conducted the study are available at trial, it is far more equitable to place that burden on the party seeking to demonstrate why a time tested and carefully considered presumption is not appropriate.

*Livingston v. Isuzu Motors, Ltd.*, 910 F.Supp. 1473, 1497 (D. Mont. 1995) (quoting *Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 301 (4th Cir. 1984)).

Each of the OFCCP letters contains the agency's factual findings or opinion. In its November 17, 2005 letter, the OFCCP stated that its "final assessment of the FedEx evidence is that it does not meet accepted professional standards." Mot. Ex. 4; *see also id.* (also expressing opinion about specific flaws in the BST). In its June 29, 2000 and January 21, 2003 letters, the OFCCP stated its finding that FedEx had not yet adequately demonstrated validity. The June 29 letter also stated the OFCCP's finding that the BST had an adverse impact on minority employees. *Id.* Exs. 1, 2. Because FedEx has not offered *any* evidence to rebut the presumption of trustworthiness that accompanies these findings, opinions, and conclusions, its motion to exclude them necessarily fails under Rule 803(8)(C). *See, e.g.*, *Freitag*, 468 F.3d at 541 n.5 (public records presumed trustworthy as required by the Rule).

Indeed, even if FedEx had challenged the OFCCP letters' trustworthiness, which it has not, it is clear that the letters would pass muster under Rule 803(8)(C). The Advisory Committee

10

Notes to Rule 803(8) provide the following non-exhaustive list of factors that may be considered in assessing trustworthiness: (1) the timeliness of the investigation; (2) the special skill or experience of the agency or official; (3) whether a hearing was held; and (4) possible "motivation problems."  The OFCCP's investigation is undoubtedly timely as FedEx continues to administer the BST.  Further, any delay in the investigation thus far appears to be the result of FedEx's "non-responsiveness" to the agency's request for data.  Mot. Ex. 4 at 1.

The OFCCP and Department of Labor also possess the skills and experience necessary to conduct an investigation of this type.  The Department is charged with implementing the nondiscrimination provisions of Executive Order No. 11246, developed and implemented the Uniform Guidelines along with the EEOC and other agencies, *see* 41 C.F.R. §60-3.1 *et seq.*, and the OFCCP has been designated as the EEOC's agent for enforcement of Title VII in appropriate cases.  *See* 64 Fed. Reg. 17664(7)(d) (appointing OFCCP as EEOC's agent for enforcement of Title VII).   FedEx itself intends to rely on favorable OFCCP letters in support of its case.  *See* Def. Federal Express Corp.'s Ex. List at 71 (Ex. 3129) (Prestel Decl. Ex. 2).  In similar situations, courts have admitted agency records as trustworthy.  *See Fresenius Med. Ctr. Holdings, Inc. v. Baxter Int'l, Inc.*, 2006 WL 1330003, *3–4 (N.D. Cal.) (rejecting trustworthiness challenge where challenging party relied on documents produced by the same agency); *see also Freitag*, 468 F.3d at 541 n.5 (district court correctly admitted investigatory report prepared by California Office of Inspector General); *Gilbrook*, 177 F.3d at 858–59 (district court correctly admitted interim report prepared by citizens' commission appointed by city council); *Johnson*, 982 F.2d at 352–53 (district court erred in excluding city Planning Department staff reports); *In re Aircrash in Bali, Indonesia*, 871 F.2d at 816 (district court properly admitted FAA investigative report); *United States v. San Diego Gas & Elec. Co.*, 2006 WL 3913456, *5 (S.D. Cal.) (narrative reports of San Diego County Air Pollution Control District inspectors would likely be admissible at trial); *Lopez v. United States*, 962 F.Supp. 1225, 1229 (N.D. Cal. 1997) (admitting investigative report prepared by federal agency responsible for food stamp program); *Livingston*, 910 F.Supp. at 1497 (admitting investigatory report prepared

11

1   by National Highway Transportation Safety Administration).[3]

2        The third and fourth factors listed in the Advisory Committee Notes also favor

3   admissibilty.  The OFCCP gave FedEx numerous opportunities to submit argument and evidence

4   responsive to the agency's concerns, considered that evidence in detail, and met in person with

5   FedEx officials in January 2006.  *See* Mot. Exs. 1–4; 12/8/06 Campion Dep. 17:15–19

6   (confirming meeting with OFCCP on January 5, 2006) (Prestel Decl. Ex. 6).  Finally, there is no

7   basis for concluding that the OFCCP operates with any motivational basis that would undermine

8   the trustworthiness of its findings.  *Johnson*, 982 F.2d at 352–53 (noting "assumption that public

9   officials perform their duties properly without motive or interest other than to submit accurate

10  and fair reports") (internal quotation marks omitted); *Livingston*, 910 F.Supp. at 1497 (court

11  could not conceive of reason why public agency would act with improper motive).

12          **2.     MS. CONNORS'S LETTER AND EMAILS ARE ADMISSIONS.**

13       Ms. Connors is a FedEx employee, and her letter and emails regarding the OFCCP

14  investigation were clearly sent within the scope of her employment.  *See* Mot. at 3 (identifying

15  Ms. Connors as a FedEx attorney); Mot. Ex. 7 at 5 (letter signed by Ms. Connors for FedEx

16  Express Corporation).  As a result, Ms. Connor's letter and emails are non-hearsay admissions of

17  a party opponent.  *See* FRE 801(d)(2).

18          **3.     DR. CAMPION'S NOTES AND EMAILS ARE ADMISSIONS.**

19       Dr. Campion's notes and emails fall within the same exception.  Rule 801(d)(2)(D)

20  provides that a statement qualifies as a party-opponent admission if made "by the party's agent or

21  servant concerning a matter within the scope of the agency or employment, made during the

22  existence of the relationship."  The critical test for determining agency is whether the principal

23  exercises control over the agent's actions.  *See* Restatement (Third) of Agency §1.01 (2006).

24       There can be no doubt that Dr. Campion acted as FedEx's agent with respect to the

25  OFCCP investigation.  He agreed during his deposition that he was retained to "assist FedEx in

26  
_____

27     [3] It is important to note that the OFCCP need not meet the requirements for expert evidence
    under FRE 701 in order for its findings and conclusions to be admissible.  *Clark*, 20 F.3d at
28  1294–95.

1  responding" to the OFCCP's allegations.  12/8/06 Campion Dep. 21:6–22:18 (Prestel Decl. Ex.

2  6).  He testified that "we," meaning himself and FedEx's counsel Virginia Connors, responded to

3  the OFCCP's "accusations."  *Id.* 37:14–17; *see, e.g.*, Mot. Ex. 12 (Campion's comments on draft

4  letter to OFCCP).  He also stated in his email correspondence with Ms. Connors that he viewed

5  the January 2006 meeting with OFCCP officials as a chance to "win them over" to FedEx's side.

6  Mot. Ex. 14.

7       Perhaps most importantly, Ms. Connors exercised control over the nature and extent of

8  information that Dr. Campion would share with the OFCCP, and Dr. Campion accepted her

9  instructions.  Dr. Campion's notes include the following statement regarding another instruction

10  from Ms. Connors: "Only 2003-2005 focus . . . of OFCCP audit so do not volunteer earlier

11  information."  *Id.* Ex. 11.  Dr. Campion agreed during his deposition that this was "an

12  instruction" that Ms. Connors gave him.  12/8/06 Campion Dep. 35:12–16 (Prestel Decl. Ex. 6).

13  In addition, shortly before the meeting with OFCCP officials, Ms. Connors gave Dr. Campion

14  the following direction:  "Remember that the issues in this audit are not as flushed out as the

15  criticisms raised in the Satchell lawsuit.  I don't want to confuse the cases!  Basically, the only

16  issues we know that the agency has are those that were raised in the [November 17, 2005] letter .

17  . ."  Mot. Ex. 14.  In his responsive email, Dr. Campion indicated that he had received the

18  message: "[W]e do not want to give them any ideas they do not already have."  *Id*.  Finally, in

19  response to an email sent by Dr. Campion stating that he had reviewed "another job analysis of

20  courier and service agents performed in 2005," Ms. Connors wrote "I don't think I want to put

21  OFCCP on notice that we are looking at implementing the Hire for Attitude Test . . . ."  *Id.* Ex. 6.

22       This evidence is more than sufficient to establish that Dr. Campion acted as FedEx's

23  agent with respect to the OFCCP investigation, and courts have had no trouble concluding that

24  statements made by consultants like Dr. Campion should be treated as party admissions.  *See,*

25  *e.g.*, *Beck v. Haik*, 377 F.3d 624, 639–40 (6th Cir. 2004) (consultant was agent for purpose of

26  FRE 801(d)(2)(D); "courts confronting similar factual situations have tended to hold contractors

27  and advisors to fall within the 'agency' relationship contemplated by Rule 801(d)(2)(D)");

28  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F.Supp.2d 966, 973–974 (C.D. Cal.

2006) (independent graphic design contractor was agent for purposes of FRE 801(d)(2)(D));

*Green v. Baca*, 226 F.R.D. 636 & n.16 (C.D. Cal. 2005) (report was party admission when prepared by individual who had been retained as "Special Counsel" by defendant County of Los Angeles to review its Sheriff's department; individual retained was acting as County's agent).

### 4.    ALL OF THE OFCCP DOCUMENTS ARE ADMISSIBLE PURSUANT TO THE STATE OF MIND EXCEPTION.

All of the OFCCP documents are also admissible under FRE 803(3), which creates a hearsay exception for statements of "state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)."  Each of the OFCCP's letters reflects the agency's then-existing state of mind or belief with respect to the BST's adverse impact and FedEx's validity evidence.  The Connors and Campion notes and correspondence also reflect those individuals' state of mind and include statements of intent, plan and motive.  For example, the January 3, 2006 exchange of emails between Ms. Connors and Dr. Campion includes statements regarding Ms. Connors's plan and intent with respect to the OFCCP meeting (*i.e.*, not to raise issues of which the agency was unaware) and Dr. Campion's similar plans and motive (*i.e.*, his plan to review certain materials, not to raise certain issues, and his hope that he and Ms. Connors cold "win . . . over" the agency).  Mot. Ex. 14; *see, e.g.*, *id.* Exs. 7, 10, 12 (including, *inter alia*, statements of FedEx's plan not to provide requested data as "premature," and FedEx's and Dr. Campion's state of mind regarding the BST and the OFCCP's concerns); *id.* Exs. 9, 11 (state of mind regarding the BST, plan and intent regarding what information to share with OFCCP and additional analyses to conduct).

### B.    THE OFCCP DOCUMENTS ARE ADMISSIBLE FOR NON-HEARSAY PURPOSES.

The OFCCP documents fit within the hearsay exceptions discussed above.  In addition, the documents must be admitted because they are relevant for several non-hearsay purposes. *See* FRE 801(c) (statement is hearsay only if offered for the truth of the matter asserted).

First, the OFCCP documents are relevant to rebutting FedEx's "good faith" defense. *See Albemarle Paper*, 422 U.S. at 422; *Inland Marine*, 729 F.2d at 1235–36; *Cal. State Employees' Ass'n*, 682 F.Supp. at 1053.  Regardless of whether the OFCCP's statements about adverse

1   impact and validity are true, the OFCCP's letters show that FedEx was at least *put on notice* of

2   the agency's significant concerns more than six years ago.  This evidence of notice – taken

3   together with FedEx's failure to re-evaluate the test and its dilatory and misleading conduct in

4   dealing with the agency – demonstrates bad faith.  *See Albemarle Paper*, 422 U.S. at 422; *Inland*

5   *Marine*, 729 F.2d at 1235–36; *Cal. State Employees' Ass'n*, 682 F.Supp. at 1053; Third Consol.

6   Amend. Compl., Prayer for Relief ¶¶3, 4 (Doc. No. 491).  Accordingly, these documents are

7   directly relevant to rebutting FedEx's claim that regardless of whether the BST is actually valid,

8   FedEx had sufficient basis for a "good faith *belief* that it is valid."  Def. FedEx's Opp'n to Plfs.'

9   Mot. to Bifurcate at 2 (Doc. No. 414) (Prestel Decl. Ex. 1); *see also Albemarle Paper*, 422 U.S.

10  at 422 (employer demonstrates "bad faith" by "maintaining a practice which he knew to be illegal

11  or of highly questionable legality").

12       Second, the OFCCP documents are relevant to rebutting Dr. Campion's expert testimony.

13  The OFCCP letters, notes, and correspondence demonstrate bias, as they show that Dr. Campion

14  viewed his role as defending FedEx's against the agency's "accusations" and that Dr. Campion

15  followed the instructions of FedEx's counsel.  *See* Background & Part I(C) *supra*.  Plaintiffs

16  should also be permitted to question Dr. Campion about his view of the OFCCP's criticisms and

17  about whether he considered the issues raised by the agency in reaching his conclusions that the

18  BST is valid and complies with the Uniform Guidelines.  *See* Campion Expert Rep. No. 2 at 9,

19  12–13 (Prestel Decl. Ex. 7).

20       These non-hearsay uses for the OFCCP documents are critical to plaintiffs' case.  FedEx

21  has described its "good faith *belief*" argument as an "integral" and "inextricable" part of its

22  defense.  Def. FedEx's Opp'n to Plfs.' Mot. to Bifurcate at 2, 3 (Doc. No. 414) (Prestel Decl. Ex.

23  1).  Without the OFCCP documents, plaintiffs' response will be unfairly limited.  It is also clear

24  that FedEx will rely heavily on Dr. Campion's analysis and argue that he is an independent

25  expert witness with respect to the BST.  The OFCCP documents provide compelling evidence of

26  Dr. Campion's bias and flaws in the BST that is not found in any other evidence produced in the

27  case.  Finally, FedEx intends to introduce OFCCP letters that it believes to be favorable in

28  support if its defense.  *See* Defendant Federal Express Corp.'s Exhibit List at 71 (Prestel Decl.

15

1    Ex. 2).  And order excluding plaintiffs' OFCCP exhibits would leave the jury with an incomplete

2    and inaccurate picture of this government agency evidence.

3    **III.    THE OFCCP DOCUMENTS SATISFY THE AUTHENTICATION**
         **REQUIREMENT OF FRE 901.**

4

5         FedEx's argument that the OFCCP documents cannot be authenticated is frivolous.  All

6    FRE 901 requires is "evidence sufficient to support a finding that the matter in question is what

7    its proponent claims."  There is more than enough evidence in the record to meet this lenient

8    standard.

9         FedEx *produced* all of the challenged documents itself; admits in its brief that the

10   documents are what they appear to be (*i.e.*, letters from the OFCCP, Dr. Campion's notes and

11   correspondence, and Ms. Connors's correspondence), *see* Mot. at 1–2; and never actually

12   disputes their authenticity.  This is enough, standing alone, to support a finding that the

13   documents are authentic.  *Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d

14   881, 889 n.12 (9th Cir. 1996) (document authenticated when produced by defendant in

15   discovery); *Castaic Lake Water Agency v. Whittaker Corp.*, 272 F.Supp.2d 1053, 1062 n.8 (C.D.

16   Cal. 2003).  FedEx also faxed the OFCCP letters to its BST developer, Dr. Hater; FedEx's

17   counsel responded to the letters; FedEx met with the OFCCP; and Ms. Connors and Dr. Campion

18   exchanged notes about how to respond to the agency's concerns.  There would be no reason for

19   FedEx to have done any of this if the OFCCP documents were not what they appear to be.  *See*

20   Mot. Exs. 1–14; 12/8/06 Campion Dep. 17:15–19 (confirming that meeting with OFCCP took

21   place on January 5, 2006) (Prestel Decl. Ex. 6).  Further, Dr. Campion authenticated several of

22   the documents during his depositions.  *See* 11/10/06 Campion Dep. 348–49 (discussing

23   deposition Ex. 15, which is attached to FedEx's motion as Ex. 4) (Prestel Decl. Ex. 8); 12/8/06

24   Campion Dep. 12:24–13:9, 20:12–22, 22:1–23:5, 26:5–14, 28:22–29:11, 31:22–32:14,

25   34:16–35:6, 48:15–49:1, 51:3–53:2 (identifying deposition Exs. 18–27, which are attached to

26

27

28

PLFS' OPP'N TO FEDEX'S MIL 4 RE: OFCCP INVESTIGATION – Case Nos. 03-2659 SI, 03-02878 SI

1   FedEx's motion as Exs. 5–14) (Prestel Decl. Ex. 6).[4]

2   **IV.    THE OFCCP DOCUMENTS ARE NOT MORE PREJUDICIAL THAN**
3   **PROBATIVE.**

4          The Court may only exclude the OFCCP documents under Rule 403 if it finds that they

5   create a danger of unfair prejudice that "substantially outweigh[s]" their probative value.  FRE

6   403.[5]  In applying Rule 403's balancing test, the Court must bear in mind that all evidence

7   relevant to proving plaintiffs' claims will be prejudicial to FedEx's case.  *See Lyons v. England*,

8   307 F.3d 1092, 1110 (9th Cir. 2002).  FedEx must establish a substantial danger of *unfair*

9   prejudice – *i.e.*, "an undue tendency to suggest decision on an improper basis."  Moreover,

10  because of the difficulty inherent in proving a race discrimination case, courts "must be mindful

11  not to cripple a plaintiff's ability to prove discrimination indirectly and circumstantially by

12  evidentiary rulings that keep out probative evidence . . . ."  *Robinson v. Runyon*, 149 F.3d 507,

13  515 (6th Cir. 1998); *see also United States v. Skillman*, 922 F.3d 1370, 1374 (9th Cir. 1990)

14  (noting difficulty of establishing racial animus).

15         The OFCCP documents are highly relevant for the reasons discussed above.  They

16  respond directly to FedEx's "integral" good faith defense.  Def. FedEx's Opp'n to Plfs.' Mot. to

17  Bifurcate at 2, 3 (Doc. No. 414) (Prestel Decl. Ex. 1).  They are relevant to the adverse impact

18  and validity elements of plaintiffs' disparate impact claim.  They are also evidence of Dr.

19  Campion's bias and are relevant to undermining the credibility of his conclusions regarding the

20  BST.  The highly probative nature of the OFCCP documents supports their admission, as does

21  the difficulty inherent in proving employer discrimination.

22         FedEx makes two arguments regarding prejudice.  First, FedEx contends that the OFCCP

23  ───────────────

24         [4]  Because there is no real dispute about the authenticity of these OFCCP exhibits, it is clear
     that FedEx makes it authentication objection for purely tactical reasons.  This is prohibited by the
25   Court's Pretrial Instructions.  *See* Prestel Decl. Ex. 9 at 3 ¶5(b).  If the Court has any remaining
     concerns about the authenticity of these documents, plaintiffs will call Virginia Connors as a witness
26   to establish their authenticity.

27         [5]  FedEx incorrectly reverses the provisions of Rule 403 when it states that probative value
28   must "substantially outweigh[]" the danger of unfair prejudice.  Mot. at 6.

1    documents could "suggest [to the jury] that it should view the BST with distrust."  Mot. at 6.

2    While true, this is simply an argument that the OFCCP documents are harmful to FedEx's case;

3    it provides no basis for finding that the probative value of the documents is substantially

4    outweighed by the type of *unfair* prejudice necessary for exclusion.  Second, FedEx contends that

5    the OFCCP documents could mislead the jury into concluding that the agency has found the BST

6    to be invalid in a "final and binding determination."  *Id*.  But the OFCCP letters make clear on

7    their face that the agency's "final" determination was made only with respect to the evidence

8    FedEx had submitted to date and that FedEx could submit additional responsive information.

9    *See* Mot. Exs. 1–4.  FedEx will have an opportunity at trial to make this point, and to explain and

10   challenge the OFCCP documents in any other way it sees fit.  This opportunity to challenge the

11   documents weighs heavily against FedEx's argument for exclusion.  *See Kehm v. Procter &*

12   *Gamble Mfg. Co.*, 724 F.2d 613, 618–20 (8th Cir. 1983) (district court correctly rejected Rule

13   403 challenge to public records because defendant had "opportunity . . . to challenge the

14   methodology and findings of the [agency] studies" with its own expert testimony); *Freitag*, 468

15   F.3d at 541 n.5 (public records properly admitted because, *inter alia*, defendants "had a fair

16   opportunity to challenge the reliability" of the documents at trial).[6]

17        The *exclusion* of the OFCCP documents – not their admission – would result in unfair

18   prejudice.  FedEx intends to rely on favorable OFCCP letters in support of its defense.  *See* Def.

19   Federal Express Corp.'s Ex. List at 71 (Ex. 3219) (Prestel Decl. Ex. 2).  Permitting FedEx to

20   offer its own OFCCP letters while simultaneously excluding plaintiffs' similar evidence would

21   invite the jury to base its decision on an unfairly one-sided view of the facts.  FedEx also intends

22   to rely heavily on Dr. Campion's analysis at trial to argue that its development and

23   implementation of the BST are affirmative evidence of its "good faith" and lack of

24   discriminatory intent.  *See* Def. FedEx's Opp'n to Plfs.' Mot. to Bifurcate at 2–3 (Doc. No. 414)

25

26        [6] There is no basis for concluding that "a large part of the trial" will have to be devoted to
     the OFCCP documents.  Mot. at 6.  There are relatively few exhibits; the issues presented are
27   straightforward; and they involve only one of FedEx's witnesses, Dr. Campion.  The OFCCP
     documents are also the only evidence of their kind, so addressing the issues they raise will not result
28   in "undue" or "needless" delay.  *See* FRE 403.

1 (Prestel Decl. Ex. 1).  It would be unfair to permit FedEx to make this argument without allowing

2 plaintiffs to introduce important probative rebuttal evidence.

3 **CONCLUSION**

4 _____For the foregoing reasons, FedEx's motion *in limine* should be denied.

5 Dated: February 2, 2007              ALTSHULER BERZON LLP

6

7                    _____/s/ Claire Prestel_____
                     Claire Prestel

8                    James M. Finberg (SBN 114850)
                     Eve H. Cervantez (SBN 164709)
9                    Rebekah B. Evenson (SBN 207825)
                     Danielle E. Leonard (SBN 218201)
10                   Claire Prestel (SBN 235649)
                     177 Post Street, Suite 300
11                   San Francisco, CA  94108
                     Telephone:  (415) 421-7151
12                   Facsimile:  (415) 362-8064

13                   Kelly M. Dermody (SBN 171716)
                     Daniel E. Barenbaum (SBN 209261)
14                   LIEFF, CABRASER, HEIMANN
                       & BERNSTEIN, LLP
15                   275 Battery Street, 30th Floor
                     San Francisco, CA 94111-3339
16                   Telephone: (415) 956-1000
                     Facsimile: (415) 956-1008

17                   Todd M. Schneider (SBN 158253)
18                   Guy B. Wallace (SBN 176151)
                     SCHNEIDER & WALLACE
19                   180 Montgomery Street, Suite 2000
                     San Francisco, CA  94104
20                   Telephone: (415) 421-7100
                     Facsimile: (415) 421-7105

21                   MICHAEL S. DAVIS (SBN 160045)
22                   345 Hill Street
                     San Francisco, CA 94109
23                   Telephone:  (415) 282-4315
                     Facsimile:  (415) 358-5576

24                   JOHN BURRIS (SBN 69888)
25                   7677 Oak Port St., Suite 1120
                     Oakland, CA  94612
26                   Telephone:  (510) 839-5210
                     Facsimile:  (510) 839-3882

27

28

19

1
       KAY MCKENZIE PARKER (SBN 143140)
       225 Bush Street, 16th Floor

2
       San Francisco, CA 94104
       Telephone:  (415) 227-9622

3
       Facsimile:   (415) 227-4522

4
       WAUKEEN Q. MCCOY (SBN 168228)
       703 Market Street, Suite 1407

5
       San Francisco, CA  94103
       Telephone:  (415) 675-7705

6
       Facsimile:   (415) 675-2530

7
       Barry Goldstein (SBN 141868)
       GOLDSTEIN, DEMCHAK, BALLER,

8
         BORGEN & DARDARIAN
       300 Lakeside Drive, Suite 1000

9
       Oakland, CA 94612
       Telephone: (510) 763-9800

10
       Facsimile: (510) 834-1417

11
       *Class Counsel*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLFS' OPP'N TO FEDEX'S MIL 4 RE: OFCCP INVESTIGATION – Case Nos. 03-2659 SI, 03-02878 SI