IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL et al., | No. C 03-2659 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY** |
| v. | |
| FEDEX EXPRESS, | |
| Defendant. | |

By letter briefs, the parties have submitted a discovery dispute to the Court for resolution.[1] The parties dispute whether FedEx is required to produce additional discovery[2] related to a personality test developed and implemented in 2006, and used to select employees for customer contact positions. Plaintiffs contend that FedEx should produce documents related to the test in response to a request seeking "[a]ll documents related to any modifications to the BST and/or selection procedures and qualifications for Courier, Ramp Transport Driver, Customer Service Agent, and Customer Representative Positions, since FedEx's First Response [February 1, 2004]." Plaintiffs also assert that a witness produced by FedEx was not able to testify about how the personality test is actually being used at FedEx, and they seek a further Rule 30(b)(6) deposition on this topic.

FedEx argues that it is not required to produce any additional documents because the personality test does not *modify* FedEx's selection procedures and qualifications, but rather it *supplements* existing tools. The Court is not persuaded by FedEx's semantics. The personality test is an additional step that

---

[1] The letter briefs are found at Docket Nos. 595 and 636-38.

[2] While maintaining that it was under no obligation to do so, FedEx voluntarily agreed to produce certain documents related to the test.

applicants must go through during the application process. Even though the new personality test does not supplant existing procedures and qualifications, it "modifies" the selection process by "changing" and "altering" it. *See* The American Heritage Dictionary of the English Language, 4th Ed. (retrieved Feb. 1, 2007, from Dictionary.com website: http://dictionary.reference.com/browse/modify).[3]

After review of Dr. Campion's deposition testimony, the Court further finds that plaintiffs are entitled to a limited Rule 30(b)(6) deposition on the topic of FedEx's actual use of the personality test. Alternatively, plaintiffs may propound a single interrogatory on this topic.

For these reasons, the Court GRANTS plaintiffs' motion to compel documents responsive to Request No. 13 of plaintiffs' Twenty-Seventh Set of Requests for Production of Documents within 10 days of the date of this order. Defendant is also ordered to either produce a Rule 30(b) witness for a **2 hour** deposition limited to the topic of FedEx's actual use of the personality test, or to respond to an interrogatory on this topic within 10 days of the propounding of such an interrogatory.

**IT IS SO ORDERED.**

Dated:   February 6, 2007

SUSAN ILLSTON
United States District Judge

---

[3] The Court is not persuaded by plaintiffs' argument that the personality test documents are responsive to Request No. 11, which sought "documents related to the search for *alternative* criteria and/or selection procedures . . ." (emphasis added). "Alternative" means "allowing or necessitating a choice between two or more things." The American Heritage Dictionary of the English Language, retrieved Feb. 1, 2007, from Dictionary.com website: http://dictionary.reference.com/browse/alternative).

2