Frederick Douglas
(Admitted Pro Hac Vice)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee, 38125
Telephone: (901) 434-8519
Facsimile: (901) 434-9271

SEYFARTH SHAW LLP
Gilmore F. Diekmann, Jr. (SBN: 050400)
Francis J. Ortman, III (SBN: 213202)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Evelyn L. Becker (CA SBN: 170903)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, KALINI BOYKIN, VALERIE BROWN, RICK GONZALES, CYNTHIA GUERRERO, RACHEL HUTCHINS, DANIEL SHERMAN, KELVIN SMITH, SR., and KEN STEVENSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX EXPRESS, a Delaware corporation,<br><br>Defendant. | Case Nos. C03-02659 SI; C03-02878 SI<br><br>SUPPLEMENTAL DECLARATION OF EVELYN L. BECKER IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 9 (PRECLUDE PLAINTIFFS' EXPERT DR. WILLIAM T. BIELBY'S EVIDENCE REGARDING BIAS IN THE FEDEX PERSONNEL SYSTEM)<br><br>Hearing Date: March 2, 2007<br>Hearing Time: 9:00 a.m. |

I, Evelyn L. Becker, hereby declare as follows:

1. I am a member in good standing of the State Bar of California. I am a partner in the law firm of O'Melveny & Myers LLP, and one of the counsel for the Defendant Federal Express Corporation, in this case. I make this supplemental declaration in support of Defendant's Reply to Plaintiffs' Opposition to Motion in Limine No. 9 (Preclude Plaintiffs' Expert Dr. William T. Bielby's Evidence Regarding Bias in the FedEx Personnel System).

2. Attached to this Declaration as Exhibit A are relevant portions of the October 13, 2004 deposition of William T. Bielby, Ph.D.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of February, 2007.

/s/ Evelyn L. Becker
Evelyn. L. Becker

# EXHIBIT A

1

1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF CALIFORNIA

3

4   DERRICK SATCHELL, an individual, )

5   et al., on behalf of themselves )

6   and all others similarly situated,)

7                    Plaintiffs, )

8           vs.                  ) Case No.

9   FEDEX CORPORATION, a Delaware  ) 2002075455

10  corporation,                   )

11                    Defendant.  )

12  — — — — —

13

14      The deposition of WILLIAM T. BIELBY,

15  Ph.D., was taken on Wednesday, October 13,

16  2004, commencing at 8:28 a.m., at the offices

17  of O'Melveny & Myers, 1625 I Street, N.W.,

18  Washington, D.C., before Sal Napolitano, Notary

19  Public in and for the District of Columbia.

20

21

22

William T. Bielby October 13, 2004
Washington, DC

62

1   in the management literature to name a specific
2   company, no. And I wouldn't necessarily
3   suggest this as a scientific approach, but we
4   could go into Google and type in performance
5   evaluation audit best practices and I wouldn't
6   be surprised if something comes up from the
7   management literature that identifies specific
8   companies as exemplars for doing this kind of
9   thing.
10      Q.   What literature are you aware of
11  that recommends systematic random audits as a
12  matter of policy for performance evaluations?
13      A.   I'm not sure whether, you know,
14  random audit is a term you would find as a term
15  of art in the HR management area, but it's -- I
16  mean I think it's part of what is understood to
17  be sound management practice to have mechanisms
18  in place to see that your performance
19  evaluation system is implemented as you
20  designed it.
21      Q.   Can you identify any literature that
22  recommends what you referred to as systematic

William T. Bielby  October 13, 2004
Washington, DC

69

1   and auditing type service. Again, People Click
2   and companies in that area as well, law firms
3   like Morrison & Foerster, I believe your firm
4   does that kind of thing as well to some extent,
5   I'm not familiar with the details of what you
6   advise your clients, but there's certainly a
7   lot that can be done in terms of oversight and
8   monitoring of promotion processes and promotion
9   outcomes.
10       Q.   Other than Boeing are you aware of
11  any other companies that have the type of
12  monitoring of promotion practices that you
13  think is appropriate?
14       A.   Well, again there are companies out
15  there that sell that service and they're still
16  in business so -- and I -- actually we could
17  probably go to their Web sites and they'll
18  mention who their clients are and that will
19  give us a sense of some of the companies who
20  are doing these kinds of things.
21       Q.   Can you identify any companies other
22  than Boeing?

William T. Bielby  October 13, 2004

Washington, DC

238

1   A.   Yes, as I already testified to, the
2   one that I was involved in the litigation
3   context a short while ago.
4   Q.   How large was that company?
5   A.   Big. You know, pretty far up in the
6   Fortune 500.
7   Q.   What type of industry was that?
8   A.   I can't do that. I'd be telling you
9   the company. Generally, manufacturing.
10  Q.   Are you aware of any other companies
11  that have achieved a better solution than FedEx
12  to the concern about biased stereotyping in
13  performance evaluations?
14  A.   You know, my opportunities for doing
15  detailed analyses of a performance evaluation
16  system is pretty much limited to litigation
17  contexts as I think we covered in my deposition
18  testimony today. So I tend to see the ones
19  where concerns have been raised about
20  discrimination and in particular the arbitrary
21  and discretionary exercise of managerial
22  authority. You know, I mean again thinking