Frederick Douglas
*(Admission Pro Hac Vice)*
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8519
Facsimile: (901) 434-9271

SEYFARTH SHAW LLP
Gilmore F. Diekmann, Jr. (SBN: 050400)
Francis J. Ortman, III (SBN: 213202)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

O'MELVENY & MYERS LLP
Evelyn Becker (CA SBN 170903)
1625 "I" Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant
FEDEX EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK SATCHELL, KALINI BOYKIN, VALERIE BROWN, RICK GONZALES, CYNTHIA GUERRERO, RACHEL HUTCHINS, DANIEL SHERMAN, KELVIN SMITH, SR., and KEN STEVENSON, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FEDEX EXPRESS, a Delaware Corporation,

Defendant.

Case No. C03-02659 SI; C03-02878 SI

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE FROM EVIDENCE CORRESPONDENCE FROM THE OFCCP REGARDING THE BST AND RELATED DOCUMENTS CONCERNING THE OFCCP'S INVESTIGATION)**

DATE: March 2, 2007
TIME: 9:00 a.m.
PLACE: Courtroom 10, 19th Floor
JUDGE: The Honorable Susan Illston

# TABLE OF CONTENTS

Page

1. The OFCCP Documents Are Not Relevant To Any Issue To Be Decided By The Jury. .......... 1
2. The Documents At Issue Are Inadmissible Hearsay. .......... 5
3. The Connors and Campion Notes And E-Mails Are Not "Admissions" Of Any Facts Relevant To This Case. .......... 7
4. Plaintiffs Alleged Non-Hearsay Purposes for the Respective Documents Are Not Supported By the Documents. .......... 8
5. The OFCCP Letters Are Not Self-Authenticating. .......... 9
6. Conclusion. .......... 9

Case3:03-cv-02659 Document693 Filed02/09/07 Page3 of 13

# TABLE OF AUTHORITIES

## Statutes

Page

Federal Rules of Evidence
Rule 403 .......... 1
Rule 803(3) .......... 6
Rule 803(8) .......... 5
Rule 803(8)(A) .......... 5
Rule 803(8)(B) .......... 6
Rule 803(8)(C) .......... 6

ii

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE FROM EVIDENCE CORRESPONDENCE FROM THE OFCCP REGARDING THE BST AND RELATED DOCUMENTS CONCERNING THE OFCCP'S INVESTIGATION)

Plaintiffs' arguments in opposition to FedEx's Motion in Limine No. 4 assume facts about the OFCCP documents that are not true and never have been established, give the respective documents inappropriate labels to support their inapplicable arguments, mischaracterize FedEx's arguments and legal positions to create legal arguments that are beside the point, and generally consist of shotgun admissibility arguments that have no factual basis to support them. One thing, however, is clear. Admission of the respective documents would create a side show in the midst of the trial, requiring the parties to litigate what, if anything, the OFCCP was doing, saying, reviewing, alleging, finding, deciding, and thinking in connection with its on-again, off-again inquiries and letters regarding the BST. This side show inevitably will detract from the issues the jury must decide, will confuse the jury regarding the issues being presented to it, and, by plaintiffs' own admission, necessarily would cause the jury inappropriately to view the BST with distrust by incorrectly suggesting that the federal government has found it to be invalid. Thus, regardless of the other points discussed in FedEx's opening brief and below, the OFCCP documents should be excluded under F.R.E. 403.

**1. The OFCCP Documents Are Not Relevant To Any Issue To Be Decided By The Jury.**

Plaintiffs' primary argument regarding the relevance of the OFCCP's three letters to FedEx is that they are "relevant" to FedEx's argument 1) that the BST explains the vast majority of the promotion rate differences plaintiffs use to support their disparate treatment claims, 2) that the test is perceived as, and in fact is valid, and, as a result, 3) that there is no basis for any finding that there is any difference in the promotion rates of equally qualified whites and minorities, or that FedEx has intentionally discriminated against minorities on a class-wide basis because of their race, either by treating equally qualified people differently, or by applying "subjective" criteria to advantage whites in a promotion setting. Plaintiffs attach the label "good faith defense" to this proof construct to set up a "bad faith" argument based on the company's use of a selection device that it allegedly knows is "illegal." They never specify, however, how

the OFCCP's letters rebut any element of FedEx's defense or otherwise establish "bad faith". In fact, all they can say is that FedEx "continued to use and defend the BST more than six years after learning of its adverse impact," which of course does not implicate "bad faith" at all: knowledge of "adverse impact" does not indicate knowledge, or even a suspicion, that the BST is not valid or "illegal." Simply stated, there is nothing illegal about using a valid test, even if it has adverse impact, and nothing in the OFCCP's letters in 2000, 2003, or 2005 establishes that the BST is not valid. And, plaintiffs do not need the OFCCP's correspondence to establish knowledge by FedEx that the BST has adverse impact.

As FedEx pointed out in its opening brief, none of the OFCCP's three letters are final findings, determinations, reports, or assessments. They are nothing more than issue presentations. None of them were preceded by a review and analysis of FedEx's extensive validity evidence, and the latest letter in 2005 merely initiated an investigation that still is ongoing and in which no findings or conclusions have been reached. The letters are simply the OFCCP's means of initiating an investigation and obtaining information relevant to the issues and concerns raised by the letters. They establish *nothing* relevant to this case.

Plaintiffs' further argument that FedEx "made a series of misrepresentations in its correspondence" to the OFCCP (Pl. Br. 5:17) highlights precisely why the various OFCCP documents should not be admitted. FedEx denies that anything it communicated to the OFCCP was a "misrepresentation" or was inaccurate in any respect. The OFCCP itself certainly has not found any of FedEx's statements to be incorrect. Thus, introduction of these letters into evidence, along with plaintiffs' "misrepresentation" arguments focused on them, would result in a jury trial over the accuracy of FedEx's statements to the OFCCP in a proceeding in which the OFCCP is not even involved – a confusing mini-dispute over issues not relevant to the matters the jury is to decide in this case. What FedEx said to the OFCCP regarding the BST is not

Case3:03-cv-02659 Document693 Filed02/09/07 Page6 of 13

material in any respect to the question of whether it discriminated against African-Americans and Hispanics on a class wide basis, or is liable for punitive damages if it did so.[1]

Plaintiffs want to introduce the OFCCP documents *not* because they show "bad faith" (they do not), but to improperly and incorrectly suggest to the jury that "the government" has found the BST to be invalid (it has not). They hope to create a diversion from the truly material evidence regarding the test's validity and to unfairly prejudice the jury's objective analysis of that evidence by attempting to smear FedEx with accusations and innuendo based on proceedings in an entirely different forum that remain unresolved. The documents at issue, and the fact of the other proceeding, are not material here, and to the extent they have any relevance at all, it is outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury.

Plaintiffs' assertion that the OFCCP investigation and documents also are relevant to their disparate impact claim is equally specious. It is based on the unfounded, false assumption that the OFCCP has "found," as opposed to "alleged," something about the BST. The OFCCP certainly has not "found" the BST to be invalid, nor has it "found" there to be equally valid, less adverse alternatives to it. Thus, the agency has not made any findings relevant to the issues to be decided here. Although the letters indicate that the OFCCP *also* has not "found" the test to be valid, that too is an irrelevant non-finding, and it is a non-finding based on the fact that the agency until recently had not seen all of FedEx's voluminous validity evidence and, to date, has

---

1 Any doubt that plaintiffs always have intended to make the validity of the BST an element of their disparate treatment and punitive damage claims is thoroughly dispelled by their opposition to Motion in Limine No. 4. Contrary to their prior representations to this court, it now is clear that they in fact *do* intend to argue that FedEx's use of the allegedly invalid BST supports their disparate treatment and punitive damage claims. FedEx hopes the court will remember these arguments if and when plaintiffs ever argue again that the validity of the BST is not a jury issue. Based on the arguments plaintiffs have presented in opposition to this motion, it clearly *is* a jury issue, and plaintiffs cannot again be heard to argue that it is not.

3

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE FROM EVIDENCE CORRESPONDENCE FROM THE OFCCP REGARDING THE BST AND RELATED DOCUMENTS CONCERNING THE OFCCP'S INVESTIGATION)

Case3:03-cv-02659 Document693 Filed02/09/07 Page7 of 13

not completed its investigation or entered *any* final findings. Again, therefore, the letters are not material in any way to plaintiffs' disparate impact claims.[2]

Plaintiffs' final relevance argument is that Dr. Campion's notes show that, in advising FedEx regarding the OFCCP's requests for information and attending a meeting with the OFCCP, he took direction from a company attorney and was attempting to convince the OFCCP that the BST was valid. Plaintiffs argue that this "evidence" in some way raises questions regarding Dr. Campion's independence in connection with the company's response to the OFCCP's information request. Why this issue is relevant to his role *in this case*, however, is not explained. One can act as a consultant in one case, and as an expert witness in another matter, without making the details of the consulting arrangement a matter of relevance in the case where expert witness testimony is being offered. Plaintiffs certainly are free to ask Dr. Campion if he previously has been retained by FedEx on other projects, and to comment in general on the nature of his previous engagements, but they need not (and indeed should not be allowed to) go into the details of what exactly was said and done by the OFCCP and in OFCCP-related communications in order to question his impartiality as an expert witnesses here. Once again, plaintiffs' intention to use the OFCCP documents to litigate before the jury the irrelevant issue of what is happening in the OFCCP investigation could not be clearer. Plaintiffs have ample means of demonstrating Dr. Campion's bias without the documents at issue, and without incorrectly suggesting the OFCCP has "found" anything with respect to the BST.[3]

Plaintiffs' response to FedEx's arguments that the OFCCP has no regulatory authority to interpret Title VII or to expand its requirements essentially avoids the question by noting the

[2] The agency's statement that it observed adverse impact of the BST in a single facility in Ohio (not in the Western Region) in a time period prior to the liability period at issue here does not establish adverse impact in any respect in the Western Region during the relevant liability period. Nor is the agency's statement necessary to plaintiffs' ability to establish adverse impact. Plaintiffs have complete statistical data for the entire Western Region with which to prove it – far more data than the OFCCP ever has requested or reviewed. The OFCCP's preliminary letters add nothing to that issue.

[3] Because the OFCCP has not reached any conclusions on the validity of the BST, plaintiffs alleged desire to cross examine Dr. Campion regarding its conclusions is baseless. There are no "conclusions" to cross examine him about.

4

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE FROM EVIDENCE CORRESPONDENCE FROM THE OFCCP REGARDING THE BST AND RELATED DOCUMENTS CONCERNING THE OFCCP'S INVESTIGATION)

Case3:03-cv-02659 Document693 Filed02/09/07 Page8 of 13

agency's "enforcement" powers and equating enforcement authority with "interpretative" and "regulatory" authority. Needless to say, they cite no authority for this odd proposition. They do not contest the fact that the agency only can investigate compliance with federal contractors' contractual obligations and then, acting as a *party*, pursue any claims it may wish to pursue based upon its allegation of a violation. That authority does *not* encompass authority to issue statutory interpretations or regulations entitled to deference in the courts, nor does it make the OFCCP's investigative letters citing potential violations admissible as evidence in unrelated judicial proceedings. The OFCCP's final allegations must be presented to, proved, and adopted by a court to be involuntarily enforced. Here, the OFCCP has not even made any final findings or decisions regarding the BST, much less obtained a court order validating such findings. None of the documents at issue in this motion establish otherwise, and as a result none of them have any relevance to this case.[4]

**2. The Documents At Issue Are Inadmissible Hearsay.**

Plaintiffs do not dispute that all of the documents covered by this motion are hearsay. Instead, they argue that they are covered by certain exceptions to the hearsay rule.

Plaintiffs' first argument is that the three letters to FedEx from the OFCCP are admissible under the "public records" exception of F.R.E. 803(8). Yet, none of the three letters at issue here are covered by the three types of records made admissible by the exception. Contrary to plaintiffs' *ipse dixit* assertion, the letters do not describe the activities of the OFCCP in the manner contemplated by F.R.E. 803(8)(A), as they simply discuss a specific audit, not the agency's general activities. In addition, the agency's "activities" are not relevant or material to this case. As a result F.R.E. 803(8)(A) does not make the documents admissible. F.R.E. 803(8)(B) does not apply because the letters do not relate to matters the OFCCP "observed pursuant to a duty imposed by law *as to which matters there was a duty to report.*" Unlike, for

[4] The authorities plaintiffs cite regarding final findings and reports of public agencies contained "in public records" are inapposite. The documents at issue (a) are not final reports or findings, and (b) are not "in the public record."

5

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE FROM EVIDENCE CORRESPONDENCE FROM THE OFCCP REGARDING THE BST AND RELATED DOCUMENTS CONCERNING THE OFCCP'S INVESTIGATION)

Case3:03-cv-02659 Document693 Filed02/09/07 Page9 of 13

example, weather tables, pricing reports, and similar types of reports prepared by various government agencies, the letters are not "observations" of matters upon which the OFCCP "has a duty to report." They are letters to a government contractor raising specific issues and seeking information; they do not report on anything, and do not contain information the OFCCP "has a duty to report." Consequently, the letters are not admissible under F.R.E. 803(8)(B). Finally, none of the letters contains any factual findings, as all of them are nothing more than preliminary assertions designed to trigger an investigation, not final findings at the conclusion of an investigation. The fact that the OFCCP had not reviewed *any* information regarding the BST when it wrote the 2000 letter, and only limited information when it wrote the 2003 and 2005 letters, and the further fact that it has not entered any final findings or conclusions, also demonstrate that statements in the letters are not trustworthy factual findings. Consequently, the letters are not admissible under F.R.E. 803(8)(C) either.

Plaintiffs' argument that the OFCCP documents are admissible under the "state of mind" exception of F.R.E. 803(3) is incorrect as well. First, the OFCCP's "state of mind" is not an issue in the case. Second, F.R.E. 803(3) specifically precludes statements of belief being introduced to prove the belief, except in connection with a declarant's will. For both of these reasons, the state of mind exception does not make the letters admissible.[5]

Plaintiffs finally argue that FedEx intends to offer other OFCCP letters finding that other facilities in which the BST is used have been found to be in compliance with the requirements of Executive Order 11246. FedEx has identified these letters only as a rebuttal and response to the evidence it seeks to exclude in this motion. If the motion is granted, as it should be, FedEx will not offer the OFCCP letters finding it in compliance. The bottom line with respect to *both sets* of letters is that what the OFCCP has said and done in various audits of FedEx's facilities is not relevant to any issue to be decided in this litigation. It would be a tremendous waste of time and

5 The same reasoning applies to Ms. Connors' and Dr. Campion's "state of mind" in preparing a response to the OFCCP's 2005 letter and in their meeting with the OFCCP in January of 2006.

6

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE FROM EVIDENCE CORRESPONDENCE FROM THE OFCCP REGARDING THE BST AND RELATED DOCUMENTS CONCERNING THE OFCCP'S INVESTIGATION)

resources in this trial, as well as distracting and confusing to the jury, to essentially ask the jury to decide on conflicting evidence what the OFCCP thinks about the BST's validity without any testimony or current information from the OFCCP itself. Thus, from a trial evidence standpoint, no correspondence from the OFCCP should be received into evidence. All of it is equally irrelevant, equally immaterial, equally misleading, equally confusing, and equally distracting.

### 3. The Connors and Campion Notes And E-Mails Are Not "Admissions" Of Any Facts Relevant To This Case.

Plaintiffs seem to believe that any statement made by an employee or agent of an employer is an "admission". They also seem to believe that any statement of fact that may qualify as an admission makes the entire document in which the statement is contained admissible. Neither belief is correct, and neither is supported by any authority presented in plaintiffs' brief.

With respect to Ms. Connors, plaintiff does not identify a single statement of fact in any documents she authored that they believe is an "admission" by the company of a fact relevant to this case. It therefore is impossible to determine whether any "admission" she made is relevant to any issue in the case. The only document plaintiffs cite regarding Ms. Connors' alleged admissions is Exhibit 7 to FedEx's opening brief, which in fact does contain a number of statements of fact. Plaintiffs fail, however, to specify which statements they wish to introduce as an "admission" of the company within the scope of Ms. Connors' authority to speak for it. And, even if there are such statements, and even if they are in fact relevant, that circumstance would not make the entire letter admissible. Because the letter is essentially a legal brief, plaintiffs probably have not identified any specific factual admissions because all of them are favorable to FedEx. They only want the letter admitted so they can inject Ms. Connors' descriptions of the OFCCP's "issues" into the case, using them to lead the jury to believe that the OFCCP had made adverse findings with respect to the BST. Needless to say, Ms. Connors' descriptions of the OFCCP's "issues" are not admissions of fact. If plaintiffs indeed believe that there are relevant

Case3:03-cv-02659 Document693 Filed02/09/07 Page11 of 13

admissions of fact in the letter, they must be required to identify them, explain their relevance, and indicate how they may be used at trial. One way or the other, however, the hypothetical existence of such "admissions" does make the entire letter admissible, nor does it justify comment and argument regarding the OFCCP's investigation.

The same considerations apply to Dr. Campion's notes and e-mails, regardless of whether he is considered an "agent" of the company with respect to its dealings with the OFCCP. Again, plaintiffs identify no specific "admissions" contained in any of his documents that concern facts relevant to the issues to be decided at this litigation. The only statements plaintiffs cite in their brief concern Dr. Campion's role in responding to the OFCCP's letter and his goals in doing so. As previously noted, however, his role in responding to the OFCCP is not relevant or material to the BST issues the jury must decide here – whether the BST is job-related (valid) and whether there are any equally valid less adverse alternatives to it. Plaintiffs cite no "admissions" by Dr. Campion on those issues that they believe should be received in evidence. And, if Dr. Campion's testimony at trial deviates from anything he said in any of the documents at issue, plaintiffs could bring the contrary statements he made in the documents to his attention, and impeach him with them, without offering the entire document into evidence or referring to the OFCCP at all.

**4. Plaintiffs Alleged Non-Hearsay Purposes for the Respective Documents Are Not Supported By the Documents.**

Plaintiffs alleged "non-hearsay purposes" for introducing the OFCCP documents simply rehash their relevance arguments and do nothing more than confirm that they want to introduce the documents to establish that statements in them (a) provide a basis for some type of "bad faith" argument based on FedEx's failure to accept the OFCCP's statements as establishing invalidity (when in fact they do not), and (b) to cross examine Dr. Campion regarding the OFCCP's "findings" (when no findings have been made). These are not "non-hearsay" uses of the documents – both uses are based on assumptions regarding "findings" that the documents do

8

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE FROM EVIDENCE CORRESPONDENCE FROM THE OFCCP REGARDING THE BST AND RELATED DOCUMENTS CONCERNING THE OFCCP'S INVESTIGATION)

Case3:03-cv-02659 Document693 Filed02/09/07 Page12 of 13

not contain and the assumed truth of statements made in the letters. Thus, the stated purposes directly invoke the hearsay rule, and raise the same irrelevance, confusion and immaterially considerations previously discussed.

**5. The OFCCP Letters Are Not Self-Authenticating.**

Plaintiffs argument that the documents need not be authenticated because FedEx produced them is nonsense. The fact that FedEx has a copy of a document does not mean that plaintiffs are excused from establishing all of the facts necessary to demonstrate its admissibility. For example, plaintiffs want to *argue* that the OFCCP letters are final determinations that followed a full investigation and a considered analysis of the underlying facts, but they want to be relieved of the obligation of establishing the accuracy and validity of those assertions. They want to be able to *argue* exceptions to the hearsay rule without demonstrating any factual basis for them. They want the freedom to characterize the letters without any foundation from the OFCCP supporting the characterization. In sum, they seem to believe they can simply say the documents are what they would like them to be without any verification of their assertions, and without any demonstration even that the documents are public records, much less investigative findings. Absent an evidentiary foundation establishing what the documents are, and their function and role in the OFCCP enforcement process, there is no basis for concluding that the OFCCP's letters fall within any exception to the hearsay rule, are reliable or trustworthy, or are admissible.

**6. Conclusion.**

Plaintiffs seek admission of the OFCCP documents at issue in this motion to mislead the jury into believing that the OFCCP has held the BST to be invalid and/or has disapproved the company's validation studies. It has not done so, and in fact still is considering those issues. Plaintiffs therefore should be precluded from introducing the documents, thereby injecting into the trial a side-show debate over what the OFCCP is, what it has done, what its letters mean, and what relevance its statements have to the issues being tried. The *jury* is to decide on the

9

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE FROM EVIDENCE CORRESPONDENCE FROM THE OFCCP REGARDING THE BST AND RELATED DOCUMENTS CONCERNING THE OFCCP'S INVESTIGATION)

evidence *it* receives whether the BST is valid. What the OFCCP has done, is doing, or has said with respect to *different* evidence is beside the point. The documents at issue provide no information relevant or helpful to the jury's independent consideration of the facts and evidence it will receive at trial. Litigating what the OFCCP thinks, believes, and even may allege, would be a pointless, wasteful endeavor that could only lead to unfair prejudice, confusion of issues, misleading arguments and assertions, and a waste of judicial time and resources.

For these reasons, and those described above and in FedEx's opening brief, the court should grant FedEx's Motion in Limine No. 4 and should enter an order in limine excluding from evidence correspondence from the OFCCP to FedEx and any other documents concerning the OFCCP's ongoing investigation.

DATED:February 9, 2007

FREDERICK DOUGLAS
FEDERAL EXPRESS CORPORATION

SEYFARTH SHAW LLP

By */s/ Gilmore F. Diekmann, Jr.*
Gilmore F. Diekmann, Jr.
Attorneys for Defendant FEDEX EXPRESS

SF1 28274978.2 / 24571-000006