1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DERRICK SATCHELL, KALINI BOYKIN, VALERIE BROWN, RICK GONZALES, CYNTHIA GUERRERO, RACHEL HUTCHINS, TYRONE MERRIT, KELVIN SMITH, SR., and KEN STEVENSON, on behalf of themselves and all others similarly situated, | Case No.: C03-2659 SI; C 03-2878 SI <br><br> CLASS ACTION <br><br> **[PROPOSED] ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASSES, (3) DIRECTING DISTRIBUTION OF NOTICE OF THE SETTLEMENT, AND (4) SETTING A SCHEDULE FOR THE FINAL SETTLEMENT APPROVAL PROCESS** |
|               Plaintiffs, | |
| vs. | |
| FEDERAL EXPRESS CORPORATION, a Delaware Corporation, | |
|               Defendant. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  INTRODUCTION

The Court certified this case as a class action on September 28, 2005, and the parties completed substantially all pre-trial preparation.  Under the supervision of a mediator, Plaintiffs and Defendant FedEx Express ("FedEx Express") (collectively, the "Parties") engaged in lengthy settlement discussions over the course of several months in order to negotiate a settlement of this litigation.  The terms of the proposed settlement ("Settlement") are set forth in this Preliminary Approval Order, which has been jointly approved and proposed by both Parties, and in the [Proposed] Consent Decree ("Decree") (attached hereto as Exhibit 1).

On April 9, 2007, the parties jointly submitted this [Proposed] Order, and Plaintiffs filed a Motion for an Order Preliminarily Approving Class Action Settlement, Provisionally Certifying Settlement Classes, Directing Distribution of Notice of the Settlement, and Setting a Schedule for the Final Settlement Approval Process.  In their Motion, Plaintiffs requested that the Court grant conditional certification of settlement classes of African American and Latino hourly employees and African American Operations Managers under Rule 23(b)(3) for monetary relief (with a right to opt out of the settlement pursuant to Fed.R.Civ.Proc. 23(e)(3)) and under Rule 23(b)(2) for injunctive relief (with no opt out right).  Plaintiffs also requested that the Court grant preliminary approval to the [Proposed] Consent Decree, including the injunctive relief, proposed plan of allocation to class members, and service payments to Class Representatives and 18 additional declarants ("Declarants").  Plaintiffs also requested that the Court approve a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached hereto as Exhibit 2) and a proposed Claim Form (attached hereto as Exhibit 3).

Having reviewed the [Proposed] Consent Decree and Motion, along with the files and records of this case, the Court now FINDS, CONCLUDES, and ORDERS as follows:

## II.  LITIGATION BACKGROUND

On December 12, 2002, Plaintiffs filed the *Satchell* case in the Alameda County Superior

1     Court, which they amended on May 18, 2003.  On June 6, 2003, Defendants removed the case to the

2     Northern District of California pursuant to 28 U.S.C. §§ 1332 and 1441(b).  On June 19, 2003,

3     Plaintiffs filed the *Caldwell* case in the Northern District of California alleging that FedEx Express

4     violated 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 by discriminating against its

5     African American and Latino employees on the basis of race and national origin. On September 25,

6     2003, the Court issued an order relating the *Caldwell* and *Satchell* cases, and on November 13, 2003,

7     pursuant to a stipulation of the parties, the cases were consolidated for all purposes.

8          Plaintiffs' First Consolidated Amended Complaint was filed on November 12, 2003, and the

9     operative Third Amended Consolidated Complaint was filed on November 14, 2006.  The named

10     plaintiffs are Derrick Satchell, Kalini Boykin, Valerie Brown, Rick Gonzales, Cynthia Guerrero,

11     Rachel Hutchins, Tyrone Merritt, Kelvin Smith, Sr., and Ken Stevenson.  Plaintiffs allege that, in

12     violation of Title VII and Section 1981, FedEx Express discriminates against its African American and

13     Latino hourly employees with respect to promotions, compensation, and discipline, and discriminates

14     against its African American Operations Managers with respect to compensation and discipline.

15     Specifically, Plaintiffs allege that FedEx Express's use of the Basic Skills Test ("BST") as a selection

16     device for certain hourly jobs violates Title VII because the test has a disparate impact on African

17     Americans and Latinos and cannot be justified by business necessity, and that FedEx Express uses

18     overly subjective practices with respect to promotions, compensation, and discipline that both allow

19     intentional discrimination against African Americans and Latinos and have a disparate impact on

20     African Americans and Latinos which cannot be justified by business necessity.

21          FedEx Express denied, and continues to deny, all of the allegations in the complaint, and

22     specifically denies that it has discriminated against its African American and Latino employees, or that

23     it has any liability in this matter.

24          On September 28, 2005, the Court certified two classes:

1. A "Minority Employee Class" consisting of all African-American and Latino Handlers, Freight Handlers, Material Handlers, Checker-Sorters, Customer Service Agents, Couriers, Swing Drivers, Ramp Transport Drivers, Ramp Area Drivers, Shuttle Drivers, Dangerous Goods Agents, Information Agents, Operations Agents, Ramp Agents, Service Assurance Agents, Truck Control Agents, Trace Representatives, Input Auditors, Team Leaders, and Dispatchers, working in defendant's Western Region, who are or were employed during the class period, who allege claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (both disparate impact and disparate treatment), 42 U.S.C. § 1981, and for those class members working, or who worked, in California, the California Fair Employment and Housing Act; and

2. An "African-American Lower-Level Manager Class" consisting of all African-American Operations Managers working in defendant's Western Region during the class period who allege claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (both disparate impact and disparate treatment), 42 U.S.C. § 1981, and for those class members working, or who worked, in California, the California Fair Employment and Housing Act.

The parties vigorously litigated the case, including filing numerous motions to compel discovery, summary judgment motions against six of the Class Representatives, and 21 motions *in limine*. The parties also substantially completed pretrial preparation, including the exchange of proposed exhibits and verdict forms.

## III. CERTIFICATION OF SETTLEMENT CLASSES

For settlement purposes only, the Parties have proposed conditional certification of the following settlement classes:

For purposes of the injunctive and declaratory relief provided in the Decree, injunctive-relief classes certified under Federal Rule of Civil Procedure 23(b)(2) and consisting of:

1. All Minority employees of the AGFS or DGO Divisions of FedEx Express who are or were employed in the position of Handlers, Freight Handlers, Material Handlers, Checker-Sorters, Customer Service Agents, Couriers, Swing Drivers, Ramp Transport Drivers, Ramp Area Drivers, Shuttle Drivers, Dangerous Goods Agents, Information Agents, Operations Agents, Ramp Agents, Service Assurance Agents, Truck Control Agents, Trace Representatives, Import Auditors,

PROPOSED ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT
- CASE NO.: C03-2659 SI; C 03-2878 SI

1  Team Leaders, and Dispatchers in the COMATs that comprise the Western Region at any time

2  between October 17, 1999, and the end of the Decree.

3        2.    All African American employees of the AGFS and DGO Divisions of FedEx

4  Express who are or were employed in the position of Operations Managers in the COMATs that

5  comprise the Western Region at any time between October 17, 1999, and the end of the Decree.

6       For purposes of the monetary relief provided in the Decree, a Settlement Class certified under

7  Federal Rule of Civil Procedure 23(b)(3) and consisting of:

8        3.    All Minority employees of the AGFS or DGO Divisions of FedEx Express who

9  are or were employed in the position of Handlers, Freight Handlers, Material Handlers, Checker-

10  Sorters, Customer Service Agents, Couriers, Swing Drivers, Ramp Transport Drivers, Ramp Area

11  Drivers, Shuttle Drivers, Dangerous Goods Agents, Information Agents, Operations Agents, Ramp

12  Agents, Service Assurance Agents, Truck Control Agents, Trace Representatives, Import Auditor,

13  Team Leaders, and Dispatchers in the COMATs that comprised the Western Region at any time

14  between October 17, 1999, and the Preliminary Approval Date, who do not timely opt out.

15  All African American employees of the AGFS or DGO Divisions of FedEx Express who are or were

16  employed in the position of Operations Managers in the COMATs that comprised the Western Region

17  at any time between October 17, 1999, and the Preliminary Approval Date who do not timely opt out.

18       The Court previously considered and ruled upon Plaintiffs' Motion for Class Certification, and

19  found that the classes proposed by Plaintiffs satisfied all requirements of Rule 23(a) and Rule 23(b)(2).

20  The differences between the classes certified by the Court in September 2005 and the Classes certified

21  by this order are that (1) the Classes certified by this order are divided into (a) opt-out Settlement

22  Classes under Rule 23(b)(3) for monetary relief and (b) non-opt-out Classes under Rule 23(b)(2) with

23  respect to injunctive relief; and (2) the Class Periods for membership in the respective Classes are

24  defined as (a) October 17, 1999 through the date of Preliminary Approval for the Monetary Relief

25  Settlement Class, and (b) October 17, 1999 through the end of the term of the Consent Decree for the

26  Injunctive Relief Classes.

27

28

1   As with the Classes certified on September 27, 2005, the proposed injunctive-relief and

2   Settlement Classes allege claims for race and national origin discrimination brought under the Civil

3   Rights Act of 1964 (both disparate impact and disparate treatment), 42 U.S.C. §1981, and, for those

4   Class Members working, or who worked, in California, the California fair Employment and Housing

5   Act.

6   Based on the previously filed class certification papers, and this Court's prior findings and

7   rulings thereon, the Court hereby FINDS and CONCLUDES that the injunctive-relief classes set forth

8   above satisfy all of the requirements for certification under Rule 23(a) and Rule 23(b)(2), and the

9   COURT hereby CERTIFIES those injunctive-relief classes.

10   Based on the previously filed class certification papers, and this Court's prior findings and

11   rulings thereon, the Court also hereby FINDS and CONCLUDES that the monetary-relief Settlement

12   Class described above satisfies all of the requirements for certification under Rule 23(a). In addition,

13   having carefully considered the papers filed in connection with this motion, the entire record in this

14   case, the arguments of counsel, and the requirements of Rule 23(b)(3), the Court FINDS and

15   CONCLUDES that the monetary-relief Settlement Class satisfies the requirements for certification

16   under Rule 23(b)(3). Questions of law or fact common to the class predominate over individualized

17   issues, and a class action is superior to other available methods for the fair and efficient adjudication of

18   the controversy. Because certification of the monetary-relief Settlement Class is proposed in the

19   context of a settlement, the Court need not inquire whether the case, if tried as a class action, would

20   present intractable management problems. The Court hereby CERTIFIES the monetary-relief

21   Settlement Class as set forth above.

22   **IV.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

23   The Court previously found eight of the Class Representatives to be typical and adequate, and

24   appointed them as Class Representatives. In its Class Certification Order, the Court ordered Plaintiffs

25   to add a Class Representative who had a claim regarding the BST, and Plaintiff did so. The Court

26   hereby finds that the newly-named Class Representative, Tyrone Merritt, is also typical and adequate,

27   and may serve as a Class Representative. Accordingly, for settlement purposes, this Court hereby

28

1    appoints Derrick Satchell and Kalini Boykin as Class Representatives for the Operations Manager

2    Class and Valerie Brown, Rick Gonzales, Cynthia Guerrero, Rachel Hutchins, Tyrone Merritt, Kelvin

3    Smith, Sr., and Ken Stevenson as Class Representatives for the Minority Employee Class.

4         This Court previously appointed seven law firms as Class Counsel.  Plaintiffs have proposed

5    that Barry Goldstein be appointed additional Class Counsel.  Mr. Goldstein has extensive experience

6    and expertise in litigating, settling, and monitoring cases of this sort.  Accordingly, for purposes of

7    settlement and conditional certification of the Settlement Class, the following are appointed Class

8    Counsel:  Altshuler Berzon LLP; Barry Goldstein, of counsel to Goldstein, Demchak, Baller, Borgen,

9    and Dardarian; Law Office of John Burris; Law Offices of Michael S. Davis; Law Offices of Waukeen

10   McCoy; Law Offices of Kay McKenzie Parker; Lieff, Cabraser, Heimann & Bernstein, LLP; and

11   Schneider & Wallace.

12

13        **V.    PRELIMINARY APPROVAL OF CONSENT DECREE**

14        The Court has reviewed the terms of the [Proposed] Consent Decree attached as Exhibit 1,

15   including specifically the injunctive relief provisions and the plan of allocation, and the Plaintiffs'

16   description of the settlement in the Motion papers.  The Court has also read and considered the

17   declarations of James M. Finberg and Barry Goldstein in support of preliminary approval.  Based on

18   review of those papers, and the Court's familiarity with this case, the Court concludes that the

19   settlement and Consent Decree are the result of extensive, arms'- length negotiations between the

20   Parties after lengthy and exhaustive litigation, including thorough discovery and extensive motion

21   practice and pre-trial preparation.  The assistance of an experienced mediator in the settlement process

22   confirms that the settlement is non-collusive.  Based on that review, and the Court's familiarity with

23   the issues in the case, the Court concludes that the proposed Consent Decree has no obvious defects

24   and is within the range of possible settlement approval, such that notice to the Class is appropriate.

25        IT IS THEREFORE ORDERED THAT:

26        1.    The [Proposed] Consent Decree and the settlement it embodies are hereby

27   PRELIMINARILY APPROVED.  Final approval and entry of the Consent Decree is subject to the

28

PROPOSED ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT
- CASE NO.: C03-2659 SI; C 03-2878 SI

hearing of any objections of members of the Settlement Class to the proposed settlement embodied in the Consent Decree.

2.      Pending the determination of the fairness of the Consent Decree, all further litigation of this action is hereby STAYED, the trial scheduled to begin on May 7, 2007 is POSTPONED indefinitely and all rulings on all pending motions before the Court are hereby DEFERRED.

## VI.    APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE AND CLAIM FORM

The Parties have also submitted for this Court's approval a proposed Class Notice and a proposed Claim Form, which the Court has carefully reviewed.

The proposed Class Notice appears to be the best notice practical under the circumstances and appears to allow Class Members a full and fair opportunity to consider the proposed Settlement and develop a response. The proposed plan for distributing the Class Notice and Claim Form, which is to be attached to the Class Notice, likewise appears to be a reasonable method calculated to reach all members of the Class who would be bound by the Settlement. Under this plan, the Claims Administrator will distribute the Class Notice to Settlement Class Members by first class U.S. Mail. There appears to be no additional method of distribution that would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class, the identity of Class Counsel, and the essential terms of the Settlement and Decree, including injunctive relief and the plan of allocation; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees, the proposed service payments to Class Representatives and Declarants, and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement, and about class members' right to appear through counsel if they desire; (5) appropriate information about how to challenge or opt-out of the Settlement, if they

1   wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this

2   litigation, the Settlement, and the Decree.

3         Similarly, the proposed Claim Form appears to allow members of the Settlement Classes a full

4   and fair opportunity to submit a claim for proceeds in connection with the Settlement.  Moreover, the

5   Claim Form fairly, accurately, and reasonably informs Settlement Class Members that failure to

6   complete and submit a Claim Form, in the manner and time specified, shall constitute a waiver of any

7   right to obtain any share of the Settlement Payment.

8         The Court, having reviewed the proposed Class Notice and Claim Form (collectively "Notice

9   Materials"), finds and concludes that the proposed plan for distributing them will provide the best

10   notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due

11   process requirements.  Accordingly, the Court hereby ORDERS as follows:

12           A.     The form and manner of distributing the proposed Notice

13   
14   Materials are hereby approved.

15           B.     Promptly following the entry of this Order, the Claims

16   Administrator shall prepare final versions of the Notice Materials, incorporating into the

17   Notice the relevant dates and deadlines set forth in this Order.

18           C.     Within twenty days following the Preliminary Approval Date,

19   
20   FedEx Express shall provide the Claims Administrator with computer readable information, in

21   a format acceptable to the Claims Administrator, that contains the full names, social security

22   numbers, FedEx Express employee ID, last known addresses and phone numbers, start dates

23   and, as applicable, end dates of employment with FedEx Express from October 17, 1999 to the

24   date of Preliminary Approval in class positions, class positions held (and date for each

25   position, and status as casual, part-time, or full time), first date that the employee took and

26   failed at least one portion of the BST, and the date of any subsequent passage of all portions of

27   
28   

PROPOSED ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT
- CASE NO.:  C03-2659 SI; C 03-2878 SI

1   the BST.

2               D.      Within twenty days following the Preliminary Approval Date,

3   Class Counsel shall provide the Claims Administrator with a computer readable list of all

4   known potential Settlement Class members and their mailing addresses.  Prior to the mailing

5   of the Notices, the Claims Administrator will combine these lists of potential Settlement Class

6   members received from FedEx Express and Class Counsel and update any new address

7   information for potential class members as may be available through the National Change of

8   Address ("NCOA") system.

9               E.      Within 40 days of the Preliminary Approval Date, the Claims

10  Administrator shall mail, via first class postage, the Notice Materials to all known potential

11  Settlement Class members at their last known address or at the most recent address that may

12  have been obtained through the NCOA.  The Claims Administrator will trace all returned

13  undeliverable notices and re-mail to the most recent address available.

14              F.      The Claims Administrator shall take all reasonable steps to

15  obtain the correct address of any Class Members for whom the notice is returned by the post

16  office as undeliverable and otherwise to provide the Class Notice.  The Claims Administrator

17  shall notify Class Counsel of any mail sent to Class Members that is returned as undeliverable

18  after the first mailing as well as any such mail returned as undeliverable after any subsequent

19  mailing(s).

20              G.      The Claims Administrator shall take all other actions in

21  furtherance of claims administration as are specified in the Decree.

**VII.    Procedures For Final Approval Of The Settlement**

**A.  Fairness Hearing**

The Court hereby schedules a hearing to determine whether to grant final certification of the Settlement Classes, and final approval of the Consent Decree (including the proposed plan of allocation, injunctive relief, payment of attorneys' fees and costs, and service payments to the Class Representatives and the Declarants) (the "Fairness Hearing") for August 9, 2007     (date) at   3:30 p.m. (time) [August 10, 2007, at 9:00 am, or another day and time approximately 100 days from Preliminary Approval Date].  If any attorney will be representing a class member objecting to the Consent Decree, the attorney shall file a notice of appearance with the Court and serve counsel for all parties at least 14 days before the Fairness Hearing.

**B.    Deadline To Request Exclusion From The Settlement**

Class members may exclude themselves, or opt-out, of the monetary relief provisions of the class settlement.  Any request for exclusion must be in the form of a written "opt-out" statement sent to the Claims Administrator.  Information on how to opt-out of the settlement shall be made available by the Claims Administrator.  A person wishing to opt-out must sign a statement which includes the following language:

> I understand that I am requesting to be excluded from the class monetary settlement and that I will receive no money from the settlement fund created under the Consent Decree entered into by FedEx Express.  I understand that if I am excluded from the class monetary settlement, I may bring a separate legal action seeking damages, but may receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case.  I also understand that I may not seek exclusion from the class for injunctive relief and that I am bound by the injunctive provisions of the Consent Decree entered into by FedEx Express.

To be effective, any opt-out statement must be sent to the Claims Administrator at the address provided in the Class Notice via First Class United States Mail, postmarked no later than 45 days after the Claims Administrator first mails the Class Notice to the Class.  Only those class members who request exclusion in the time and manner set forth herein shall be excluded from the class for monetary relief purposes.  Pursuant to Federal Rules of Civil Procedure 23(b)(3) and (c)(2), the terms and

1    provisions of the Consent Decree concerning monetary relief shall have no binding effect on any

2    person who makes a timely request for exclusion in the manner required by this Order.

3         The Claims Administrator shall date stamp the original of any opt-out statement and serve

4    copies on both FedEx Express and Class Counsel via facsimile and overnight delivery within two (2)

5    business days of receipt of such statement. The Claims Administrator will also file the original opt-out

6    statements with the Clerk of the Court no later than five (5) days prior to the scheduled Fairness

7    Hearing date. The Claims Administrator shall retain copies of all opt-out statements until such time as

8    it has completed its duties and responsibilities under this Decree.

9         Class members shall be permitted to withdraw or rescind their opt-out statements by submitting

10   a "rescission of opt-out" statement to the Claims Administrator. The rescission of opt-out statement

11   shall include the following language:

12
13   > I previously submitted an opt-out statement seeking exclusion from the class monetary
     > settlement. I have reconsidered and wish to withdraw my opt-out statement. I
     > understand that by rescinding my opt-out I may be eligible to receive an award from the
14   > claims settlement fund and may not bring a separate legal action against FedEx Express
     > seeking damages with respect to the Released Claims.
15

16        A class member wishing to submit such a rescission statement shall sign and date the statement

17   and cause it to be delivered to the Claims Administrator no later than 52 days after the Claims

18   Administrator first mails Class Notice.

19        The Claims Administrator shall stamp the date received on the original of any rescission of opt-

20   out statement and serve copies to counsel for FedEx Express and Class Counsel via facsimile and

21   overnight mail no later than two business days after receipt thereof and shall file the date-stamped

22   originals with the Clerk of the Court no later than five business days prior to the date of the Fairness

23   Hearing. The Claims Administrator shall retain copies of all rescissions of opt-out statements until

24   such time as the Claims Administrator is relieved of its duties and responsibilities under this Decree.

25   **C.     Defendant's Right to Rescind Agreement**

26        If the number of individuals who opt out of the Settlement Class in the manner provided in this

27   Order exceeds 50 (not including persons who have, before April 6, 2007, filed and served lawsuits,

28

1   other than the Satchell and Caldwell lawsuits, alleging race or national origin discrimination in

2   compensation, promotion, or discipline that allegedly occurred during the Class Period), then FedEx

3   Express, at its sole option, shall have the right to void the Settlement on the fifth business day after the

4   Court requires individuals to return rescission of class member opt-outs.  If FedEx Express exercises

5   this option, all of FedEx Express's obligations under the Consent Decree shall cease to be of any force

6   and effect, and the Consent Decree and any orders entered in connection therewith shall be vacated,

7   rescinded, canceled, and annulled, and the parties shall return to the status quo in the Civil Action as if

8   the parties had not entered into the Consent Decree.  In addition, in such event, the Consent Decree and

9   all negotiations, court orders, and proceedings relating thereto shall be without prejudice to the rights

10  of any and all parties thereto, and evidence relating to the Consent Decree and all negotiations shall not

11  be admissible or discoverable in the Civil Action or otherwise.

12  **D.    Deadline for Filing Objections to Settlement and [Proposed] Consent Decree**

13          Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the

14  Settlement Agreement or the Settlement must do so in writing, although Class Members objecting to

15  the Settlement may also appear at the Fairness Hearing.  To be considered, any objection to the final

16  approval of the Consent Decree must state the basis for the objection and must be timely filed in

17  writing, along with any other papers the class member wishes the Court to consider, with the Claims

18  Administrator, at the address provided in the Class Notice, via First-Class United States mail, postage

19  prepaid, postmarked no later than no later than 45 days after the date that Class Notice is first mailed

20  by the Claims Administrator.  An objector who wishes to appear at the Fairness Hearing, either in

21  person or through counsel hired by the objector, must state his or her intention to do so at the time the

22  objector submits his/her written objections.  Any member of the class who does not timely file and

23  serve such a written objection shall not be permitted to raise such objection, except for good cause

24  shown, and any member of the class who fails to object in the manner prescribed herein shall be

25  deemed to have waived, and shall be foreclosed from raising, any such objection.

26          The Claims Administrator shall stamp the date received on the original of any objection and

27  send copies of each objection to the Parties by facsimile and overnight delivery not later than two

28

1    business days after receipt thereof.  The Claims Administrator shall also file the date-stamped originals

2    of any objections with the Clerk of Court within three business days after the time for filing objections

3    ends.

4    　　　If objections are filed, Class Counsel or counsel for FedEx Express may engage in discovery

5    concerning the filed objections prior to the Fairness Hearing.

6    **E.    Deadline For Submitting Claims Form**

7    　　　A Class Member who does not opt out will be eligible to receive his or her proportionate share

8    of the settlement benefit.  To receive this share, such a Class Member must properly and timely

9    complete a Claim Form in accordance with the terms of the Consent Decree.  To be effective, the

10   Claim Form must be sent to the Claims Administrator at the address provided in the Class Notice by

11   First Class United States Mail, postage prepaid, postmarked no later than 70 days after the initial

12   mailing of the Class Notice to class members.  Failure to postmark a completed Claim Form by the

13   Claim Filing Deadline shall bar the Settlement Class member from receiving any monetary award

14   pursuant to the proposed Consent Decree.  Settlement Class members who do not file timely and valid

15   Claim Forms shall nonetheless be bound by the judgment and release in this action as set forth in the

16   proposed Consent Decree, unless that Settlement Class member timely opts-out of the Settlement.

17   　　　It shall be the sole responsibility of each member of the Settlement Class who seeks a monetary

18   award to notify the Claims Administrator if the class member changes his or her address.  Failure of a

19   Settlement Class member to keep the Claims Administrator apprised of his or her address may result in

20   the claim being denied or forfeited.

21   **F.    Deadline for Submitting Motion Seeking Final Approval.**

22   　　　No later than 35 days before the Fairness Hearing, Plaintiffs shall file a Motion for Final

23   Approval of the Settlement and Consent Decree.  On or before one week before the Fairness Hearing,

24   the Parties may file with the Court a reply brief responding to any filed objections.

25   **G.    Deadline For Petition for Attorneys Fees**

26   　　　Class Counsel shall file with this Court their petition for an award of attorneys' fees and

　　　　　　　　　　　　　　　　　　　June 22, 2007

27   reimbursement of expenses no later than ~~15 days before the Fairness Hearing~~.  Class Counsel may file

28

1    a reply to any opposition memorandum filed by any objector no later than one week before the

2    Fairness Hearing.

3         **H.**      **Deadline for Petition For Approval Of Service Payments**

4         Class Counsel shall file with this Court their petition for an award of service payments to the

5    nine Class Representatives and to the 18 Declarants no later than 35 days before the Fairness Hearing.

6    Class Counsel may file a reply to any opposition memorandum filed by an objector no later than one

7    week before the Fairness Hearing.

8        **VIII.**    **PLAINTIFFS' AND CLASS MEMBERS' RELEASE**

9         If, at the Fairness Hearing, this Court grants Final Approval to the Settlement and Consent

10    Decree, Named Plaintiffs and each individual Settlement Class Member who does not timely opt out

11    will release claims, as set forth in Section VIII of the Consent Decree, by operation of this Court's

12    entry of the Judgment and Final Approval, regardless of whether he or she submits a Claim Form or

13    receives any share of the Settlement Fund.

14        **IX.**      **APPOINTMENT OF CLAIMS ADMINISTRATOR**

15         Settlement Services, Inc. of Tallahassee, Florida is hereby appointed Claims Administrator to

16    carry out the duties set forth in this Order and the Consent Decree.

17    \\

18    \\

19    \\

20    \\

21    \\

22    \\

23    \\

24    \\

25    \\

26    \\

27    \\

28

## X. DISPOSITION IF SETTLEMENT DOES NOT BECOME FINAL

Should this Court or any reviewing court on direct appeal and/or on writ of *certiorari* to the Supreme Court of the United States from a direct appeal to the U.S. Court of Appeals for the Ninth Circuit refuse to approve this Consent Decree or require modification to this Decree, the Decree (and the stipulated certification of settlement classes) shall be null and void, inadmissible and unusable in any future proceeding and the Decree shall not be considered a binding settlement agreement, unless Plaintiffs and FedEx Express each expressly and voluntarily approve in writing any such required modification by this Court or by the reviewing Court.

IT IS SO ORDERED.

April 13, 2007

Dated:_____

_____
The Honorable Susan Illston
United States District Judge