IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, et al., | No. C 03-2659 SI; C 03-2878 SI |
|     Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES** |
|   v. | |
| FEDEX EXPRESS, | |
|     Defendant. | |

On August 9, 2007, the Court held a hearing on plaintiffs' motion for fees and costs. After consideration of the Consent Decree, plaintiffs' motion and supporting declarations, and the proceedings in this action to date, the Court hereby GRANTS plaintiffs' fee application and awards $12,425,000 in attorneys' fees and $2,575,000 in costs and expenses. (Docket No. 738).

The parties to this class action lawsuit settled the action and entered into a proposed Consent Decree that provides for comprehensive injunctive and monetary relief for the class. The proposed Consent Decree also provides, *inter alia*, for an award of $15 million in attorneys' fees and costs to class counsel. On April 13, 2007, this Court granted preliminary approval to the Consent Decree. The preliminary approval order directed that notice of the Consent Decree, including specific notice about the amount of attorneys' fees and costs sought by class counsel, be provided to the class. The Court set a hearing for August 9, 2007, to determine whether the Court should grant final approval to the Consent Decree, and whether plaintiffs' fee request should be granted. Prior to the August 9, 2007 fairness hearing, class counsel filed a motion in support of their fee and cost request. Plaintiffs' motion was

accompanied by declarations filed *in camera* setting forth detailed time records.[1] No class member objected to the amount of attorneys' fees and costs requested.

The Court finds that the amount requested in attorneys' fees and costs, which defendant has agreed to pay as part of the settlement of this matter, is fair and reasonable under both the "lodestar" and the "common fund" methods. Class counsel's reasonable lodestar amount exceeds the amount plaintiffs request in attorneys' fees. Analyzed under the percentage method, the Court finds that the attorneys' fees sought by plaintiffs are 22.6% of the total monetary recovery, which is under the Ninth Circuit's 25% benchmark in common fund cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). As for costs and expenses, the Court finds that the reasonable costs and expenses actually incurred by class counsel in the prosecution of this case exceeds the amount sought for reimbursement.

Class counsel have informed the Court that they have agreed to an allocation of fees and costs amongst counsel. In accordance with counsel's agreement, the Court hereby orders that the $15 million in fees and costs shall be awarded as follows:

| | |
|---|---|
| Lieff, Cabraser, Heimann & Bernstein | $5,867,852.57 |
| Schneider & Wallace | $3,462,704.53 |
| Michael S. Davis | $2,364,838.92 |
| Waukeen Q. McCoy | $1,070,000.00 |
| Barry Goldstein | $718,980.00 |
| Altshuler Berzon LLP | $708,860.86 |
| John Burris | $448,580.93 |
| Kay McKenzie Parker | $358,182.19 |

FedEx shall withhold $71,008.47 from its payment to class counsel in order to satisfy the lien filed by Angela Alioto & Angela Alioto Professional Law Corporation against Waukeen Q. McCoy and/or the Law Offices of Waukeen Q. McCoy. In making the allocation of the fee and costs award

---

[1] The Law Offices of Waukeen McCoy, one of the firms appointed as class counsel, originally filed a separate application for attorneys' fees and costs but has since notified the Court that it no longer seeks a ruling on that separate application, and instead joins in plaintiffs' application.

between counsel, class counsel shall deduct $71,008.47 from Mr. McCoy's portion.

**IT IS SO ORDERED.**

Dated:   August 14, 2007

SUSAN ILLSTON
United States District Judge