1

2

3

4

5                            IN THE UNITED STATES DISTRICT COURT

6                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    DERRICK SATCHELL, et al.,                    No. C 03-2659 SI; C 03-2878 SI

9                 Plaintiffs,                      **ORDER GRANTING MOTION FOR
                                                  APPROVAL OF SERVICE PAYMENTS**
10        v.

11   FEDEX EXPRESS,

12                Defendant.
     _____/

13

14        On August 9, 2007, the Court held a hearing on plaintiffs' motion for approval of service

15   payments.  After consideration of the papers submitted in support of the motion, the Court finds that the

16   proposed service payments are fair and reasonable, taking into account "'the actions the plaintiff[s]

17   [have] taken to protect the interests of the class, the degree to which the class has benefitted from those

18   actions, . . . [and] the amount of time and effort the plaintiff[s] expended in pursuing this litigation . .

19   .'" *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003) (*quoting Cook v. Niedert*, 142 F.3d 1004, 1016

20   (7th Cir. 1998)).  As detailed in the declarations of Guy Wallace and James Finberg, the class

21   representatives  assisted in responding to discovery, were deposed, contributed to counsel's factual

22   investigation, participated in discussions regarding mediation, and prepared to be trial witnesses.  The

23   declarants also provided significant and valuable assistance to the class in that they were interviewed

24   repeatedly, participated in conference calls and meetings, and were deposed.

25        The Court has considered objections filed by two declarants.  Declarant Brett Hoiland does not

26   specifically object to the amounts of the service payments.  Instead, Mr. Hoiland objects that the class

27   action settlement "greatly dilutes my individual claims," and Mr. Hoiland states that he would have

28   pursued an individual action but for the fact that his individual claims are barred by the statute of

United States District Court
For the Northern District of California

limitations.  At the fairness hearing, Mr. Hoiland (through plaintiffs' counsel) inquired whether the Court could allow Mr. Hoiland's individual claims to proceed despite the fact that those claims would be untimely.  The Court explained that if individual claims are not filed within the statute of limitations, those claims are lost.  Mr. Hoiland also objects that class members will receive monetary settlements even though those individuals did not actively participate in the case.  At the fairness hearing, the Court explained  that class actions are intentionally structured to allow class representatives to bring a case on behalf of a large number of people without requiring the active involvement of class members.

Declarant Rosalinda Olmos also filed an objection.  Ms. Olmos does not challenge the amount of the declarant service award, but rather contends that she should be treated like a class representative because she was originally a named plaintiff in this action.[1]  At the fairness hearing, plaintiffs' counsel recognized Ms. Olmos' contributions to this case, and the Court commends Ms. Olmos for her significant service.   However, the Court finds that because Ms. Olmos did not act as a class representative for much of the litigation, it is appropriate that she receive a declarant service award.

Accordingly, the Court GRANTS plaintiffs' motion for approval of the service awards.  (Docket No. 757).  The Claims Administrator shall distribute the following amounts pursuant to the Consent Decree:

(1)     $30,000 each to Derrick Satchell, Kalini Boykin, Valerie Brown, Rick Gonzales, Cynthia Guerrero, Rachel Hutchins, Tyrone Merrit, Kelvin Smith Sr., and Ken Stevenson.

(2)     $5,000 each to Sheila Akins, Virgil Banks, Yolanda Canela, Bonta Clarke, Eric Foreman, Maurice Griffin, Janet Haynes, Eric Hill, Brett Hoiland, Ingrid James, Zeno Latin, Venturi McCray Sr., Mitchell McCoy, Rose Moncrief, Antonio Norris, Rosalinda Olmos, Beverly Patterson, and Mimi Steel.

These amounts are separate and apart from any other recovery to which these individuals might be

---

[1]  Ms. Olmos was listed as a named plaintiff in the first amended complaint filed in June 2003, but did not appear as a named plaintiff in the consolidated amended complaint filed in November 2003.

2

1    entitled under other provisions of the Consent Decree.

2

3        **IT IS SO ORDERED.**

4

5    Dated:   August 14, 2007

6                                               SUSAN ILLSTON
                                                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28