IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX EXPRESS, <br><br> Defendant. | No. C 03-2659 SI; C 03-2878 SI <br><br> **ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND CONSENT DECREE; CONFIRMING FINAL CERTIFICATION OF CLASSES** |

On August 9, 2007, the Court held a final fairness hearing to determine whether the Consent Decree should be given final approval. On April 13, 2007, the Court granted preliminary approval to the Consent Decree, and directed that notice of the settlement terms be provided to the class. After consideration of the Consent Decree, the papers submitted in support of final approval, the response of the class to the settlement, and the proceedings in this action to date, the Court hereby GRANTS the motion for final approval (Docket No. 751) and orders as follows:

1.   Except as otherwise specified in this order, the Court adopts all defined terms set forth in the Consent Decree, attached as Exhibit 1 to the April 13, 2007 order granting preliminary approval;

2.   The Court confirms as final its conditional certification of the injunctive relief-classes and the monetary-relief Settlement Class, as defined in the Consent Decree and in Section III of the April 13, 2007 order, for purposes of settlement and based on the findings in Section III of the April 13, 2007 order and the absence of any objections from any class members to such certification.

3.   The Court confirms as final the appointment of Derrick Satchell, Kalini Boykin, Valerie Brown, Rick Gonzales, Cynthia Guerrero, Rachel Hutchins, Tyrone Merritt, Kelvin Smith Sr., and Ken

Stevenson as class representatives as stated in Section IV of the April 13, 2007 order.

4. The Court confirms as final the appointment of the following as Class Counsel: Altshuler Berzon LLP; Lieff, Cabraser, Heimann & Bernstein, LLP; Schneider & Wallace; Law Office of John Burris; Law Offices of Michael S. Davis; Law Offices of Kay McKenzie Parker; Law Offices of Waukeen Q. McCoy; and Barry Goldstein, of counsel to Goldstein, Demchak, Baller, Borden and Dardarian.

5. The Class Notice and Claim Form given to class members, pursuant to the Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

6. Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval to the Consent Decree and the settlement set forth therein. The Court finds that the Consent Decree and settlement are fair, reasonable and adequate in all respects. The Court specifically finds that the settlement is rationally related to the strength of plaintiffs' and class members' claims given the risk, expense, complexity and duration of further litigation. This Court also finds that the parties engaged in thorough factual and legal investigation, and that the Consent Decree is the result of arms-length negotiations between experienced counsel representing the interests of the parties. *See Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

7. The Court further finds that the response of the class to the settlement supports final approval. The deadline for postmarking claim forms was August 1, 2007, and of the 23,970 class members who received mailed notice, 10,582 submitted claim forms as of July 27, 2007. Only four class members submitted objections, and one of those, submitted by Maurice A. Smith, was untimely. The Court has reviewed and considered the objections submitted by Brett Hoiland, LaKeysha Dorsey, Rosalinda Olmos, and Maurice A. Smith, and finds that they do not raise concerns that warrant rejecting the settlement. The Court hereby incorporates its discussion of the objections submitted by class members Hoiland and Olmos, as set forth in the Order Granting Plaintiffs' Motion for Approval of Service Payments. Ms. Dorsey's objection states that she believes that the "monetary relief being

provided is not commensurate with the loss," and that she will "present new evidence through a lawyer at the final fairness hearing." Neither Ms. Dorsey nor anyone acting on her behalf appeared at the August 9, 2007 hearing. Mr. Smith also appears to object to the monetary relief, and his papers state that he "will settle for $1,140,000.00." The Court finds that these objections are not well-founded, and that the monetary relief provided to the class is considerable. The Court also finds that the mechanisms and procedures set forth in the Consent Decree by which payments are to be calculated and made to class members who have filed timely claims are fair, reasonable, and adequate. The Court also notes that Ms. Dorsey and Mr. Smith were free to exclude themselves from the monetary portion of the settlement and pursue their claims independently; neither chose to exercise that option.

8. The Court approves the parties' agreement to permit Herman Savage and Michelle Swallow to rescind their requests for exclusion, even though their rescission requests were submitted after the deadline for rescissions set forth in the Court's April 13, 2007 order.

9. The Court approves the parties' agreement to treat the requests for exclusion submitted by Nicholas Benavente, Eloisa Blandon, Hector Garcia, and Richard Zapata as effective, even though the requests did not use the precise language required by the Court's April 13, 2007 order.

10. By operation of the entry of this Order and the Final Judgment, all released claims are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the Consent Decree, as to all monetary-relief Settlement Class members other than those listed in Exhibit A to the Final Judgment. The Court has reviewed the release provision in the Consent Decree, and the Court finds the releases to be fair, reasonable, and enforceable under applicable law. All claims released pursuant to the Consent Decree are dismissed with prejudice as to all class members other than those listed in Exhibit A to the Final Judgment.

11. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation and enforcement of the Consent Decree.

**IT IS SO ORDERED.**

Dated: August 14, 2007

_____
SUSAN ILLSTON
United States District Judge

3