IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, *et al.*, | No. C 03-2659 SI; No. C 03-2878 SI |
| Plaintiffs, | **ORDER GRANTING MOTION FOR PLAINTIFFS' COUNSEL'S REASONABLE ATTORNEYS' FEES REGARDING MOTION FOR DECLARATORY RELIEF** |
| v. | |
| FEDEX EXPRESS, | |
| Defendant. | |

Plaintiffs' counsel have filed a motion for attorneys' fees regarding the motion for declaratory relief. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument.

Plaintiffs' counsel seeks an award of reasonable fees and costs in connection with the Court's April 2, 2008 Order Granting Plaintiffs' Motion for Declaratory Relief.[1] In that order, the Court granted the motion filed by the Schneider Wallace firm on behalf of the class representatives, and held that the class representatives were entitled to keep all of their individual settlement awards, and that Waukeen McCoy was not entitled to his demanded additional attorneys' fees. Plaintiffs' counsel (primarily the Schneider Wallace firm) now seeks from Mr. McCoy a total of $46,605.87 in fees and costs incurred in bringing and winning that motion.[2] Plaintiffs' counsel seek their fees and costs pursuant to the attorneys' Co-Counsel Agreement, which provides "The prevailing party in any dispute arising out of this agreement shall be entitled to reasonable fees and costs incurred in the proceeding." McCoy Decl.

---

[1] The Court incorporates that order by reference.

[2] The total sought reflects a 20% deduction in the exercise of billing judgment, as well as other discrete deductions.

Ex. B ¶ 14. Plaintiffs' counsel argue that the motion for declaratory relief was a "dispute arising out of [the Co-Counsel] agreement" because Mr. McCoy's demand for attorneys' fees from the class representatives in addition to the $1,070,000 that he had been awarded in connection with the class settlement implicated Paragraph 9 of the Co-Counsel Agreement: "The fee agreements with the proposed class representatives will make clear that if the case is certified as a Class and the Class prevails, Class Counsel will apply to the court for a reasonable fee, and that the proposed class representatives will not have to pay fees beyond the fees awarded by the court." *Id*. ¶ 9.

Mr. McCoy objects to the motion for attorneys' fees on several grounds. First, Mr. McCoy characterizes the motion for declaratory relief as one brought by Schneider Wallace, not a motion brought on behalf of the class representatives. As a corollary to this argument, Mr. McCoy contends that the class representatives are neither parties to nor third party beneficiaries of the Co-Counsel Agreement. Mr. McCoy then argues that because Schneider Wallace "litigated *in propia persona*" the firm is not entitled to recover fees and costs associated with the declaratory relief motion.

The Court finds this contention lacks merit because the class representatives are third party beneficiaries of the Co-Counsel Agreement.  "A third party may qualify as a beneficiary under a contract where the contracting parties must have intended to benefit that individual and such intent appears on the terms of the agreement." *Harper v. Wausau Ins. Co.*, 56 Cal. App. 4th 1079, 1087 (1997). Paragraph 9 of the Co-Counsel Agreement was intended to benefit the class representatives because it states that "the proposed class representatives will not have to pay fees beyond the fees awarded by the court." McCoy Decl. Ex. B ¶ 9. Further, the motion for declaratory relief was brought at the request of the class representatives,[3] and in that motion plaintiffs sought a declaration that under both the Co-Counsel Agreement and the Attorney Retainer Agreement, Mr. McCoy was not entitled to seek any further attorneys' fees from the class representatives. Although Mr. McCoy and the rest of plaintiffs' counsel disagreed about whether Mr. McCoy was entitled to seek additional fees, the true legal dispute was between Mr. McCoy and the class representatives. Because the declaratory relief motion was filed on behalf of the class representatives, the cases and statutes cited by Mr. McCoy for

---

[3] The class representatives filed declarations in support of the motion for declaratory relief. (Docket Nos. 819-26).

the proposition that a lawyer acting *in pro per* is not entitled to fees are inapplicable.

Second, Mr. McCoy contends that even if the dispute leading to the motion for declaratory relief arose from the Co-Counsel Agreement, Schneider Wallace cannot obtain fees unrelated to an arbitration proceeding. Mr. McCoy relies on Paragraph 13 of the Co-Counsel Agreement, which states:

> 13. <u>Mediation Arbitration</u>
>
> If a dispute arises between Co-Counsel, or any of them, arising under this Agreement or relating to its application to the payment or recovery of costs, expenses, or attorneys' fees by or to Co-Counsel hereunder, the parties will first meet and confer to attempt to resolve the dispute, and, if the dispute is not resolved by meeting and conferring, submit the dispute to confidential mediation using a mediator from the Northern California office of J.A.M.S. If the dispute is not resolved through mediation, Co-Counsel will resolve the dispute through confidential arbitration before an arbitrator from J.A.M.S. office mutually agreed to by the parties. If the parties have not agreed on an arbitrator within two weeks of the notice of the arbitration, each side shall select a party arbitrator from the J.A.M.S. office of Northern California, and the two party arbitrators shall select a neutral third arbitrator.

*Id.* ¶ 13. Mr. McCoy argues that because plaintiffs' counsel filed the motion for declaratory relief rather than submit the matter to arbitration, plaintiffs' counsel is precluded from seeking fees under the Co-Counsel Agreement. Plaintiffs' counsel responds that Mr. McCoy waived his right to arbitration by never raising arbitration in connection with the motion for declaratory relief. Plaintiffs' counsel also argues that the Co-Counsel Agreement does not limit the right to fees and costs to those arising out of arbitration, but instead broadly provides that "[t]he prevailing party in any dispute arising out of this agreement shall be entitled to reasonable fees and costs incurred in the proceeding." *Id.* ¶ 14.

The Court agrees that Mr. McCoy waived any right he had to arbitrate the matters presented by the motion for declaratory relief. Mr. McCoy contends he did not waive these rights because, in opposing the motion for declaratory relief, Mr. McCoy argued that the Court lacked jurisdiction to decide the motion. However, in those oppositions Mr. McCoy argued that the matter belonged in state court, and Mr. McCoy never asserted that the matter was subject to arbitration under the Co-Counsel Agreement.[4] The Court does not interpret the Co-Counsel Agreement to limit recovery of fees and costs only to those incurred in an arbitration proceeding.

---

[4] Mr. McCoy appealed the Court's order granting plaintiffs' motion for declaratory relief. In his opposition, Mr. McCoy states that on appeal he will request that the matter be remanded to this Court to determine whether the dispute is arbitrable. In the event the Ninth Circuit remands the matter to this Court, the Court will proceed in accordance with the Ninth Circuit's guidance.

Accordingly, because the Court concludes that the motion for declaratory relief was a "dispute arising out of [the Co-Counsel Agreement]," plaintiffs' counsel is entitled to their reasonable fees and costs associated with that motion. The Court finds that counsel's fees and costs are documented and reasonable, and notes that Mr. McCoy has not raised any objection to the rates sought or hours expended.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for attorneys' fees regarding the motion for declaratory relief, and ORDERS Mr. McCoy to pay $46,605.87 to Schneider Wallace Cottrell Brayton Konecky LLP. (Docket No. 870). **Unless the parties agree otherwise is writing, this payment shall be made no later than January 23, 2009.**

**IT IS SO ORDERED.**

Dated: December 29, 2008

SUSAN ILLSTON
United States District Judge