IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL, *et al.*, | No. C 03-2659 SI; No. C 03-2878 SI |
| Plaintiffs, | **ORDER DENYING MR. McCOY'S MOTION FOR RECONSIDERATION** |
| v. | |
| FEDEX EXPRESS, | |
| Defendant. | |

Mr. McCoy filed a motion for reconsideration of this Court's Order Granting Motion for Plaintiffs' Counsel's Reasonable Attorneys' Fees Regarding Motion for Declaratory Relief. In that order, the Court held that plaintiffs' counsel (primarily the Schneider Wallace firm) were entitled to $46,605.87 in fees and costs from Mr. McCoy pursuant to the terms of the attorneys' Co-Counsel Agreement. The fees and costs at issue were incurred when the Schneider Wallace firm brought and won a motion for declaratory relief on behalf of the class representatives; the order granting declaratory relief held that under the terms of the Attorney Representation Agreement and the Co-Counsel Agreement, the class representatives were entitled to keep all of their individual settlement awards, and did not have to pay Mr. McCoy the additional $1,000,000 in attorneys' fees that he was demanding (above the $1,070,000 he had already been awarded by this Court pursuant to the class action settlement). *See* Docket No. 846.[1]

The Court concludes that none of the asserted grounds for reconsideration has merit. As an initial matter, the Court finds that Mr. McCoy's version of the facts surrounding the settlement

---

[1] The Court incorporates that order by reference.

negotiations and ultimate settlements of the named plaintiff's individual claims is not supported by the record and has previously been rejected by this Court. Mr. McCoy's motion asserts five specific grounds for reconsideration. First, Mr. McCoy contends that Paragraph $9^2$ of the Co-Counsel Agreement – which the Court held precluded Mr. McCoy from seeking additional fees from the named plaintiffs beyond the fees awarded by the Court – also bars the Schneider Wallace firm from seeking "additional" fees in connection with the motion for declaratory relief. Contrary to Mr. McCoy's arguments, there is nothing inconsistent about holding that Paragraph 9 of the Co-Counsel Agreement precluded him from seeking additional fees from the class representatives beyond the fees awarded by the Court, and also holding that Mr. McCoy is liable for fees under Paragraph 14 of the Co-Counsel Agreement, which states that the "prevailing party in any dispute arising out of this agreement shall be entitled to reasonable fees anc costs incurred in the proceeding."

Second, Mr. McCoy argues that the Court "overlook[ed] the fact that Wallace stated that the named plaintiffs did not incur any attorney's fees." Motion for reconsideration at 6:13. Mr. McCoy cites language from the motion for attorneys' fees in which the Schneider Wallace firm stated that, *inter alia*, "Plaintiffs' counsel were forced to bring a Motion for Declaratory Relief," and "Plaintiffs' counsel are now entitled to the fees and costs they have incurred . . . ." Mr. McCoy previously raised this argument, contending that the Schneider Wallace firm was actually representing itself, and not the plaintiffs, and thus that the firm was not entitled to fees. The Court rejected that argument, holding that "the true legal dispute is between Mr. McCoy and the class representatives" because Mr. McCoy was seeking and that "the declaratory relief motion for was filed on behalf of the class representatives[.]" Order at 2:24-26. The class representatives filed declarations in support of the motion for declaratory relief, Docket Nos. 819-26, and those declarations make clear that there was an actual legal dispute between Mr. McCoy and the named plaintiffs as to their representation and Mr. McCoy's demand for attorneys' fees.

Third, and relatedly, Mr. McCoy argues that the Court violated his due process rights by granting

---

[2] Paragraph 9 of the Co-Counsel agreement states: "The fee agreements with the proposed class representatives will make clear that if the case is certified as a Class and the Class prevails, Class Counsel will apply to the court for a reasonable fee, and that the proposed class representatives will not have to pay fees beyond the fees awarded by the court."

fees to the named plaintiffs as third-party beneficiaries when "the argument was deemed waived because it was not raised in Wallace's opening brief." Motion for reconsideration at 7:10-11. Mr. McCoy argues that the Court violated his due process rights by basing its order on an argument first raised by the Schneider Wallace firm in its reply brief on the attorneys' fees motion. However, the argument at issue – whether the Schneider Wallace firm were acting *in pro per* with regard to the fee motion or whether the plaintiffs were the third party beneficiaries of the Co-Counsel Agreement – was raised by Mr. McCoy in his opposition to the attorneys' fees motion, and Mr. McCoy addressed that issue at length.[3] The Court did not "violate Mr. McCoy's due process rights," as he had the opportunity to address the issue. Further, for the reasons set forth in the order granting attorneys' fees, the Court finds that the named plaintiffs are third-party beneficiaries of the Co-Counsel Agreement.

Fourth, Mr. McCoy asserts that "the Court violat[ed] Mr. McCoy's due process rights by granting fees, without oral argument, based on arguments raised for the first time in Wallace's Reply Brief without [sic]." Motion for reconsideration at 9:1-2. However, neither Mr. McCoy's motion for reconsideration nor his reply identifies any specific examples – aside from the argument discussed in issue 3 – of arguments that the Court considered that were supposedly raised for the first time in Schneider Wallace's reply brief. Indeed, the Court allowed Mr. McCoy to file the instant motion for reconsideration largely based on this assertion, for if in fact the Court had granted the attorneys' fees motion on grounds first raised in the reply, the Court wanted to provide Mr. McCoy with the opportunity to address those issues. Mr. McCoy's failure to articulate any specific arguments belies his assertion that the Court improperly based its order on contentions first raised in the fee reply.

Finally, Mr. McCoy claims that "the Court err[ed] in ruling that Mr. McCoy did not contest the reasonableness of Wallace's fee petition." Motion for reconsideration at 9:13-14. In so arguing, Mr. McCoy mischaracterizes what the Court actually held. In the fee order, the Court found that "counsel's

---

[3] Indeed, as the Court's order stated, "Mr. McCoy objects to the motion for attorneys' fees on several grounds. First, Mr. McCoy characterizes the motion for declaratory relief as one brought by Schneider Wallace, not a motion brought on behalf of the class representatives. As a corollary to this argument, Mr. McCoy contends that the class representatives are neither parties to nor third party beneficiaries of the Co-Counsel Agreement. Mr. McCoy then argues that because Schneider Wallace 'litigated *in propia persona*' the firm is not entitled to recover fees and costs associated with the declaratory relief motion." Order at 2:8-13.

3

fees and costs are documented and reasonable, and notes that Mr. McCoy has not raised any objection to the rates sought or hours expended." Order at 4:3-5. This statement was and remains true: Mr. McCoy did not raise any specific objection to the hourly rates sought or to the hours claimed by Schneider Wallace. Instead, Mr. McCoy's motion for reconsideration plays a semantic game by asserting that Mr. McCoy had in fact contested the reasonableness of the rates and hours sought because Mr. McCoy contested the fee motion and argued that fees should be denied because the contract contained an arbitration provision. The Court rejected Mr. McCoy's argument about arbitration, finding that Mr. McCoy waived any right he had to arbitrate the matters presented by the motion for declaratory relief. *See* Order at 3:2-25. Contesting a fee motion on the ground that the matter should be arbitrated is not tantamount to contesting the reasonableness of the rates sought and hours claimed in a fee petition.

For the foregoing reasons, the Court DENIES Mr. McCoy's motion for reconsideration. Docket No. 891.

**IT IS SO ORDERED.**

Dated: January 13, 2010

SUSAN ILLSTON
United States District Judge

4